# Supreme Court of Florida

_____

No. SC20-162

_____

**IN RE: AMENDMENTS TO THE FLORIDA FAMILY LAW RULES OF PROCEDURE—2020 REGULAR-CYCLE REPORT.**

November 12, 2020

PER CURIAM.

We have for consideration the regular-cycle report of The Florida Bar's

Family Law Rules Committee (Committee) proposing amendments to the Florida

Family Law Rules of Procedure (Rules). *See* Fla. R. Jud. Admin. 2.140(b).[1] We

have jurisdiction. *See* art. V, § 2(a), Fla. Const.

## BACKGROUND

The Committee proposes amendments to rules 12.060 (Transfers of

Actions), 12.070 (Process), 12.285 (Mandatory Disclosure), 12.350 (Production of

Documents and Things and Entry on Land for Inspection and Other Purposes),

---

1. The Committee filed its report prior to the effective date of the amendments adopted in *In re Amendments to Florida Rule of Judicial Administration 2.140*, 289 So. 3d 1264 (Fla. 2020), which "[did] away with the set schedule for rules committee reports." *Id.* at 1264.

12.410 (Subpoena), 12.491 (Child Support Enforcement), and forms 12.900(b) (Notice of Limited Appearance), 12.900(c) (Consent to Limited Appearance by Attorney), 12.900(d) (Termination of Limited Appearance), 12.900(e) (Acknowledgement of Assistance by Attorney), 12.900(g) (Agreement Limiting Representation), 12.902(b) (Family Law Financial Affidavit (Short Form)), 12.902(c) (Family Law Financial Affidavit (Long Form)), 12.902(e) (Child Support Guidelines Worksheet), 12.902(f)(3) (Marital Settlement Agreement for Simplified Dissolution of Marriage), 12.910(a) (Summons: Personal Service on an Individual), 12.913(b) (Affidavit of Diligent Search and Inquiry), 12.913(c) (Affidavit of Diligent Search), 12.921 (Notice of Hearing (Child Support Enforcement Hearing Officer)), 12.928 (Cover Sheet for Family Court Cases), 12.930(a) (Notice of Service of Standard Family Law Interrogatories), 12.930(b) (Standard Family Law Interrogatories for Original or Enforcement Proceedings), 12.930(c) (Standard Family Law Interrogatories for Modification Proceedings), 12.932 (Certificate of Compliance with Mandatory Disclosure), 12.984(b) (Response by Parenting Coordinator), 12.984(c) (Parenting Coordinator Report of an Emergency), 12.996(b) (Notice to Payor), and 12.996(c) (Notice of Filing Return Receipt).  The Committee also proposes new forms 12.975(a) (Petition for Grandparent Visitation with Minor Child(ren)) and 12.975(b) (Order on

- 2 -

Grandparent's Petition for Visitation with Minor Child(ren)).  The Board of Governors of The Florida Bar unanimously approved the proposals.

The Committee published the proposals for comment before filing them with the Court and received two comments.  In response to one of the comments, the Committee revised several of the proposed rule and form amendments.  After the Committee filed its report, the Court published the proposals for comment.  The Court received one comment.

Upon consideration of the Committee's report and the comments, we adopt the amendments to the Florida Family Law Rules of Procedure as proposed, with minor modifications.  We discuss the more significant amendments below.

**AMENDMENTS**

First, we amend rule 12.060 (Transfers of Actions) to harmonize it with Florida Rule of Civil Procedure 1.060 (Transfers of Actions) by making dismissal of an action mandatory if the service fee is not paid within thirty days of commencing the action.

Next, we amend subdivisions (b)(1)(A) and (b)(1)(B) of rule 12.285 (Mandatory Disclosure) to clarify the service requirements and provide greater specificity as to when required documents must be served on the other party.  Also, we make several amendments throughout subdivisions (d) (Disclosure Requirements for Temporary Financial Relief) and (e) (Parties' Disclosure

Requirements for Initial or Supplemental Proceedings) of rule 12.285 that increase the time period for which various documents must be produced, provide greater specification as to what documents should be produced, and expand the types of documents that should be produced. In addition to providing a better understanding of the parties' financial situations, these amendments will increase fairness and disclosure. For example, subdivision (d)(2) will now require that three years of tax returns be produced, and subdivisions (d)(4) and (e)(4) will require six months of pay stubs. Additionally, credit reports and any other form of financial disclosure are added to the types of documents that must be produced under subdivision (e)(6). Also, new subdivision (e)(11) is added to require disclosure of virtual currency transactions or holdings, and the remainder of subdivision (e) is renumbered accordingly.

Also, we amend rule 12.491 (Child Support Enforcement) by adding new subdivisions (e)(1)(A), which provides the required language that must be included in notices and orders regarding the procedure for a motion to vacate, and (e)(1)(B), which requires that notices and orders state whether electronic recording or court reporting is provided by the court or whether the court reporter would be at a party's expense. Additionally, a sentence is added to subdivision (f) that requires a recommended order to include the name and address of the court reporter, if

- 4 -

present, as well as information on how a litigant can obtain a recording of the hearing.

Next, we add new sections regarding e-filing and e-service election, which have previously been added to the Florida Supreme Court Approved Forms,[2] to all of the instructions in the forms listed above, with the exception of form 12.900(g) (Agreement Limiting Representation), as it does not get filed with the court.

Additionally, at the Committee's recommendation to increase self-represented litigants' access to the courts, we delete the notary block from forms 12.902(b) (Family Law Financial Affidavit (Short Form)), 12.902(c) (Family Law Financial Affidavit (Long Form)), 12.913(b) (Affidavit of Diligent Search and Inquiry), 12.913(c) (Affidavit of Diligent Search), 12.930(b) (Standard Family Law Interrogatories for Original or Enforcement Proceedings), 12.930(c) (Standard Family Law Interrogatories for Modification Proceedings), and 12.932 (Certificate of Compliance with Mandatory Disclosure).

Also, we amend the forms by replacing "Husband" and "Wife" with "Petitioner" and "Respondent," making the forms gender-neutral.

Next, we amend form 12.921 (Notice of Hearing (Child Support Enforcement Hearing Officer)) by adding language from *Turner v. Rogers*, 564

---

2. *See In re Amends. to Fla. Supreme Court Approved Family Law Forms*, 173 So. 3d 19 (Fla. 2015).

U.S. 431 (2011), explaining that the obligor's ability to pay is a critical issue in contempt proceedings and that the court must make an express finding that the obligor has the ability to pay child support. Additionally, a new paragraph is added to the form regarding the process to address a motion to vacate so that this form is consistent with forms 12.920(b) and (c), which are used for a referral to or a hearing before a general magistrate. However, for additional consistency with those forms, as well as with rule 12.491(e)(1)(A) (Child Support Enforcement; General Powers and Duties), we add the phrase "if necessary" to the last sentence of the new paragraph so that the sentence reads: "The person seeking review must have the transcript prepared if necessary for the Court's review." Lastly, we modify the reference to form "12.901(b) (Short Form)" in form 12.921 to read "12.902(b) (Short Form)", as the Short Form Family Law Financial Affidavit is form 12.902(b).

Further, we amend form 12.932 (Certificate of Compliance with Mandatory Disclosure). First, in the instructions to the form, "dissolution of marriage case" is replaced with "family matter" to clarify that mandatory disclosure is required in all family law proceedings rather than only in dissolution of marriage cases. Additionally, many subdivisions are amended throughout the form for consistency with the amendments to rule 12.285 (Mandatory Disclosure) and to increase fairness and disclosure. For example, paragraphs 1.c. and 2.c. will now require

disclosure of six months of paystubs or other evidence of earned income. New paragraph 2.j. also is added to require the disclosure of virtual currency holdings.

Finally, we adopt new forms 12.975(a) (Petition for Grandparent Visitation with Minor Child(ren)) and 12.975(b) (Order on Grandparent's Petition for Visitation with Minor Child(ren)), with minor technical changes. The Committee proposed the new forms in response to chapter 2015-134, section 3, Laws of Florida, which created section 752.011, Florida Statutes (2019), and established the limited circumstances under which grandparents can petition for visitation rights with their minor grandchildren. Form 12.975(a) is to be used when a grandparent files for visitation rights as provided in section 752.011, Florida Statutes (2019), and form 12.975(b) is a form order to be provided to the court at the hearing on the petition.

## CONCLUSION

Accordingly, the Florida Family Law Rules of Procedure are amended as set forth in the appendix to this opinion. New language is indicated by underscoring, and deletions are indicated by struck-through type. The forms are fully engrossed and ready for use. The forms may also be accessed and downloaded from the Florida Courts website at https://www.flcourts.org/Resources-Services/Court-Improvement/Family-Courts/Family-Law-Forms. By adoption of the new and amended forms, we express no opinion as to their correctness or applicability. The

amended rules and the amended and new forms shall become effective January 1, 2021, at 12:01 a.m.

It is so ordered.

CANADY, C.J., and POLSTON, LABARGA, LAWSON, MUÑIZ, COURIEL, and GROSSHANS, JJ., concur.

THE FILING OF A MOTION FOR REHEARING SHALL NOT ALTER THE EFFECTIVE DATE OF THESE AMENDMENTS.

Original Proceeding – Florida Family Law Rules of Procedure

Cory Aaron Brandfon, Chair, and Hon. Mary Lou Cuellar-Stilo, Past Chair, Family Law Rules Committee, Tampa, Florida; and Joshua E. Doyle, Executive Director, and Mikalla Andies Davis, Bar Liaison, The Florida Bar, Tallahassee, Florida,

for Petitioner

Joan K. Koch, Chief Counsel, Child Support Program, Florida Department of Revenue, Tallahassee, Florida,

Responding with comments

**APPENDIX**

**RULE 12.060.     TRANSFERS OF ACTIONS**

**(a) – (b)     [No Change]**

**(c)     Method.** The service charge of the clerk of the court to which an action is transferred under this rule must be paid by the party who commenced the action within 30 days from the date the order of transfer is entered, subject to taxation as provided by law when the action is determined. If the service charge is not paid within the 30 days, the action ~~may~~<u>must</u> be dismissed without prejudice by the court that entered the order of transfer.

**RULE 12.070.     PROCESS**

**(a) – (d)     [No Change]**

**(e)     Constructive Service.**

(1)     [No Change]

(2)     For constructive service of process in any case or proceeding involving parental responsibility, custody, or time-sharing with a minor child, the petitioner must file an affidavit of diligent search and inquiry that conforms with Florida Family Law Rules of Procedure Form 12.913(~~e~~<u>b</u>). If the responding party cannot be located, the party must be served with process by publication in the manner provided by chapter 49, Florida Statutes. The clerk of the circuit court must mail a copy of the notice to the party's last known address.

(3)     [No Change]

**(f) – *(l)*     [No Change]**

**RULE 12.285.     MANDATORY DISCLOSURE**

**(a)     [No Change]**

**(b)     Time for Production of Documents.**

**(1)     Temporary Financial Relief Hearings.** Any document required under this rule in any temporary financial relief proceeding<u>, whether an</u>

initial proceeding or supplemental proceeding, must be served on the other party for inspection and copying as follows.

      (A)    ~~The~~Any party seeking relief must serve the required documents on the other party ~~with the notice of~~at least ten days prior to the temporary financial hearing, unless the documents have already been served under subdivision (b)(2).

      (B)    The responding party, if not otherwise seeking relief, must serve the required documents on the party seeking relief ~~on or before 5:00 p.m., 2 business days before the day of the temporary financial relief hearing if served by delivery or 7 days before the day of the temporary financial relief hearing if served by mail or e-mail, unless the documents have been received previously by the party seeking relief under subdivision (b)(2). A responding party must be given no less than 12 days to serve the documents required under this rule, unless otherwise ordered by the court. If the 45-day period for exchange of documents provided for in subdivision (b)(2) will occur before the expiration of the 12 days, the provisions of subdivision (b)(2) control~~at least five days prior to the temporary financial hearing, unless the documents have already been served under subdivision (b)(2) of this rule.

      **(2)**    **[No Change]**

    **(c)**    **[No Change]**

    **(d)**    **Disclosure Requirements for Temporary Financial Relief.** In any proceeding for temporary financial relief heard within 45 days of the service of the initial pleading or within any extension of the time for complying with mandatory disclosure granted by the court or agreed to by the parties, the following documents must be served on the other party:

      (1)    [No Change]

      (2)    All complete federal and state personal income tax returns, gift tax returns, and ~~intangible personal property~~foreign tax returns filed by the party or on the party's behalf for the past 3 years, including all attachments, including Forms W-2, 1099, K-1, and all accompanying schedules and worksheets comprising the entire tax return. A party may file a transcript of the tax return as provided by Internal Revenue Service Form 4506 T in lieu of his or her individual federal income tax return for purposes of a temporary hearing.

(3)    IRS forms W-2, 1099, and K-1 for the past year, if the income tax return for that year has not been prepared. If income tax returns have not been filed for any of the prior 2 years beyond the past year, then IRS forms W-2, 1099, and K-1 for those prior 2 years as well.

(4)    Pay stubs or other evidence of earned income for the 36 months before service of the financial affidavitcompliance with these disclosure requirements for temporary financial relief.

**(e)    Parties' Disclosure Requirements for Initial or Supplemental Proceedings.** A party must serve the following documents in any proceeding for an initial or supplemental request for permanent financial relief, including, but not limited to, a request for child support, alimony, equitable distribution of assets or debts, or attorneys' fees, suit money, or costs:

(1)    A financial affidavit in substantial conformity with Florida Family Law Rules of Procedure Form 12.902(b) if the party's gross annual income is less than $50,000, or Florida Family Law Rules of Procedure Form 12.902(c) if the party's gross annual income is equal to or more than $50,000, which requirement cannot be waived by the parties. The financial affidavits must also be filed with the court. A party may request, by using the Standard Family Law Interrogatories, or the court on its own motion may order, a party whose gross annual income is less than $50,000 to complete Florida Family Law Rules of Procedure Form 12.902(c). All documents supporting the income, assets, and liabilities figures entered into the financial affidavit must also be produced.

(2)    All complete federal and state personal income tax returns, gift tax returns, and intangible personal propertyforeign tax returns filed by the party or on the party's behalf for the past 3 years, including all attachments, including Forms W-2, 1099, K-1, and all accompany schedules and worksheets comprising the entire tax return. A party may file a transcript of the tax return as provided by Internal Revenue Service Form 4506T in lieu of his or her individual federal income tax return for purposes of a temporary hearing.

(3)    IRS forms W-2, 1099, and K-1 for the past year, if the income tax return for that year has not been prepared. If income tax returns have not been filed for any of the prior 2 years beyond the past year, then IRS forms W-2, 1099, and K-1 for those prior 2 years as well.

(4)    Pay stubs or other evidence of earned income for the ~~3~~6 months before ~~service of the financial affidavit~~compliance with these disclosure requirements for initial or supplemental proceedings.

(5)    A statement by the producing party identifying the amount and source of all income received from any source during the ~~3~~6 months preceding the ~~service of the financial affidavit required by this rule~~compliance with these disclosure requirements for initial or supplemental proceedings if not reflected on the pay stubs produced.

(6)    All loan applications, ~~and~~ financial statements, credit reports, or any other form of financial disclosure, including financial aid forms, prepared or used within the ~~12~~24 months preceding ~~service of that party's financial affidavit required by this rule~~compliance with these disclosure requirements for initial or supplemental proceedings, whether for the purpose of obtaining or attempting to obtain credit or for any other purpose.

(7)    All deeds ~~within~~evidencing any ownership interest in property held at any time during the last 3 years, all promissory notes or other documents evidencing money owed to either party at any time within the last ~~12~~24 months, and all ~~present~~ leases, ~~in which the party owns or owned an interest,~~ whether held in the party's name individually, in the party's name jointly with any other person or entity, in the party's name as trustee or guardian for ~~any other person~~a party or a minor or adult dependent child of both parties, or in someone else's name on the party's behalf wherein either the party:

(A)    is receiving or has received payments at any time within the last 3 years for leased real or personal property, or

(B)    owns or owned an interest.

(8)    All periodic statements from the last ~~3~~12 months for all checking accounts, and ~~from the last 12 months~~ for all other accounts (for example, savings accounts, money market funds, certificates of deposit, etc.), regardless of whether or not the account has been closed, including those held in the party's name individually, in the party's name jointly with any other person or entity, in the party's name as trustee or guardian for ~~any other person~~a party or a minor or adult dependent child of both parties, or in someone else's name on the party's behalf. For all accounts that have check-writing privileges, copies of canceled checks and registers, whether written or electronically maintained, shall also be

produced, so that the payee and purpose of each individual instrument can be ascertained.

(9)     All brokerage account statements in which either party to this action held within the last 12 months or holds an interest including those held in the party's name individually, in the party's name jointly with any person or entity, in the party's name as trustee or guardian ~~any other person~~for a party or a minor or adult dependent child of both parties, or in someone else's name on the party's behalf. For all accounts that have check-writing privileges, copies of canceled checks and registers, whether written or electronically maintained, shall also be produced, so that the payee and purpose of each individual instrument can be ascertained.

(10)    The most recent statement and statements for the past 12 months for any profit sharing, retirement, deferred compensation, or pension plan (for example, IRA, 401(k), 403(b), SEP, KEOGH, or other similar account) in which the party is a participant or an alternate payee receiving payments and the summary plan description for any retirement, profit sharing, or pension plan in which the party is a participant or an alternate payee receiving payments. (The summary plan description must be furnished to the party on request by the plan administrator as required by 29 U.S.C. § 1024(b)(4).)

(11)    The most recent statement and statements for the past 12 months for any virtual currency transactions in which either party to this action participated within the last 12 months or holds an interest, including those held in the party's name individually, in the party's name jointly with any person or entity, in the party's name as trustee or guardian for a party or a minor or adult dependent child of both parties, or in someone else's name on the party's behalf. Virtual currency is a digital representation of value that functions as a medium of exchange, a unit of account, and/or a store of value. A listing of all current holdings of virtual currency shall also be disclosed.

(1~~1~~2) The declarations page, the last periodic statement, statements for the past 12 months, and the certificate for all life insurance policies insuring the party's life or the life of the party's spouse, whether group insurance or otherwise, and all current health and dental insurance cards covering either of the parties and/or their dependent children.

- 13 -

(123) Corporate, partnership, and trust tax returns for the last 3 tax years if the party has an ownership or interest in a corporation, partnership, or trust ~~greater than or equal to 30%~~.

(134) All promissory notes evidencing a party's indebtedness for the last ~~12~~24 months, whether since paid or not, all credit card and charge account statements and other records showing the party's indebtedness as of the date of the filing of this action and for the last ~~3~~24 months preceding compliance with these disclosure requirements, and all present lease agreements, whether owed in the party's name individually, in the party's name jointly with any other person or entity, in the party's name as trustee or guardian for ~~any other person~~a party or a minor or adult dependent child of both parties, or in someone else's name on the party's behalf.

(145) All written premarital or marital agreements entered into at any time between the parties to this marriage, whether before or during the marriage, and all affidavits and declarations of non-paternity or judgments of disestablishment of paternity for any minor or dependent children born or conceived during the marriage. Additionally, in any modification proceeding, each party must serve on the opposing party all written agreements entered into between them at any time since the order to be modified was entered.

(156) All documents ~~and tangible evidence~~ supporting the producing party's claim that an asset or liability is nonmarital, for enhancement or appreciation of nonmarital property, or for an unequal distribution of marital property. The documents ~~and tangible evidence~~ produced must be for the time period from the date of acquisition of the asset or debt to the date of production or from the date of the marriage, if based on premarital acquisition.

(167) Any court orders directing a party to pay or receive spousal or child support.

**(f)    [No Change]**

**(g)    Sanctions.** Any document to be produced under this rule that is not served on the opposing party ~~fewer than 24 hours~~within the time periods set forth in subdivision (b)(1), as applicable, before a nonfinal hearing or in violation of the court's pretrial order shall not be admissible in evidence at that hearing unless the court finds good cause for the delay. In addition, the court may impose other sanctions authorized by rule 12.380 as may be equitable under the circumstances.

- 14 -

The court may also impose sanctions upon the offending lawyer in lieu of imposing sanctions on a party.

**(h)** **Extensions of Time for Complying with Mandatory Disclosure.** By agreement of the parties, the time for complying with mandatory disclosure may be extended. Either party may also file, ~~at least 5 days~~ before the due date, a motion to enlarge the time for complying with mandatory disclosure. The court must grant the request for good cause shown.

**(i) – (m)** **[No Change]**

## Commentary

[No Change]

## Committee Notes

[No Change]

**RULE 12.350.** **PRODUCTION OF DOCUMENTS AND THINGS AND ENTRY ON LAND FOR INSPECTION AND OTHER PURPOSES**

**(a)** **Request; Scope**. Any party may request any other party<u>:</u>

(1) – (3)     [No Change]

**(b)** **Procedure.** Without leave of court the request may be served on the petitioner after commencement of the action and on any other party with or after service of the process and initial pleading on that party. The request must set forth the items to be inspected, either by individual item or category, and describe each item and category with reasonable particularity. The request must specify a reasonable time, place, and manner of making the inspection or performing the related acts. The party to whom the request is directed must serve a written response within 30 days after service of the request, except that a defendant may serve a response within 45 days after service of the process and initial pleading on that defendant. The court may allow a shorter or longer time. For each item or category, the response must state that inspection and related activities will be permitted as requested unless the request is objected to, in which event the reasons for the objection must be stated. If an objection is made to part of an item or category, the part must be specified. <u>When producing documents, the response must include an accompanying notice filed in compliance with Rule of Judicial</u>

Administration 2.425 with the court that states with specificity each document produced. When producing documents, the producing party must either produce them as they are kept in the usual course of business or must identify them to correspond with the categories in the request. A request for electronically stored information may specify the form or forms in which electronically stored information is to be produced. If the responding party objects to a requested form, or if no form is specified in the request, the responding party must state the form or forms it intends to use. If a request for electronically stored information does not specify the form of production, the producing party must produce the information in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms. The party submitting the request may move for an order under rule 12.380 concerning any objection, failure to respond to the request, or any part of it, or failure to permit the inspection as requested.

**(c)** **[No Change]**

**(d)** **Filing of Documents.** Unless required by the court, a party shall not file any of the documents or things produced with the response, although a party must include an accompanying notice filed in compliance with Rule of Judicial Administration 2.425 with the court that states with specificity each document produced. Documents or things may be filed in compliance with Florida Rule of Judicial Administration 2.425 and rule 12.280(j) when they should be considered by the court in determining a matter pending before the court.

**RULE 12.410.     SUBPOENA**

**(a) – (b)     [No Change]**

**(c)     For Production of Documentary Evidence.**

**(1)     Generally.** A subpoena may also command the person to whom it is directed to produce the books, papers, documents (including electronically stored information), or tangible things designated therein, but the court, on motion made promptly and in any event at or before the time specified in the subpoena for compliance with it, may:

(A)     quash or modify the subpoena if it is unreasonable and oppressive, or

(B)    condition denial of the motion upon the advancement by the person in whose behalf the subpoena is issued of the reasonable cost of producing the books, papers, documents, or tangible things.

A party seeking a production of evidence at trial which would be subject to a subpoena may compel such production by serving a notice to produce such evidence on an adverse party as provided in rule 12.080(~~b~~a). Such notice shall have the same effect and be subject to the same limitations as a subpoena served on the party.

**(2)    [No Change]**

**(d) – (h)    [No Change]**

**Committee Note**

[No Change]

## RULE 12.491.    CHILD SUPPORT ENFORCEMENT

**(a)    [No Change]**

**(b)    Scope.** This rule shall apply to proceedings for:

(1) – (2)    [No Change]

**(c) – (d)    [No Change]**

**(e)    General Powers and Duties.** The support enforcement hearing officer shall be empowered to issue process, administer oaths, require the production of documents, and conduct hearings for the purpose of taking evidence. A support enforcement hearing officer does not have the authority to hear contested paternity cases. Upon the receipt of a support proceeding, the support enforcement hearing officer shall:

(1)    assign a time and place for an appropriate hearing and give notice to each of the parties as may be required by law;

(A)    The notice or order setting the cause for hearing shall contain the following language in **bold** type:

- 17 -

**SHOULD YOU WISH TO SEEK REVIEW OF THE ORDER UPON THE RECOMMENDATIONS OF THE CHILD SUPPORT ENFORCEMENT HEARING OFFICER, YOU MUST FILE A MOTION TO VACATE WITHIN 10 DAYS FROM THE DATE OF ENTRY OF THE ORDER IN ACCORDANCE WITH FLORIDA FAMILY LAW RULE OF PROCEDURE 12.491(f). YOU WILL BE REQUIRED TO PROVIDE THE COURT WITH A RECORD SUFFICIENT TO SUPPORT YOUR POSITION OR YOUR MOTION WILL BE DENIED. A RECORD ORDINARILY INCLUDES A WRITTEN TRANSCRIPT OF ALL RELEVANT PROCEEDINGS. THE PERSON SEEKING REVIEW MUST HAVE THE TRANSCRIPT PREPARED IF NECESSARY FOR THE COURT'S REVIEW.**

(B)     The notice or order setting a matter for hearing shall state whether electronic recording or a court reporter is provided by the court. If the court provides electronic recording, the notice shall also state that any party may provide a court reporter at that party's expense.

(2) – (4)     [No Change]

**(f)     Entry of Order and Relief from Order.** Upon receipt of a recommended order, the court shall review the recommended order and shall enter an order promptly unless good cause appears to amend the order, conduct further proceedings, or refer the matter back to the hearing officer to conduct further proceedings. If a court reporter was present, the recommended order shall contain the name and address of the reporter. If the hearing was recorded and the litigant did not utilize a court reporter, the order shall contain information as to how a litigant can obtain a copy of the recording. Any party affected by the order may move to vacate the order by filing a motion to vacate within 10 days from the date of entry. Any party may file a cross-motion to vacate within 5 days of service of a motion to vacate, provided, however, that the filing of a cross-motion to vacate shall not delay the hearing on the motion to vacate unless good cause is shown. A motion to vacate the order shall be heard within 10 days after the movant applies for hearing on the motion.

**(g) – (h)     [No Change]**

**Commentary**

[No Change]

- 18 -

**Committee Note**

[No Change]

# INSTRUCTIONS FOR FLORIDA FAMILY LAW RULES OF PROCEDURE FORM 12.900(b) NOTICE OF LIMITED APPEARANCE (11/20)

## When should this form be used?

This form should be used to provide notice to the court and the other **attorney** or **party** when an attorney is making a limited appearance for a client under Florida Family Law Rule of Procedure 12.040.

This form should be typed or printed in black ink. After completing and signing this form, the attorney should **file** this document with the **clerk of the circuit court** in the county in which the action is pending and keep a copy for his or her records.

## What should I do next?

A copy of this form must be filed with the court and served on the other **party** or his or her **attorney**. The copy you are serving to the other party must be either mailed, e-mailed, or hand-delivered to the opposing party or his or her attorney on the same day indicated on the certificate of service. If it is mailed, it must be postmarked on the date indicated in the certificate of service. **Service** must be in accordance with Florida Rule of Judicial Administration 2.516.

### IMPORTANT INFORMATION REGARDING E-FILING

The Florida Rules of Judicial Administration now require that all petitions, pleadings, and documents be filed electronically except in certain circumstances. **Self-represented litigants may file petitions or other pleadings or documents electronically; however, they are not required to do so.** If you choose to file your pleadings or other documents electronically, you must do so in accordance with Florida Rule of Judicial Administration 2.525, and you must follow the procedures of the judicial circuit in which you file. The rules and procedures should be carefully read and followed.

### IMPORTANT INFORMATION REGARDING E-SERVICE ELECTION

After the initial service of process of the petition or supplemental petition by the Sheriff or certified process server, the Florida Rules of Judicial Administration now require that all documents required or permitted to be served on the other party must be served by electronic mail (e-mail) except in certain circumstances. **You must strictly comply with the format requirements set forth in the Florida Rules of Judicial Administration**. If you elect to participate in electronic service, which means serving or receiving pleadings by electronic mail (e-mail), or through the Florida Courts E-Filing Portal, you must review Florida Rule of Judicial Administration 2.516. You may find this rule at www.flcourts.org through the link to the Rules of

Judicial Administration provided under either Family Law Forms: Getting Started, or Rules of Court in the A-Z Topical Index.

**SELF-REPRESENTED LITIGANTS MAY SERVE DOCUMENTS BY E-MAIL; HOWEVER, THEY ARE NOT REQUIRED TO DO SO.** If a self-represented litigant elects to serve and receive documents by email, the procedures must always be followed once the initial election is made.

To serve and receive documents by e-mail, you must designate your e-mail addresses by using the Designation of Current Mailing and E-mail Address, Florida Supreme Court Approved Family Law Form 12.915, and you must provide your e-mail address on each form on which your signature appears. Please **CAREFULLY** read the rules and instructions for: **Certificate of Service (General), Florida Supreme Court Approved Family Law Form 12.914; Designation of Current Mailing and E-mail Address**, Florida Supreme Court Approved Family Law Form 12.915; and Florida Rule of Judicial Administration 2.516.

## Where can I look for more information?

See Florida Family Law Rule of Procedure 12.040.

IN THE CIRCUIT COURT OF THE _____ JUDICIAL CIRCUIT,
IN AND FOR _____ COUNTY, FLORIDA

Case No.: _____
Division: _____

_____,
Petitioner,

and

_____,
Respondent.

# NOTICE OF LIMITED APPEARANCE

*{Attorney's name}* _____ files this Notice of Limited Appearance on behalf of *{name}* _____, [choose **one** only] (   ) Petitioner     (   ) Respondent, for the following limited purpose(s). [choose **all** that apply]:

1.  ___ The hearing set for *{date}* _____, at *{time}* _____on the issue(s) of *{specify}* _____.

2.  ___ To represent [check **one** only] (   ) Petitioner (    ) Respondent on the following issues throughout the proceedings:
    a.  ___ Parental responsibility and time-sharing.
    b.  ___ Equitable distribution of marital assets and liabilities.
    c.  ___ Alimony.
    d.  ___ Child support.
    e.  ___ Other *{specify}*: _____

   The clerk of the above-styled court is requested to enter this notice of record.

Copies of all future court papers should be served on the undersigned attorney at the address listed and on the [choose **one** only] (   ) Petitioner (   ) Respondent at *{name, address, e-mail address(es),telephone number, and fax number}* _____
_____

**I certify that a copy of this notice of limited appearance was: [check all used]  (   ) e-mailed (   ) mailed (   ) faxed (   ) hand delivered to the person(s) listed below on**
*{date}* _____**.**

**Other party or his/her attorney:**
Name: _____
Address: _____
City, State, Zip: _____
Telephone Number: _____
Fax Number: _____
E-mail Address(es): _____

_____
Signature of Attorney
Printed Name: _____
Address: _____
City, State, Zip: _____
Telephone Number: _____
E-mail Address(es):_____
Florida Bar Number:
_____

_____
Signature of Petitioner/Respondent
Printed Name: _____
Address: _____
City, State, Zip: _____
Telephone Number: _____
E-mail Address(es):_____

# INSTRUCTIONS FOR FLORIDA FAMILY LAW RULES OF PROCEDURE
## FORM 12.900(c)
## CONSENT TO LIMITED APPEARANCE BY ATTORNEY
## (11/20)

## When should this form be used?

This form should be used for a client to give consent when an **attorney** is making a limited appearance for the client under Florida Family Law Rule of Procedure 12.040.

This form should be typed or printed in black ink. After completing this form, the client should sign the document. The attorney or client should then **file** the document with the **clerk of the circuit court** in the county in which the action is pending. The attorney and client should each keep a copy for his or her records.

## What should I do next?

A copy of this form must be served on the other **party** or his or her **attorney**. The copy you are serving to the other party must be either mailed, e-mailed, or hand-delivered to the opposing party or his or her attorney on the same day indicated on the certificate of service. If it is mailed, it must be postmarked on the date indicated in the certificate of service. **Service** must be in accordance with Florida Rule of Judicial Administration 2.516.

## IMPORTANT INFORMATION REGARDING E-FILING

The Florida Rules of Judicial Administration now require that all petitions, pleadings, and documents be filed electronically except in certain circumstances. **Self-represented litigants may file petitions or other pleadings or documents electronically; however, they are not required to do so.** If you choose to file your pleadings or other documents electronically, you must do so in accordance with Florida Rule of Judicial Administration 2.525, and you must follow the procedures of the judicial circuit in which you file. The rules and procedures should be carefully read and followed.

## IMPORTANT INFORMATION REGARDING E-SERVICE ELECTION

After the initial service of process of the petition or supplemental petition by the Sheriff or certified process server, the Florida Rules of Judicial Administration now require that all documents required or permitted to be served on the other party must be served by electronic mail (e-mail) except in certain circumstances. **You must strictly comply with the format requirements set forth in the Florida Rules of Judicial Administration**. If you elect to participate in electronic service, which means serving or receiving pleadings by electronic mail (e-mail), or through the Florida Courts E-Filing Portal, you must review Florida Rule of Judicial Administration 2.516. You may find this rule at www.flcourts.org through the link to the Rules of

Instructions for Florida Family Law Rules of Procedure Form 12.900(c), Consent to Limited Appearance by Attorney (11/20)

- 24 -

Judicial Administration provided under either Family Law Forms: Getting Started, or Rules of Court in the A-Z Topical Index.

**SELF-REPRESENTED LITIGANTS MAY SERVE DOCUMENTS BY E-MAIL; HOWEVER, THEY ARE NOT REQUIRED TO DO SO.** If a self-represented litigant elects to serve and receive documents by email, the procedures must always be followed once the initial election is made.

To serve and receive documents by e-mail, you must designate your e-mail addresses by using the Designation of Current Mailing and E-mail Address, Florida Supreme Court Approved Family Law Form 12.915, and you must provide your e-mail address on each form on which your signature appears. Please **CAREFULLY** read the rules and instructions for: **Certificate of Service (General), Florida Supreme Court Approved Family Law Form 12.914; Designation of Current Mailing and E-mail Address**, Florida Supreme Court Approved Family Law Form 12.915; and Florida Rule of Judicial Administration 2.516.

## Where can I look for more information?

See Florida Family Law Rule of Procedure 12.040.

Instructions for Florida Family Law Rules of Procedure Form 12.900(c), Consent to Limited Appearance by Attorney (11/20)

IN THE CIRCUIT COURT OF THE _____ JUDICIAL CIRCUIT,
IN AND FOR _____ COUNTY, FLORIDA

Case No.: _____
Division: _____

_____,
Petitioner,
    and

_____,
Respondent.

# CONSENT TO LIMITED APPEARANCE BY ATTORNEY

*{Name}* _____ , the [check **one** only]
(   ) Petitioner  (   ) Respondent, consents to the limited representation by counsel,
*{attorney's name}* _____ , for the following limited
purpose(s) [ check **all** that apply]:

1. ____The hearing set for *{date}* _____, at *{time}*_____ on the issue(s) of *{specify}*
   _____.

2. ___To represent [ check **one** only] (   ) Petitioner (   ) Respondent on the following issues
   throughout the proceedings:
   a. ___Parental responsibility and time-sharing.
   b. ___ Equitable distribution of marital assets and liabilities.
   c. ___ Alimony.
   d. ___ Child support.
   e. ___ Other *{specify}*: _____

The clerk of the above-styled court is requested to enter this notice of record.

**I certify that a copy of this consent to limited appearance was: [check all used]  (   ) e-mailed (   )
mailed (   ) faxed (   ) hand delivered to the person(s) listed below on *{date}* _____.**

**Other party or his/her attorney:**
Name: _____
Address: _____
City, State, Zip: _____
Telephone Number: _____
Fax Number: _____
E-mail Address(es): _____

         _____

Signature of Petitioner/Respondent

Printed Name: _____

Address: _____

City, State, Zip: _____

Telephone Number: _____

Fax Number: _____

E-mail Address(es): _____


**IF A NONLAWYER HELPED YOU FILL OUT THIS FORM, HE/SHE MUST FILL IN THE BLANKS BELOW:**

[fill in **all** blanks] This form was prepared for the: *{choose only **one**}* (   ) Petitioner (   ) Respondent
This form was completed with the assistance of:

*{name of individual}* _____,

*{name of business}* _____,

*{address}* _____,

*{city}* _____, *{state}* _____, *{zip code}* _____, *{telephone number}* _____.

# INSTRUCTIONS FOR FLORIDA FAMILY LAW RULES OF PROCEDURE FORM 12.900(d)
# TERMINATION OF LIMITED APPEARANCE (11/20)

## When should this form be used?

This form should be used by an **attorney** who is terminating a limited appearance for a client under Florida Family Law Rule of Procedure 12.040.

This form should be typed or printed in black ink. After completing this form, the attorney should sign this document and then **file** this document with the **clerk of the circuit court** in the county in which the action is pending. The attorney should keep a copy for his or her records.

## What should I do next?

A copy of this form must be filed with the court and served on the other **party** or his or her **attorney**. The copy you are serving to the other party must be either mailed, e-mailed, or hand-delivered to the opposing party or his or her attorney on the same day indicated on the certificate of service. If it is mailed, it must be postmarked on the date indicated in the certificate of service. **Service** must be in accordance with Florida Rule of Judicial Administration 2.516.

## IMPORTANT INFORMATION REGARDING E-FILING

The Florida Rules of Judicial Administration now require that all petitions, pleadings, and documents be filed electronically except in certain circumstances. **Self-represented litigants may file petitions or other pleadings or documents electronically; however, they are not required to do so**. If you choose to file your pleadings or other documents electronically, you must do so in accordance with Florida Rule of Judicial Administration 2.525, and you must follow the procedures of the judicial circuit in which you file. The rules and procedures should be carefully read and followed.

## IMPORTANT INFORMATION REGARDING E-SERVICE ELECTION

After the initial service of process of the petition or supplemental petition by the Sheriff or certified process server, the Florida Rules of Judicial Administration now require that all documents required or permitted to be served on the other party must be served by electronic mail (e-mail) except in certain circumstances. **You must strictly comply with the format requirements set forth in the Florida Rules of Judicial Administration.** If you elect to participate in electronic service, which means serving or receiving pleadings by electronic mail (e-mail), or through the Florida Courts E-Filing Portal, you must review Florida Rule of Judicial Administration 2.516. You may find this rule at www.flcourts.org through the link to the Rules of Judicial Administration provided under either Family Law Forms: Getting Started, or Rules of Court in the A-Z Topical Index. **SELF-REPRESENTED LITIGANTS MAY SERVE DOCUMENTS BY E-MAIL; HOWEVER, THEY ARE NOT REQUIRED TO DO SO.** If a self-represented litigant elects to serve and receive documents by email, the procedures must always be followed once the initial election is made.

Instructions for Florida Family Law Rules of Procedure Form 12.900(d), Termination of Limited Appearance (11/20)

To serve and receive documents by e-mail, you must designate your e-mail addresses by using the Designation of Current Mailing and E-mail Address, Florida Supreme Court Approved Family Law Form 12.915, and you must provide your e-mail address on each form on which your signature appears. Please **CAREFULLY** read the rules and instructions for: **Certificate of Service (General), Florida Supreme Court Approved Family Law Form 12.914; Designation of Current Mailing and E-mail Address**, Florida Supreme Court Approved Family Law Form 12.915; and Florida Rule of Judicial Administration 2.516.

## Where can I look for more information?

See Florida Family Law Rule of Procedure 12.040.

IN THE CIRCUIT COURT OF THE _____ JUDICIAL CIRCUIT,
IN AND FOR _____ COUNTY, FLORIDA

Case No.: _____
Division: _____

_____,
Petitioner,

and

_____,
Respondent.

# TERMINATION OF LIMITED APPEARANCE

*{Attorney's name}* _____, files this Termination of Limited
Appearance on behalf of the [**check one** only] (    ) Petitioner (    ) Respondent, *{name}*, _____
_____, and certifies that the proceeding or matter is concluded.
The clerk of the above-styled court is requested to enter this Notice of Termination of Limited
Appearance of record. Copies of all future court papers should be served on the [**check one only**]
(    ) Petitioner (    ) Respondent at: *{name, address, e-mail address(es), fax number, and telephone
number}* _____
_____.

**I certify that a copy of this termination of limited appearance was: [check all used] (   ) e-mailed
(   ) mailed (    ) faxed (    ) hand delivered to the person(s) listed below on *{date}* _____.**

**Other party or his/her attorney:**
Name: _____
Address:_____
City, State, Zip: _____
Telephone Number: _____
Fax Number: _____
E-mail Address(es):_____

**Client Party:**
Name: _____
Address: _____
City, State, Zip: _____
Telephone Number: _____
Fax Number: _____
E-mail Address(es): _____

_____
Signature of Attorney
Printed Name: _____
Address: _____
City, State, Zip: _____

Florida Family Law Rules of Procedure Form 12.900(d), Termination of Limited Appearance (11/20)

- 30 -

Telephone Number: _____

E-mail Address(es): _____

Florida Bar Number: _____

# INSTRUCTIONS FOR FLORIDA FAMILY LAW RULES OF PROCEDURE
# FORM 12.900(e)
# ACKNOWLEDGMENT OF ASSISTANCE BY ATTORNEY
# (11/20)

## When should this form be used?

This form, when added to the signature page of any petition, pleading, or motion, should be filed with the court when an attorney making a limited appearance under Florida Family Law Rule of Procedure 12.040 has assisted the petitioner or respondent in the preparation of the document. The petitioner or respondent should then sign the pleading and include his/her name and address.

## What should I do next?

A copy of this form must be filed with the court and served on the other party or his or her attorney. The copy you are serving to the other party must be either mailed, e-mailed, or hand-delivered to the opposing party or his or her attorney on the same day indicated on the certificate of service. If it is mailed, it must be postmarked on the date indicated in the certificate of service. **Service** must be in accordance with Florida Rule of Judicial Administration 2.516.

## IMPORTANT INFORMATION REGARDING E-FILING

The Florida Rules of Judicial Administration now require that all petitions, pleadings, and documents be filed electronically except in certain circumstances. **Self-represented litigants may file petitions or other pleadings or documents electronically; however, they are not required to do so.** If you choose to file your pleadings or other documents electronically, you must do so in accordance with Florida Rule of Judicial Administration 2.525, and you must follow the procedures of the judicial circuit in which you file. The rules and procedures should be carefully read and followed.

## IMPORTANT INFORMATION REGARDING E-SERVICE ELECTION

After the initial service of process of the petition or supplemental petition by the Sheriff or certified process server, the Florida Rules of Judicial Administration now require that all documents required or permitted to be served on the other party must be served by electronic mail (e-mail) except in certain circumstances. **You must strictly comply with the format requirements set forth in the Florida Rules of Judicial Administration**. If you elect to participate in electronic service, which means serving or receiving pleadings by electronic mail (e-mail), or through the Florida Courts E-Filing Portal, you must review Florida Rule of Judicial Administration 2.516. You may find this rule at www.flcourts.org through the link to the Rules of Judicial Administration provided under either Family Law Forms: Getting Started, or Rules of Court in the A-Z Topical Index.

**SELF-REPRESENTED LITIGANTS MAY SERVE DOCUMENTS BY E-MAIL; HOWEVER, THEY ARE NOT REQUIRED TO DO SO.** If a self-represented litigant elects to serve and receive documents by email, the procedures must always be followed once the initial election is made.

Instructions for Florida Family Law Rules of Procedure Form 12.900(e), Acknowledgment of Assistance by Attorney (11/20)

To serve and receive documents by e-mail, you must designate your e-mail addresses by using the Designation of Current Mailing and E-mail Address, Florida Supreme Court Approved Family Law Form 12.915, and you must provide your e-mail address on each form on which your signature appears. Please **CAREFULLY** read the rules and instructions for: **Certificate of Service (General), Florida Supreme Court Approved Family Law Form 12.914; Designation of Current Mailing and E-mail Address**, Florida Supreme Court Approved Family Law Form 12.915; and Florida Rule of Judicial Administration 2.516.

## Where can I get more information?

See the instructions to Florida Family Law Rules of Procedure Forms 12.900(b)-(d) and Rule 12.040. Before proceeding, you should read General Information for Self-Represented Litigants found at the beginning of these forms. For more information, see rule 12.080, Florida Family Law Rules of Procedure.

*{Name},* _____ , **[check one only] (    ) Petitioner
(    ) Respondent, certifies that he/she has received the assistance of the following attorney in the preparation of this document.**

                                                  **Attorney Name:** _____
                                                  **Address:** _____
                                                  **City, State, Zip:** _____
                                                  **Telephone Number:** _____
                                                  **E-mail Address(es):** _____
                                                  **Florida Bar Number:** _____

# INSTRUCTIONS FOR FLORIDA FAMILY LAW RULES OF PROCEDURE FORM 12.900(g) AGREEMENT LIMITING REPRESENTATION (11/20)

## When should this form be used?

This form should be used as a "rider" or supplemental agreement, in addition to an Attorney-Client fee agreement, between the attorney and client when the attorney is making a limited appearance under Rules Regulating Florida Bar 4-1.2(c), 4-4.2(b), and 4-4.3(b) and Florida Family Law Rule of Procedure 12.040. A limited appearance means the attorney is not handling the whole case for the client, but is only being retained to do a specific part of the case. This form is not to be filed with the clerk of the court.

## Where can I look for more information?

See Rules Reg. Fla. Bar 4-1.2(c), 4-4.2(b), and 4-4.3(b) and Florida Family Law Rule of Procedure 12.040.



# AGREEMENT LIMITING REPRESENTATION

**(This agreement is supplemental to the Attorney-Client fee agreement and is limited to addressing the consequences of Limited Legal Representation by an attorney in Florida)**

TO THE CLIENT:  THIS IS A LEGALLY BINDING CONTRACT.  PLEASE READ IT CAREFULLY AND MAKE CERTAIN THAT YOU UNDERSTAND ALL OF THE TERMS AND CONDITIONS.  YOU MAY TAKE THIS CONTRACT HOME WITH YOU, REVIEW IT WITH ANOTHER ATTORNEY IF YOU WISH, AND ASK ANY QUESTIONS YOU MAY HAVE BEFORE SIGNING.

EMPLOYMENT OF AN ATTORNEY FOR LIMITED REPRESENTATION REQUIRES THAT THE ATTORNEY AND CLIENT CAREFULLY AND THOROUGHLY REVIEW THE DUTIES AND RESPONSIBILITIES EACH WILL ASSUME. ANY LIMITED REPRESENTATION AGREEMENT SHOULD DESCRIBE, IN DETAIL, THE ATTORNEY'S DUTIES IN THE CLIENT'S INDIVIDUAL CASE.

1.  **SERVICES/LIMITED SCOPE OF REPRESENTATION:** Client, *{name}* _____, employs Attorney, *{name}* _____to provide representation only in the limited matter(s) described as follows:

    _____
    _____
    _____

2.  **COMPLIANCE WITH CHAPTER 4 OF THE RULES REGULATING THE FLORIDA BAR:**  Although legal assistance is limited, an attorney-client relationship exists, and the client is entitled to the standards of professional responsibility established by Chapter 4 of the Rules Regulating the Florida Bar, including confidentiality, competence, and diligence.

3.  **COMPLIANCE WITH FLORIDA FAMILY LAW RULE OF PROCEDURE 12.040:**  An Attorney hired to provide limited representation in court must comply with Florida Family Law Rule of Procedure 12.040, as follows:
    a.  The attorney will file with the court a Notice of Limited Appearance, Florida Family Law Rules of Procedure Form 12.900(b), signed by the client, specifically limiting the attorney's appearance to the particular proceeding or matter in which the attorney appears.
    b.  If the attorney seeks to withdraw from representation before the conclusion of a limited appearance, the attorney must:
        (1)  File a motion with the court setting forth the reasons and serve that motion on the client and interested persons, and
        (2)  Obtain approval of the court.
    c.  At the conclusion of the proceeding or matter, the attorney's role terminates without the necessity of leave of court, on the attorney filing Termination of Limited Appearance, Florida Family Law Rules of Procedure Form 12.900(d). The notice shall include the names and last known addresses of the person(s) represented by the withdrawing attorney.
    d.  THE CLIENT IS ADVISED THAT ANY OBJECTION TO THE ATTORNEY'S "TERMINATION OF LIMITED APPEARANCE" MUST BE MADE IN WRITING BY THE CLIENT BY PROVIDING THE JUDGE, THE ATTORNEY, AND EACH OTHER INTERESTED PERSON (OR THEIR ATTORNEY) A COPY AND FILING THE ORIGINAL WITH THE CLERK OF COURT.

4. **ADDITIONAL SERVICES/REPRESENTATION:** The attorney and client may later determine that the attorney should provide additional limited services or assume full representation. The attorney may decline to provide additional services.
   a. If the attorney agrees to provide additional services, those additional services should be specifically listed in an amendment to this agreement, signed and dated by both the attorney and the client.
   b. If the attorney and client agree that the attorney shall serve as the client's attorney of record on all matters related to handling the client's case, the client and the attorney should indicate that agreement in an amendment to this agreement, signed and dated by both the attorney and the client.
   c. In either case, additional compliance with the notice requirement of Rule 12.040 will be required by the attorney.
   d. THE ATTORNEY AND THE CLIENT SHOULD NOT RELY ON VERBAL DISCUSSIONS OR VERBAL AGREEMENTS WHEN CHANGING THE TERMS OF THE ATTORNEY'S RESPONSIBILITY FOR REPRESENTATION.

5. **ATTORNEYS' FEES AND COURT COSTS:** The attorney and the client have made a separate agreement in writing as to payment of attorneys' fees and all costs associated with the case and the attorney's representation.

BY SIGNING THIS AGREEMENT YOU ACKNOWLEDGE THAT YOU HAVE CAREFULLY READ AND FULLY UNDERSTAND ALL OF THE FOREGOING TERMS, AND YOU INTEND TO BE LEGALLY BOUND BY THEM.


_____          _____
Attorney                                              Client

Name: _____          Name: _____
Address: _____          Address: _____
City, State, Zip: _____          City, State, Zip: _____
Telephone Number: _____          Telephone Number: _____
E-mail Address(es): _____          E-mail Address(es): _____
Florida Bar Number: _____

Date: _____          Date: _____

I HAVE BEEN PROVIDED A FULLY EXECUTED COPY OF THIS AGREEMENT LIMITING REPRESENTATION


_____
Client

# INSTRUCTIONS FOR FLORIDA FAMILY LAW RULES OF PROCEDURE
## FORM 12.902(b)
## FAMILY LAW FINANCIAL AFFIDAVIT (SHORT FORM)
## (11/20)

### When should this form be used?

This form should be used when you are involved in a family law case which requires a **financial affidavit and your individual gross income is UNDER $50,000 per year** unless:

(1) You are filing a simplified dissolution of marriage under rule 12.105 and both parties have waived the filing of a financial affidavit;
(2) You have no minor children, no support issues, and have filed a written settlement agreement disposing of all financial issues; or
(3) The court lacks jurisdiction to determine any financial issues.

This form should be typed or printed in black ink. You should **file** this document with the **clerk of the circuit court** in the county where the **petition** was filed and keep a copy for your records.

### What should I do next?

A copy of this form must be filed with the court and served on the other party or his or her attorney in your case within 45 days of being served with the petition, if it is not served on him or her with your initial papers. The copy you are serving to the other party must be either mailed, e-mailed, or hand-delivered to the opposing party or his or her attorney on the same day indicated on the certificate of service. If it is mailed, it must be postmarked on the date indicated in the certificate of service. **Service** must be in accordance with Florida Rule of Judicial Administration 2.516.

### IMPORTANT INFORMATION REGARDING E-FILING

The Florida Rules of Judicial Administration now require that all petitions, pleadings, and documents be filed electronically except in certain circumstances. **Self-represented litigants may file petitions or other pleadings or documents electronically; however, they are not required to do so.** If you choose to file your pleadings or other documents electronically, you must do so in accordance with Florida Rule of Judicial Administration 2.525, and you must follow the procedures of the judicial circuit in which you file. The rules and procedures should be carefully read and followed.

### IMPORTANT INFORMATION REGARDING E-SERVICE ELECTION

After the initial service of process of the petition or supplemental petition by the Sheriff or certified process server, the Florida Rules of Judicial Administration now require that all documents required or permitted to be served on the other party must be served by electronic mail (e-mail) except in certain circumstances. **You must strictly comply with the format requirements set forth in the Florida Rules of**

Instructions for Florida Family Law Rules of Procedure Form 12.902(b), Family Law Financial Affidavit (Short Form) (11/20)

- 38 -

**Judicial Administration**. If you elect to participate in electronic service, which means serving or receiving pleadings by electronic mail (e-mail), or through the Florida Courts E-Filing Portal, you must review Florida Rule of Judicial Administration 2.516. You may find this rule at www.flcourts.org through the link to the Rules of Judicial Administration provided under either Family Law Forms: Getting Started, or Rules of Court in the A-Z Topical Index.

**SELF-REPRESENTED LITIGANTS MAY SERVE DOCUMENTS BY E-MAIL; HOWEVER, THEY ARE NOT REQUIRED TO DO SO.** If a self-represented litigant elects to serve and receive documents by email, the procedures must always be followed once the initial election is made.

To serve and receive documents by e-mail, you must designate your e-mail addresses by using the Designation of Current Mailing and E-mail Address, Florida Supreme Court Approved Family Law Form 12.915, and you must provide your e-mail address on each form on which your signature appears. Please **CAREFULLY** read the rules and instructions for: **Certificate of Service (General), Florida Supreme Court Approved Family Law Form 12.914; Designation of Current Mailing and E-mail Address**, Florida Supreme Court Approved Family Law Form 12.915; and Florida Rule of Judicial Administration 2.516.

## Where can I look for more information?

**Before proceeding, you should read "General Information for Self-Represented Litigants" found at the beginning of these forms.** The words that are in **"bold underline"** in these instructions are defined there. For further information, see Florida Family Law Rule of Procedure 12.285.

## Special notes...

If you want to keep your address confidential because you have been found by a judge to be the victim of sexual battery, aggravated child abuse, aggravated stalking, harassment, aggravated battery, or domestic violence, do not enter the address, telephone, and fax information at the bottom of this form. Instead, file **Request for Confidential Filing of Address**, Florida Supreme Court Approved Family Law Form 12.980(h).

The affidavit must be completed using **monthly** income and expense amounts. If you are paid or your bills are due on a schedule which is not monthly, you must convert those amounts. Hints are provided below for making these conversions.

**Hourly** - If you are paid by the hour, you may convert your income to monthly as follows:

| | | | | |
|---|---|---|---|---|
| Hourly amount | x | Hours worked per week | **=** | Weekly amount |
| Weekly amount | x | 52 Weeks per year | = | Yearly amount |
| Yearly amount | ÷ | 12 Months per year | **=** | **Monthly Amount** |

**Daily** - If you are paid by the day, you may convert your income to monthly as follows:

| | | | | |
|---|---|---|---|---|
| Daily amount | x | Days worked per week | = | Weekly amount |
| Weekly amount | x | 52 Weeks per year | = | Yearly amount |
| Yearly amount | ÷ | 12 Months per year | **=** | **Monthly Amount** |

**Weekly** - If you are paid by the week, you may convert your income to monthly as follows:

Instructions for Florida Family Law Rules of Procedure Form 12.902(b), Family Law Financial Affidavit (Short Form) (11/20)

| Weekly amount | x | 52 Weeks per year | = | Yearly amount |
| Yearly amount | ÷ | 12 Months per year | = | **Monthly Amount** |

**Bi-weekly** - If you are paid every two weeks, you may convert your income to monthly as follows:

| Bi-weekly amount | x | 26 | = | Yearly amount |
| Yearly amount | ÷ | 12 Months per year | = | **Monthly Amount** |

**Semi-monthly** - If you are paid twice per month, you may convert your income to monthly as follows:

| Semi-monthly amount | x | 2 | = | **Monthly Amount** |

Expenses may be converted in the same manner.

Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of a **Disclosure from Nonlawyer**, Florida Family Law Rules of Procedure Form 12.900(a), before he or she helps you.  A nonlawyer helping you fill out these forms also **must** put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.

Instructions for Florida Family Law Rules of Procedure Form 12.902(b), Family Law Financial Affidavit (Short Form) (11/20)

- 40 -

IN THE CIRCUIT COURT OF THE _____ JUDICIAL CIRCUIT,
IN AND FOR _____ COUNTY, FLORIDA

Case No.: _____
Division: _____

_____,
Petitioner,

and

_____,
Respondent.

# FAMILY LAW FINANCIAL AFFIDAVIT (SHORT FORM)

(Under $50,000 Individual Gross Annual Income)

I, *{full legal name}*_____, being sworn, certify that the following information is true:

My Occupation: _____ Employed by: _____

Business Address: _____

Pay rate: $ _____ ( ) every week ( ) every other week ( ) twice a month ( ) monthly ( ) other: _____

_____ Check here if unemployed and explain on a separate sheet your efforts to find employment.

**SECTION I. PRESENT MONTHLY GROSS INCOME:**
**All amounts must be MONTHLY.** See the instructions with this form to figure out money amounts for anything that is NOT paid monthly. Attach more paper, if needed. Items included under "other" should be listed separately with separate dollar amounts.

1. $_____ Monthly gross salary or wages
2. _____ Monthly bonuses, commissions, allowances, overtime, tips, and similar payments
3. _____ Monthly business income from sources such as self-employment, partnerships, close corporations, and/or independent contracts (gross receipts minus ordinary and necessary expenses required to produce income) (Attach sheet itemizing such income and expenses.)
4. _____ Monthly disability benefits/SSI
5. _____ Monthly Workers' Compensation
6. _____ Monthly Unemployment Compensation
7. _____ Monthly pension, retirement, or annuity payments
8. _____ Monthly Social Security benefits
9. _____ Monthly alimony actually received (Add 9a and 9b)
   9a. From this case: $ _____
   9b. From other case(s): $ _____

Florida Family Law Rules of Procedure Form 12.902(b), Family Law Financial Affidavit (Short Form) (11/20)

10. _____ Monthly interest and dividends

11. _____ Monthly rental income (gross receipts minus ordinary and necessary expenses required to produce income) (Attach sheet itemizing such income and expense items.)

12. _____ Monthly income from royalties, trusts, or estates

13. _____ Monthly reimbursed expenses and in-kind payments to the extent that they reduce personal living expenses

14. _____ Monthly gains derived from dealing in property (not including nonrecurring gains)

15. _____ Any other income of a recurring nature (list source) _____

16. _____

17. **$ _____ TOTAL PRESENT MONTHLY GROSS INCOME** (Add lines 1–16)

**PRESENT MONTHLY DEDUCTIONS:**

18. $_____ Monthly federal, state, and local income tax (corrected for filing status and allowable dependents and income tax liabilities)

    a. Filing Status _____

    b. Number of dependents claimed _____

19. _____ Monthly FICA or self-employment taxes

20. _____ Monthly Medicare payments

21. _____ Monthly mandatory union dues

22. _____ Monthly mandatory retirement payments

23. _____ Monthly health insurance payments (including dental insurance), excluding portion paid for any minor children of this relationship

24. _____ Monthly court-ordered child support actually paid for children from another relationship

25. _____ Monthly court-ordered alimony actually paid (Add 25a and 25b)

       25a. from this case:    $ _____

       25b. from other case(s): $ _____

26. **$_____ TOTAL DEDUCTIONS ALLOWABLE UNDER SECTION 61.30, FLORIDA STATUTES** (Add lines 18 through 25)

27. **$_____ PRESENT NET MONTHLY INCOME** (Subtract line 26 from line 17)

**SECTION II.  AVERAGE MONTHLY EXPENSES**

**Proposed/Estimated Expenses.** If this is a dissolution of marriage case **and** your expenses as listed below do not reflect what you actually pay currently, you should write "estimate" next to each amount that is estimated.

**A.  HOUSEHOLD:**

| | |
|---|---|
| Mortgage or rent | $ _____ |
| Property taxes | $_____ |
| Utilities | $_____ |
| Telephone | $ _____ |
| Food | $ _____ |
| Meals outside home | $_____ |
| Maintenance/Repairs | $ _____ |
| Other: _____ | $_____ |

**B.  AUTOMOBILE**

| | |
|---|---|
| Gasoline | $ _____ |
| Repairs | $_____ |
| Insurance | $_____ |

**C.  CHILD(REN)'S EXPENSES**

| | |
|---|---|
| Day care | $ _____ |
| Lunch money | $_____ |
| Clothing | $ _____ |
| Grooming | $_____ |
| Gifts for holidays | $ _____ |
| Medical/Dental (uninsured) | $ _____ |
| Other: _____ | $ _____ |

**D.  INSURANCE**

| | |
|---|---|
| Medical/Dental (if not listed on lines 23 or 45) | $ _____ |
| Child(ren)'s medical/dental | $ _____ |
| Life | $ _____ |
| Other: _____ | $ _____ |

**E.  OTHER EXPENSES NOT LISTED ABOVE**

| | |
|---|---|
| Clothing | $ _____ |
| Medical/Dental (uninsured) | $_____ |
| Grooming | $ _____ |
| Entertainment | $_____ |
| Gifts | $_____ |
| Religious organizations | $_____ |
| Miscellaneous | $_____ |
| Other: _____ | $ _____ |
| _____ | $_____ |
| _____ | $_____ |
| _____ | $_____ |
| _____ | $_____ |
| _____ | $_____ |

**F.  PAYMENTS TO CREDITORS**

| CREDITOR: | MONTHLY PAYMENT |
|---|---|
| _____ | $_____ |
| _____ | $_____ |
| _____ | $_____ |
| _____ | $_____ |
| _____ | $_____ |
| _____ | $_____ |
| _____ | $_____ |
| _____ | $_____ |
| _____ | $_____ |
| _____ | $_____ |
| _____ | $_____ |
| _____ | $_____ |

28. **$_____ TOTAL MONTHLY EXPENSES** (add **ALL** monthly amounts in A through F above)

**SUMMARY**
29. **$_____ TOTAL PRESENT MONTHLY NET INCOME** (from line 27 of SECTION I. INCOME)
30. **$_____ TOTAL MONTHLY EXPENSES** (from line 28 above)
31. **$_____ SURPLUS** (If line 29 is more than line 30, subtract line 30 from line 29. This is the amount of your surplus. Enter that amount here.)
32. **($_____) (DEFICIT)** (If line 30 is more than line 29, subtract line 29 from line 30. This is the amount of your deficit. Enter that amount here.)

**SECTION III. ASSETS AND LIABILITIES**
**Use the nonmarital column only if this is a petition for dissolution of marriage and you believe an item is "nonmarital," meaning it belongs to only one of you and should not be divided.** You should indicate to whom you believe the item(s) or debt belongs. (Typically, you will only use this column if property/debt was owned/owed by one spouse before the marriage. See the **"General Information for Self-Represented Litigants"** found at the beginning of these forms and section 61.075(1), Florida Statutes, for definitions of "marital" and "nonmarital" assets and liabilities.)

**A. ASSETS:**

| DESCRIPTION OF ITEM(S). List a description of each separate item owned by you (and/or your spouse, if this is a petition for dissolution of marriage). LIST ONLY LAST 4 DIGITS OF ACCOUNT NUMBERS. Check the line next to any asset(s) which you are requesting the judge award to you. | Current Fair Market Value | Nonmarital (check correct column) | |
|---|---|---|---|
| | | Petitioner | Respondent |
| Cash (on hand) | $ | | |
| Cash (in banks or credit unions) | | | |
| Stocks, Bonds, Notes | | | |
| Real estate: (Home) | | | |
| (Other) | | | |
| Automobiles | | | |
| Other personal property | | | |
| Retirement plans (Profit Sharing, Pension, IRA, 401(k)s, etc.) | | | |
| Other | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| ____Check here if additional pages are attached. | | | |
| **Total Assets** (add next column) | $ | | |

Florida Family Law Rules of Procedure Form 12.902(b), Family Law Financial Affidavit (Short Form) (11/20)

**B. LIABILITIES:**

| DESCRIPTION OF ITEM(S).  List a description of each separate debt owed by you (and/or your spouse, if this is a petition for dissolution of marriage). LIST ONLY LAST 4 DIGITS OF ACCOUNT NUMBERS. Check the line next to any debt(s) for which you believe you should be responsible. | Current Amount Owed | Nonmarital (check correct column) | |
|---|---|---|---|
| | | Petitioner | Respondent |
| Mortgages on real estate: First mortgage on home | $ | | |
| Second mortgage on home | | | |
| Other mortgages | | | |
| | | | |
| Auto loans | | | |
| | | | |
| Charge/credit card accounts | | | |
| | | | |
| | | | |
| | | | |
| Other | | | |
| | | | |
| | | | |
| | | | |
| ____Check here if additional pages are attached. | | | |
| **Total Debts**   (add next column) | **$** | | |

**C. CONTINGENT ASSETS AND LIABILITIES:**

INSTRUCTIONS:  If you have any **POSSIBLE assets** (income potential, accrued vacation or sick leave, bonus, inheritance, etc.) or **POSSIBLE liabilities** (possible lawsuits, future unpaid taxes, contingent tax liabilities, debts assumed by another), you must list them here.

| Contingent Assets Check the line next to any contingent asset(s) which you are requesting the judge award to you. | Possible Value | Nonmarital (check correct column) | |
|---|---|---|---|
| | | Petitioner | Respondent |
| | $ | | |
| | | | |
| **Total Contingent Assets** | **$** | | |

| Contingent Liabilities Check the line next to any contingent debt(s) for which you believe you should be responsible. | Possible Amount Owed | Nonmarital (check correct column) | |
|---|---|---|---|
| | | Petitioner | Respondent |
| | $ | | |
| | | | |
| **Total Contingent Liabilities** | **$** | | |

**SECTION IV.  CHILD SUPPORT GUIDELINES WORKSHEET**
(Florida Family Law Rules of Procedure Form 12.902(e), Child Support Guidelines Worksheet, MUST be filed with the court at or prior to a hearing to establish or modify child support. This requirement cannot be waived by the parties.)

[Check **one** only]
\_\_\_\_	**A Child Support Guidelines Worksheet IS or WILL BE filed in this case.** This case involves the establishment or modification of child support.
\_\_\_\_	**A Child Support Guidelines Worksheet IS NOT being filed in this case.**  The establishment or modification of child support is not an issue in this case.

I certify that a copy of this document was [**check all used**]: (    ) e-mailed (    ) mailed (    ) faxed
(    ) hand delivered to the person(s) listed below on *{date}* _____.

**Other party or his/her attorney:**
Name: _____
Address: _____
City, State, Zip: _____
Telephone Number: _____
Fax Number: _____
E-mail Address(es): _____

**Under penalties of perjury, I declare that I have read this document and the facts stated in it are true.**

Dated: _____	_____
	Signature of Party
	Printed Name: _____
	Address: _____
	City, State, Zip: _____
	Telephone Number: _____
	Fax Number: _____
	E-mail Address(es): _____

**IF A NONLAWYER HELPED YOU FILL OUT THIS FORM, HE/SHE MUST FILL IN THE BLANKS BELOW:**
[fill in **all** blanks] This form was prepared for the: *{choose only **one**}* (    ) Petitioner (    ) Respondent
This form was completed with the assistance of:
*{name of individual}* _____,
*{name of business}* _____,
*{address}* _____,
*{city}* _____, *{state}* \_\_\_\_, *{zip code}* _____, *{telephone number}* _____.

# INSTRUCTIONS FOR FLORIDA FAMILY LAW RULE OF PROCEDURE
# FORM 12.902(c)
# FAMILY LAW FINANCIAL AFFIDAVIT (LONG FORM)
# (11/20)

## When should this form be used?

This form should be used when you are involved in a family law case which requires a **financial affidavit and your individual gross income is $50,000 OR MORE per year** unless:

(1) You are filing a simplified dissolution of marriage under rule 12.105 and both parties have waived the filing of financial affidavits;
(2) you have no minor children, no support issues, and have filed a written settlement agreement disposing of all financial issues; or
(3) the court lacks jurisdiction to determine any financial issues.

This form should be typed or printed in black ink.  After completing this form, you should sign the form. You should then **file** this document with the **clerk of the circuit court** in the county where the **petition** was filed and keep a copy for your records.

## What should I do next?

A copy of this form must be served on the other **party** in your case within 45 days of being served with the petition, if it is not served on him or her with your initial papers.  **Service** must be in accordance with Florida Rule of Judicial Administration 2.516.

A copy of this form must be filed with the court and served on the other party or his or her attorney. The copy you are serving to the other party must be either mailed, e-mailed, or hand-delivered to the opposing party or his or her attorney on the same day indicated on the certificate of service. If it is mailed, it must be postmarked on the date indicated in the certificate of service.

## Where can I look for more information?

**Before proceeding, you should read "General Information for Self-Represented Litigants" found at the beginning of these forms.**  The words that are in **"bold underline"** in these instructions are defined there. For further information, see Florida Family Law Rule of Procedure 12.285.

## IMPORTANT INFORMATION REGARDING E-FILING

The Florida Rules of Judicial Administration now require that all petitions, pleadings, and documents be filed electronically except in certain circumstances. **Self-represented litigants may file petitions or other pleadings or documents electronically; however, they are not required to do so.** If you choose to file your pleadings or other documents electronically, you must do so in accordance with Florida Rule of Judicial Administration 2.525, and you must follow the procedures of the judicial circuit in which you file. The rules and procedures should be carefully read and followed.

Instructions for Florida Family Law Rules of Procedure Form 12.902(c), Family Law Financial Affidavit (Long Form) (11/20)

- 47 -

# IMPORTANT INFORMATION REGARDING E-SERVICE ELECTION

After the initial service of process of the petition or supplemental petition by the Sheriff or certified process server, the Florida Rules of Judicial Administration now require that all documents required or permitted to be served on the other party must be served by electronic mail (e-mail) except in certain circumstances. **You must strictly comply with the format requirements set forth in the Florida Rules of Judicial Administration**. If you elect to participate in electronic service, which means serving or receiving pleadings by electronic mail (e-mail), or through the Florida Courts E-Filing Portal, you must review Florida Rule of Judicial Administration 2.516. You may find this rule at www.flcourts.org through the link to the Rules of Judicial Administration provided under either Family Law Forms: Getting Started, or Rules of Court in the A-Z Topical Index.

**SELF-REPRESENTED LITIGANTS MAY SERVE DOCUMENTS BY E-MAIL; HOWEVER, THEY ARE NOT REQUIRED TO DO SO.** If a self-represented litigant elects to serve and receive documents by email, the procedures must always be followed once the initial election is made.

To serve and receive documents by e-mail, you must designate your e-mail addresses by using the Designation of Current Mailing and E-mail Address, Florida Supreme Court Approved Family Law Form 12.915, and you must provide your e-mail address on each form on which your signature appears. Please **CAREFULLY** read the rules and instructions for: **Certificate of Service (General), Florida Supreme Court Approved Family Law Form 12.914; Designation of Current Mailing and E-mail Address**, Florida Supreme Court Approved Family Law Form 12.915; and Florida Rule of Judicial Administration 2.516.

## Special notes...

If you want to keep your address confidential because you have been found by a judge to be the victim of sexual battery, aggravated child abuse, aggravated stalking, harassment, aggravated battery, or domestic violence do not enter the address, telephone, and fax information at the bottom of this form.  Instead, file **Request for Confidential Filing of Address**, Florida Supreme Court Approved Family Law Form 12.980(h).

The affidavit must be completed using **monthly** income and expense amounts.  If you are paid or your bills are due on a schedule which is not monthly, you must convert those amounts.  Hints are provided below for making these conversions.

Instructions for Florida Family Law Rules of Procedure Form 12.902(c), Family Law Financial Affidavit (Long Form) (11/20)

- 48 -

**Hourly** - If you are paid by the hour, you may convert your income to monthly as follows:

| | | | | |
|---|---|---|---|---|
| Hourly amount | x | Hours worked per week | = | Weekly amount |
| Weekly amount | x | 52 Weeks per year | = | Yearly amount |
| Yearly amount | ÷ | 12 Months per year | = | **Monthly Amount** |

**Daily** - If you are paid by the day, you may convert your income to monthly as follows:

| | | | | |
|---|---|---|---|---|
| Daily amount | x | Days worked per week | = | Weekly amount |
| Weekly amount | x | 52 Weeks per year | = | Yearly amount |
| Yearly amount | ÷ | 12 Months per year | = | **Monthly Amount** |

**Weekly** - If you are paid by the week, you may convert your income to monthly as follows:

| | | | | |
|---|---|---|---|---|
| Weekly amount | x | 52 Weeks per year | = | Yearly amount |
| Yearly amount | ÷ | 12 Months per year | = | **Monthly Amount** |

**Bi-weekly** - If you are paid every two weeks, you may convert your income to monthly as follows:

| | | | | |
|---|---|---|---|---|
| Bi-weekly amount | x | 26 | = | Yearly amount |
| Yearly amount | ÷ | 12 Months per year | = | **Monthly Amount** |

**Semi-monthly** - If you are paid twice per month, you may convert your income to monthly as follows:

| | | | | |
|---|---|---|---|---|
| Semi-monthly amount | x | 2 | = | **Monthly Amount** |

Expenses may be converted in the same manner.

Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of a **Disclosure from Nonlawyer**, Florida Family Law Rules of Procedure Form 12.900(a), before he or she helps you. A nonlawyer helping you fill out these forms also **must** put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.

Instructions for Florida Family Law Rules of Procedure Form 12.902(c), Family Law Financial Affidavit (Long Form) (11/20)

- 49 -

IN THE CIRCUIT COURT OF THE _____ JUDICIAL CIRCUIT,
IN AND FOR _____ COUNTY, FLORIDA

Case No.: _____
Division: _____

_____,
Petitioner,

and

_____,
Respondent.

# FAMILY LAW FINANCIAL AFFIDAVIT (LONG FORM)

($50,000 or more Individual Gross Annual Income)

I, *{full legal name}* _____, being sworn, certify
that the following information is true:

| SECTION I.  INCOME |
|---|

1. My age is:_____

2. My occupation is: _____

3. I am currently

   *[Check **all** that apply]*

   a. _____ Unemployed

   Describe your efforts to find employment, how soon you expect to be employed, and the pay
   you expect to receive: _____

   _____

   b. _____ Employed by: _____

   Address: _____

   City, State, Zip code: _____ Telephone Number: _____

   Pay rate: $ _____ (   ) every week (   ) every other week (   ) twice a month

   (   ) monthly (   ) other: _____

   If you are expecting to become unemployed or change jobs soon, describe the change you
   expect and why and how it will affect your income: _____

   _____

   _____.

   _____ Check here if you currently have more than one job.  List the information above for the
   second job(s) on a separate sheet and attach it to this affidavit.

c. _____ Retired.  Date of retirement: _____

   Employer from whom retired: _____

   Address: _____

   City, State, Zip code: _____ Telephone Number: _____

**LAST YEAR'S GROSS INCOME:**                Your Income              Other Party's Income *(if known)*

   YEAR _____                               $ _____               $ _____

**PRESENT MONTHLY GROSS INCOME:**

**All amounts must be MONTHLY.**  See the instructions with this form to figure out money amounts for anything that is NOT paid monthly.  Attach more paper, if needed.  Items included under "other" should be listed separately with separate dollar amounts.

1. $_____ Monthly gross salary or wages
2. _____ Monthly bonuses, commissions, allowances, overtime, tips, and similar payments
3. _____ Monthly business income from sources such as self-employment, partnerships, close corporations, and/or independent contracts (Gross receipts minus ordinary and necessary expenses required to produce income.)(Attach sheet itemizing such income and expenses.)
4. _____ Monthly disability benefits/SSI
5. _____ Monthly Workers' Compensation
6. _____ Monthly Unemployment Compensation
7. _____ Monthly pension, retirement, or annuity payments
8. _____ Monthly Social Security benefits
9. _____ Monthly alimony actually received (Add 9a and 9b)
    9a. From this case:  $_____
    9b. From other case(s): $_____
10. _____ Monthly interest and dividends
11. _____ Monthly rental income (gross receipts minus ordinary and necessary expenses required to produce income) (Attach sheet itemizing such income and expense items.)
12. _____ Monthly income from royalties, trusts, or estates
13. _____ Monthly reimbursed expenses and in-kind payments to the extent that they reduce personal living expenses (Attach sheet itemizing each item and amount.)
14. _____ Monthly gains derived from dealing in property (not including nonrecurring gains)
    _____ Any other income of a recurring nature (identify source):
15. _____
16. _____
17. $_____ **TOTAL PRESENT MONTHLY GROSS INCOME** (Add lines 1 through 16.)

**PRESENT MONTHLY DEDUCTIONS:**
**All amounts must be MONTHLY.**  See the instructions with this form to figure out money amounts for anything that is NOT paid monthly.
18. $_____ Monthly federal, state, and local income tax (corrected for filing status and allowable dependents and income tax liabilities)
    a. Filing Status _____
    b. Number of dependents claimed _____
19. _____ Monthly FICA or self-employment taxes
20. _____ Monthly Medicare payments
21. _____ Monthly mandatory union dues

Florida Family Law Rules of Procedure Form 12.902(c), Family Law Financial Affidavit (Long Form) (11/20)

22. _____ Monthly mandatory retirement payments
23. _____ Monthly health insurance payments (including dental insurance), excluding portion paid for any minor children of this relationship
24. _____ Monthly court-ordered child support actually paid for children from another relationship
25. _____ Monthly court-ordered alimony actually paid (Add 25a and 25b)
       25a. from this case: $ _____
       25b. from other case(s): $ _____

26. **$_____ TOTAL DEDUCTIONS ALLOWABLE UNDER SECTION 61.30, FLORIDA STATUTES**
       (Add lines 18 through 25.)

27. **$_____ PRESENT NET MONTHLY INCOME**
       (Subtract line 26 from line 17.)

---

**SECTION II.  AVERAGE MONTHLY EXPENSES**

**Proposed/Estimated Expenses.** If this is a dissolution of marriage case **and** your expenses as listed below do not reflect what you actually pay currently, you should write "estimate" next to each amount that is estimated.

**HOUSEHOLD:**
1. $_____ Monthly mortgage or rent payments
2. _____ Monthly property taxes (if not included in mortgage)
3. _____ Monthly insurance on residence (if not included in mortgage)
4. _____ Monthly condominium maintenance fees and homeowner's association fees
5. _____ Monthly electricity
6. _____ Monthly water, garbage, and sewer
7. _____ Monthly telephone
8. _____ Monthly fuel oil or natural gas
9. _____ Monthly repairs and maintenance
10. _____ Monthly lawn care
11. _____ Monthly pool maintenance
12. _____ Monthly pest control
13. _____ Monthly misc. household
14. _____ Monthly food and home supplies
15. _____ Monthly meals outside home
16. _____ Monthly cable t.v.
17. _____ Monthly alarm service contract
18. _____ Monthly service contracts on appliances
19. _____ Monthly maid service
Other:
20. _____
21. _____
22. _____
23. _____
24. _____
25. **$_____ SUBTOTAL** (Add lines 1 through 24.)

**AUTOMOBILE:**

26. $_____ Monthly gasoline and oil
27. _____ Monthly repairs
28. _____ Monthly auto tags and emission testing
29. _____ Monthly insurance
30. _____ Monthly payments (lease or financing)
31. _____ Monthly rental/replacements
32. _____ Monthly alternative transportation (bus, rail, car pool, etc.)
33. _____ Monthly tolls and parking
34. _____ Other: _____
35. $_____ **SUBTOTAL** (Add lines 26 through 34.)

**MONTHLY EXPENSES FOR CHILDREN COMMON TO BOTH PARTIES:**

36. $_____ Monthly nursery, babysitting, or day care
37. _____ Monthly school tuition
38. _____ Monthly school supplies, books, and fees
39. _____ Monthly after school activities
40. _____ Monthly lunch money
41. _____ Monthly private lessons or tutoring
42. _____ Monthly allowances
43. _____ Monthly clothing and uniforms
44. _____ Monthly entertainment (movies, parties, etc.)
45. _____ Monthly health insurance
46. _____ Monthly medical, dental, prescriptions (nonreimbursed only)
47. _____ Monthly psychiatric/psychological/counselor
48. _____ Monthly orthodontic
49. _____ Monthly vitamins
50. _____ Monthly beauty parlor/barber shop
51. _____ Monthly nonprescription medication
52. _____ Monthly cosmetics, toiletries, and sundries
53. _____ Monthly gifts from child(ren) to others (other children, relatives, teachers, etc.)
54. _____ Monthly camp or summer activities
55. _____ Monthly clubs (Boy/Girl Scouts, etc.)
56. _____ Monthly time-sharing expenses
57. _____ Monthly miscellaneous
58. $_____ **SUBTOTAL** (Add lines 36 through 57.)

**MONTHLY EXPENSES FOR CHILD(REN) FROM ANOTHER RELATIONSHIP**
(other than court-ordered child support)

59. $_____
60. _____
61. _____
62. _____
63. $_____ **SUBTOTAL** (Add lines 59 through 62.)

**MONTHLY INSURANCE:**

64. $_____ Health insurance (if not listed on lines 23 or 45)

65. _____ Life insurance

66. _____ Dental insurance.

Other:

67._____

68._____

69. **$_____ SUBTOTAL** (Add lines 66 through 68, exclude lines 64 and 65.)


**OTHER MONTHLY EXPENSES NOT LISTED ABOVE:**

70. $_____ Monthly dry cleaning and laundry

71. _____Monthly clothing

72. _____ Monthly medical, dental, and prescription (unreimbursed only)

73. _____ Monthly psychiatric, psychological, or counselor (unreimbursed only)

74. _____ Monthly non-prescription medications, cosmetics, toiletries, and sundries

75. _____ Monthly grooming

76._____ Monthly gifts

77._____ Monthly pet expenses

78._____ Monthly club dues and membership

79._____ Monthly sports and hobbies

80._____ Monthly entertainment

81._____ Monthly periodicals/books/tapes/CDs

82._____ Monthly vacations

83._____ Monthly religious organizations

84._____ Monthly bank charges/credit card fees

85._____ Monthly education expenses

86._____ Other: (include any usual and customary expenses not otherwise mentioned in the items listed above)_____

87._____

88._____

89._____

90. **$_____ SUBTOTAL** (Add lines 70 through 89.)


**MONTHLY PAYMENTS TO CREDITORS:** (only when payments are currently made by you on outstanding balances). List only last 4 digits of account numbers.

MONTHLY PAYMENT AND NAME OF CREDITOR(s):

91. $_____

92._____

93._____

94._____

95._____

96._____

97._____

98._____

99._____

100._____

101._____

102._____

Florida Family Law Rules of Procedure Form 12.902(c), Family Law Financial Affidavit (Long Form) (11/20)

103._____

104. **$_____ SUBTOTAL** (Add lines 91 through 103.)

105. **$_____TOTAL MONTHLY EXPENSES:**

(Add lines 25, 35, 58, 63, 69, 90, and 104 of Section II, Expenses.)

**SUMMARY**

106. **$_____ TOTAL PRESENT MONTHLY NET INCOME** (from line 27 of SECTION I.  INCOME)

107. **$_____ TOTAL MONTHLY EXPENSES** (from line 105 above)

108. **$_____ SURPLUS** (If line 106 is more than line 107, subtract line 107 from line 106.  This is the amount of your surplus.  Enter that amount here.)

109. **($_____)(DEFICIT)** (If line 107 is more than line 106, subtract line 106 from line 107.  This is the amount of your deficit.  Enter that amount here.)

---

**SECTION III.  ASSETS AND LIABILITIES**

A. **ASSETS  (This is where you list what you OWN.)**

**INSTRUCTIONS:**

**STEP 1:  In column A,** list a description of each separate item owned by you (and/or your spouse, if this is a petition for dissolution of marriage).  Blank spaces are provided if you need to list more than one of an item.

**STEP 2:** If this is a petition for dissolution of marriage, check the line **in Column A** next to any item that you are requesting the judge award to you.

**STEP 3:  In column B,** write what you believe to be the current fair market value of all items listed.

**STEP 4:  Use column C only if this is a petition for dissolution of marriage and you believe an item is "nonmarital," meaning it belongs to only one of you and should not be divided.**  You should indicate to whom you believe the item belongs.  (Typically, you will only use Column C if property was owned by one spouse before the marriage.  See the **"General Information for Self-Represented Litigants"** found at the beginning of these forms and section 61.075(1), Florida Statutes, for definitions of "marital" and "nonmarital" assets and liabilities.)

| A<br>ASSETS: DESCRIPTION OF ITEM(S)<br><br>**LIST ONLY LAST FOUR DIGITS OF ACCOUNT NUMBERS. Check the line next to any asset(s) which you are requesting the judge award to you.** | B<br>Current<br>Fair<br>Market<br>Value | C<br>Nonmarital<br>(Check correct column) | |
|---|---|---|---|
| | | Petitioner | Respondent |
| Cash (on hand) | $ | | |
| Cash (in banks or credit unions) | | | |
| | | | |
| Stocks/Bonds | | | |
| | | | |
| | | | |
| Notes (money owed to you in writing) | | | |
| | | | |
| | | | |
| Money owed to you (not evidenced by a note) | | | |
| | | | |
| | | | |
| Real estate: (Home) | | | |
| (Other) | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| Business interests | | | |
| | | | |
| | | | |
| | | | |
| Automobiles | | | |
| | | | |
| | | | |
| Boats | | | |
| | | | |
| | | | |
| Other vehicles | | | |

Florida Family Law Rules of Procedure Form 12.902(c), Family Law Financial Affidavit (Long Form) (11/20)

| | | | |
|---|---|---|---|
| | | | |
| | Retirement plans (Profit Sharing, Pension, IRA, 401(k)s, etc.) | | | |
| | | | | |
| | | | | |
| | | | | |
| | Furniture & furnishings in home | | | |
| | | | | |
| | Furniture & furnishings elsewhere | | | |
| | | | | |
| | Collectibles | | | |
| | | | | |
| | Jewelry | | | |
| | | | | |
| | Life insurance (cash surrender value) | | | |
| | | | | |
| | | | | |
| | Sporting and entertainment (T.V., stereo, etc.) equipment | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | Other assets: | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| **Total Assets** (add column B) | $ | | |

B. **LIABILITIES/DEBTS (This is where you list what you OWE.)**

   **INSTRUCTIONS:**

   **STEP 1:** **In column A**, list a description of each separate debt owed by you (and/or your spouse, if this is a petition for dissolution of marriage). Blank spaces are provided if you need to list more than one of an item.

   **STEP 2:** If this is a petition for dissolution of marriage, check the line **in Column A** next to any debt(s) for which you believe you should be responsible.

   **STEP 3:** **In column B**, write what you believe to be the current amount owed for all items listed.

   **STEP 4:** **Use column C only if this is a petition for dissolution of marriage and you believe an item is "nonmarital," meaning the debt belongs to only one of you and should not be divided.** You should indicate to whom you believe the debt belongs. (Typically, you will only use Column C if the debt was owed by one spouse before the marriage. See the **"General Information for Self-Represented Litigants"** found at the beginning of these forms and section 61.075(1), Florida Statutes, for definitions of "marital" and "nonmarital" assets and liabilities.)

| A<br>LIABILITIES:  DESCRIPTION OF ITEM(S)<br><br>LIST ONLY LAST FOUR DIGITS OF ACCOUNT NUMBERS.<br>**Check the line next to any debt(s) for which you believe you should be responsible.** | | B<br>Current Amount Owed | C<br>Nonmarital<br>(Check correct column) | |
|---|---|---|---|---|
| | | | Petitioner | Respondent |
| | Mortgages on real estate: First mortgage on home | $ | | |
| | Second mortgage on home | | | |
| | Other mortgages | | | |
| | | | | |
| | Charge/credit card accounts | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | Auto loan | | | |
| | Auto loan | | | |
| | Bank/Credit Union loans | | | |
| | | | | |
| | | | | |
| | | | | |
| | Money you owe (not evidenced by a note) | | | |
| | | | | |
| | Judgments | | | |
| | | | | |
| | Other: | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| **Total Debts**  (add column B) | | $ | | |

Florida Family Law Rules of Procedure Form 12.902(c), Family Law Financial Affidavit (Long Form) (11/20)

**C.** **NET WORTH (excluding contingent assets and liabilities)**

$_____Total Assets (enter total of Column B in Asset Table; Section A)

$_____Total Liabilities (enter total of Column B in Liabilities Table; Section B)

$_____**TOTAL NET WORTH (Total Assets minus Total Liabilities)**
(excluding contingent assets and liabilities)

**D.** **CONTINGENT ASSETS AND LIABILITIES**
**INSTRUCTIONS:**

If you have any **POSSIBLE assets** (income potential, accrued vacation or sick leave, bonus, inheritance, etc.) or **POSSIBLE liabilities** (possible lawsuits, future unpaid taxes, contingent tax liabilities, debts assumed by another), you must list them here.

| A<br>Contingent Assets<br><br>Check the line next to any contingent asset(s) which you are requesting the judge award to you. | B<br><br>Possible Value | C<br>Nonmarital<br>(Check correct column) | |
|---|---|---|---|
| | | Petitioner | Respondent |
| | $ | | |
| | | | |
| | | | |
| | | | |
| | | | |
| **Total Contingent Assets** | **$** | | |

| A<br>Contingent Liabilities<br><br>Check the line next to any contingent debt(s) for which you believe you should be responsible. | B<br><br>Possible Amount Owed | C<br>Nonmarital<br>(Check correct column) | |
|---|---|---|---|
| | | Petitioner | Respondent |
| | $ | | |
| | | | |
| | | | |
| | | | |
| | | | |
| **Total Contingent Liabilities** | **$** | | |

**E.** **CHILD SUPPORT GUIDELINES WORKSHEET.** Florida Family Law Rules of Procedure Form 12.902(e), Child Support Guidelines Worksheet, MUST be filed with the court at or prior to a hearing to establish or modify child support. This requirement cannot be waived by the parties.

Florida Family Law Rules of Procedure Form 12.902(c), Family Law Financial Affidavit (Long Form) (11/20)

[Check **one** only]

_____**A Child Support Guidelines Worksheet IS or WILL BE filed in this case.** This case involves the establishment or modification of child support.

_____**A Child Support Guidelines Worksheet IS NOT being filed in this case.** The establishment or modification of child support is not an issue in this case.

**I certify that a copy of this financial affidavit was [check all used]: (   ) e-mailed (   ) mailed, (   ) faxed (   ) hand delivered to the person(s) listed below on** *{date}* _____.

**Other party or his/her attorney:**
Name: _____
Address: _____
City, State, Zip: _____
Telephone Number: _____
Fax Number: _____
E-mail Address(es): _____

**Under penalties of perjury, I declare that I have read this document and the facts stated in it are true.**

Dated: _____          _____
                                                              Signature of Party
                                                              Printed Name: _____
                                                              Address: _____
                                                              City, State, Zip: _____
                                                              Telephone Number: _____
                                                              Fax Number: _____
                                                              E-mail Address(es): _____

**IF A NONLAWYER HELPED YOU FILL OUT THIS FORM, HE/SHE MUST FILL IN THE BLANKS BELOW:**
 [fill in **all** blanks] This form was prepared for the: *{choose only **one**}* (   ) Petitioner (   ) Respondent
This form was completed with the assistance of:
*{name of individual}* _____,
*{name of business}* _____,
*{address}* _____ _____,
*{city}* _____,*{state}* _____, *{telephone number}* _____.

# INSTRUCTIONS FOR FLORIDA FAMILY LAW RULES OF PROCEDURE FORM 12.902(e)
# CHILD SUPPORT GUIDELINES WORKSHEET (11/20)

## When should this form be used?

You should complete this worksheet if **child support** is being requested in your case. If you know the income of the other **party**, this worksheet should accompany your **financial affidavit**. If you do not know the other party's income, this form must be completed after the other party files his or her financial affidavit, and **serves** a copy on you.

This form should be typed or printed in black ink. You should file this document with the **clerk of the circuit court** in the county where your case is filed and keep a copy for your records.

## What should I do next?

A copy of this form must be filed with the court and served on the other party or his or her attorney. The copy you are serving to the other party must be either mailed, emailed, or hand-delivered to the opposing party or his or her attorney on the same day indicated on the certificate of service. If it is mailed, it must be postmarked on the date indicated in the certificate of service. **Service** must be in accordance with Florida Rule of Judicial Administration 2.516.

## IMPORTANT INFORMATION REGARDING E-FILING

The Florida Rules of Judicial Administration now require that all petitions, pleadings, and documents be filed electronically except in certain circumstances. **Self-represented litigants may file petitions or other pleadings or documents electronically; however, they are not required to do so.** If you choose to file your pleadings or other documents electronically, you must do so in accordance with Florida Rule of Judicial Administration 2.525, and you must follow the procedures of the judicial circuit in which you file. The rules and procedures should be carefully read and followed.

## IMPORTANT INFORMATION REGARDING E-SERVICE ELECTION

After the initial service of process of the petition or supplemental petition by the Sheriff or certified process server, the Florida Rules of Judicial Administration now require that all documents required or permitted to be served on the other party must be served by electronic mail (e-mail) except in certain circumstances. **You must strictly comply with the format requirements set forth in the Florida Rules of Judicial Administration**. If you elect to participate in electronic service, which means serving or receiving pleadings by electronic mail (e-mail), or through the Florida Courts E-Filing Portal, you must review Florida Rule of Judicial Administration 2.516. You may find this rule at www.flcourts.org through the link to the Rules of Judicial Administration provided under either Family Law Forms: Getting Started, or Rules of Court in the A-Z Topical Index.

**SELF-REPRESENTED LITIGANTS MAY SERVE DOCUMENTS BY E-MAIL; HOWEVER, THEY ARE NOT REQUIRED TO DO SO.** If a self-represented litigant elects to serve and receive documents by email, the procedures must always be followed once the initial election is made.

To serve and receive documents by e-mail, you must designate your e-mail addresses by using the Designation of Current Mailing and E-mail Address, Florida Supreme Court Approved Family Law Form 12.915, and you must provide your e-mail address on each form on which your signature appears. Please **CAREFULLY** read the rules and instructions for: **Certificate of Service (General), Florida Supreme Court Approved Family Law Form 12.914; Designation of Current Mailing and E-mail Address**, Florida Supreme Court Approved Family Law Form 12.915; and Florida Rule of Judicial Administration 2.516.

## Where can I look for more information?

**Before proceeding, you should read "General Information for Self-Represented Litigants" found at the beginning of these forms.** The words that are in **"bold underline"** in these instructions are defined there. For further information, see section 61.30, Florida Statutes.

## Special notes. . .

If you want to keep your address confidential because you have been found by a judge to be the victim of sexual battery, aggravated child abuse, aggravated stalking, harassment, aggravated battery or domestic violence, do not enter the address, telephone, and fax information at the bottom of this form. Instead, file **Request for Confidential Filing of Address**, Florida Supreme Court Approved Family Law Form 12.980(h).

The chart below contains the guideline amounts that you should use when calculating child support. This amount is based on the number of children and the combined income of the parents, and it is divided between the parents in direct proportion to their income or earning capacity. From time to time, some of the amounts in the child support guidelines chart will change. Be sure you have the most recent version of the chart before using it.

Because the guidelines are based on monthly amounts, it may be necessary to convert some income and expense figures from other frequencies to monthly. You should do this as follows:

| | | | | | |
|---|---|---|---|---|---|
| **If payment is twice per month** | Payment amount | x | 2 | = | **Monthly amount** |
| **If payment is every two weeks** | Payment amount | x | 26 | = | Yearly amount due |
| | Yearly amount | ÷ | 12 | = | **Monthly amount** |
| **If payment is weekly** | Weekly amount | x | 52 | = | Yearly amount due |
| | Yearly amount | ÷ | 12 | = | **Monthly amount** |

If you or the other parent request that the court award an amount that is different than the guideline amount, you must also complete and attach a **Motion to Deviate from Child Support Guidelines**, Florida Supreme Court Approved Family Law Form 12.943.

Instructions for Florida Family Law Rules of Procedure Form 12.902(e), Child Support Guidelines Worksheet (11/20)

Remember, a person who is NOT an attorney is called a nonlawyer.  If a nonlawyer helps you fill out these forms, that person must give you a copy of a **Disclosure from Nonlawyer**, Florida Family Law Rules of Procedure Form 12.900(a), before he or she helps you.  A nonlawyer helping you fill out these forms also **must** put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.

# CHILD SUPPORT GUIDELINES CHART

| Combined Monthly Available Income | One Child | Two Children | Three Children | Four Children | Five Children | Six Children |
|---|---|---|---|---|---|---|
| 800.00 | 190 | 211 | 213 | 216 | 218 | 220 |
| 850.00 | 202 | 257 | 259 | 262 | 265 | 268 |
| 900.00 | 213 | 302 | 305 | 309 | 312 | 315 |
| 950.00 | 224 | 347 | 351 | 355 | 359 | 363 |
| 1000.00 | 235 | 365 | 397 | 402 | 406 | 410 |
| 1050.00 | 246 | 382 | 443 | 448 | 453 | 458 |
| 1100.00 | 258 | 400 | 489 | 495 | 500 | 505 |
| 1150.00 | 269 | 417 | 522 | 541 | 547 | 553 |
| 1200.00 | 280 | 435 | 544 | 588 | 594 | 600 |
| 1250.00 | 290 | 451 | 565 | 634 | 641 | 648 |
| 1300.00 | 300 | 467 | 584 | 659 | 688 | 695 |
| 1350.00 | 310 | 482 | 603 | 681 | 735 | 743 |
| 1400.00 | 320 | 498 | 623 | 702 | 765 | 790 |
| 1450.00 | 330 | 513 | 642 | 724 | 789 | 838 |
| 1500.00 | 340 | 529 | 662 | 746 | 813 | 869 |
| 1550.00 | 350 | 544 | 681 | 768 | 836 | 895 |
| 1600.00 | 360 | 560 | 701 | 790 | 860 | 920 |
| 1650.00 | 370 | 575 | 720 | 812 | 884 | 945 |
| 1700.00 | 380 | 591 | 740 | 833 | 907 | 971 |
| 1750.00 | 390 | 606 | 759 | 855 | 931 | 996 |
| 1800.00 | 400 | 622 | 779 | 877 | 955 | 1022 |
| 1850.00 | 410 | 638 | 798 | 900 | 979 | 1048 |
| 1900.00 | 421 | 654 | 818 | 923 | 1004 | 1074 |
| 1950.00 | 431 | 670 | 839 | 946 | 1029 | 1101 |
| 2000.00 | 442 | 686 | 859 | 968 | 1054 | 1128 |
| 2050.00 | 452 | 702 | 879 | 991 | 1079 | 1154 |
| 2100.00 | 463 | 718 | 899 | 1014 | 1104 | 1181 |
| 2150.00 | 473 | 734 | 919 | 1037 | 1129 | 1207 |
| 2200.00 | 484 | 751 | 940 | 1060 | 1154 | 1234 |
| 2250.00 | 494 | 767 | 960 | 1082 | 1179 | 1261 |
| 2300.00 | 505 | 783 | 980 | 1105 | 1204 | 1287 |
| 2350.00 | 515 | 799 | 1000 | 1128 | 1229 | 1314 |
| 2400.00 | 526 | 815 | 1020 | 1151 | 1254 | 1340 |
| 2450.00 | 536 | 831 | 1041 | 1174 | 1279 | 1367 |
| 2500.00 | 547 | 847 | 1061 | 1196 | 1304 | 1394 |
| 2550.00 | 557 | 864 | 1081 | 1219 | 1329 | 1420 |
| 2600.00 | 568 | 880 | 1101 | 1242 | 1354 | 1447 |
| 2650.00 | 578 | 896 | 1121 | 1265 | 1379 | 1473 |
| 2700.00 | 588 | 912 | 1141 | 1287 | 1403 | 1500 |

Instructions for Florida Family Law Rules of Procedure Form 12.902(e), Child Support Guidelines Worksheet (11/20)

| Combined Monthly Available Income | One Child | Two Children | Three Children | Four Children | Five Children | Six Children |
|---|---|---|---|---|---|---|
| 2750.00 | 597 | 927 | 1160 | 1308 | 1426 | 1524 |
| 2800.00 | 607 | 941 | 1178 | 1328 | 1448 | 1549 |
| 2850.00 | 616 | 956 | 1197 | 1349 | 1471 | 1573 |
| 2900.00 | 626 | 971 | 1215 | 1370 | 1494 | 1598 |
| 2950.00 | 635 | 986 | 1234 | 1391 | 1517 | 1622 |
| 3000.00 | 644 | 1001 | 1252 | 1412 | 1540 | 1647 |
| 3050.00 | 654 | 1016 | 1271 | 1433 | 1563 | 1671 |
| 3100.00 | 663 | 1031 | 1289 | 1453 | 1586 | 1695 |
| 3150.00 | 673 | 1045 | 1308 | 1474 | 1608 | 1720 |
| 3200.00 | 682 | 1060 | 1327 | 1495 | 1631 | 1744 |
| 3250.00 | 691 | 1075 | 1345 | 1516 | 1654 | 1769 |
| 3300.00 | 701 | 1090 | 1364 | 1537 | 1677 | 1793 |
| 3350.00 | 710 | 1105 | 1382 | 1558 | 1700 | 1818 |
| 3400.00 | 720 | 1120 | 1401 | 1579 | 1723 | 1842 |
| 3450.00 | 729 | 1135 | 1419 | 1599 | 1745 | 1867 |
| 3500.00 | 738 | 1149 | 1438 | 1620 | 1768 | 1891 |
| 3550.00 | 748 | 1164 | 1456 | 1641 | 1791 | 1915 |
| 3600.00 | 757 | 1179 | 1475 | 1662 | 1814 | 1940 |
| 3650.00 | 767 | 1194 | 1493 | 1683 | 1837 | 1964 |
| 3700.00 | 776 | 1208 | 1503 | 1702 | 1857 | 1987 |
| 3750.00 | 784 | 1221 | 1520 | 1721 | 1878 | 2009 |
| 3800.00 | 793 | 1234 | 1536 | 1740 | 1899 | 2031 |
| 3850.00 | 802 | 1248 | 1553 | 1759 | 1920 | 2053 |
| 3900.00 | 811 | 1261 | 1570 | 1778 | 1940 | 2075 |
| 3950.00 | 819 | 1275 | 1587 | 1797 | 1961 | 2097 |
| 4000.00 | 828 | 1288 | 1603 | 1816 | 1982 | 2119 |
| 4050.00 | 837 | 1302 | 1620 | 1835 | 2002 | 2141 |
| 4100.00 | 846 | 1315 | 1637 | 1854 | 2023 | 2163 |
| 4150.00 | 854 | 1329 | 1654 | 1873 | 2044 | 2185 |
| 4200.00 | 863 | 1342 | 1670 | 1892 | 2064 | 2207 |
| 4250.00 | 872 | 1355 | 1687 | 1911 | 2085 | 2229 |
| 4300.00 | 881 | 1369 | 1704 | 1930 | 2106 | 2251 |
| 4350.00 | 889 | 1382 | 1721 | 1949 | 2127 | 2273 |
| 4400.00 | 898 | 1396 | 1737 | 1968 | 2147 | 2295 |
| 4450.00 | 907 | 1409 | 1754 | 1987 | 2168 | 2317 |
| 4500.00 | 916 | 1423 | 1771 | 2006 | 2189 | 2339 |
| 4550.00 | 924 | 1436 | 1788 | 2024 | 2209 | 2361 |
| 4600.00 | 933 | 1450 | 1804 | 2043 | 2230 | 2384 |
| 4650.00 | 942 | 1463 | 1821 | 2062 | 2251 | 2406 |
| 4700.00 | 951 | 1477 | 1838 | 2081 | 2271 | 2428 |
| 4750.00 | 959 | 1490 | 1855 | 2100 | 2292 | 2450 |

Instructions for Florida Family Law Rules of Procedure Form 12.902(e), Child Support Guidelines Worksheet (11/20)

| Combined Monthly Available Income | One Child | Two Children | Three Children | Four Children | Five Children | Six Children |
|---|---|---|---|---|---|---|
| 4800.00 | 968 | 1503 | 1871 | 2119 | 2313 | 2472 |
| 4850.00 | 977 | 1517 | 1888 | 2138 | 2334 | 2494 |
| 4900.00 | 986 | 1530 | 1905 | 2157 | 2354 | 2516 |
| 4950.00 | 993 | 1542 | 1927 | 2174 | 2372 | 2535 |
| 5000.00 | 1000 | 1551 | 1939 | 2188 | 2387 | 2551 |
| 5050.00 | 1006 | 1561 | 1952 | 2202 | 2402 | 2567 |
| 5100.00 | 1013 | 1571 | 1964 | 2215 | 2417 | 2583 |
| 5150.00 | 1019 | 1580 | 1976 | 2229 | 2432 | 2599 |
| 5200.00 | 1025 | 1590 | 1988 | 2243 | 2447 | 2615 |
| 5250.00 | 1032 | 1599 | 2000 | 2256 | 2462 | 2631 |
| 5300.00 | 1038 | 1609 | 2012 | 2270 | 2477 | 2647 |
| 5350.00 | 1045 | 1619 | 2024 | 2283 | 2492 | 2663 |
| 5400.00 | 1051 | 1628 | 2037 | 2297 | 2507 | 2679 |
| 5450.00 | 1057 | 1638 | 2049 | 2311 | 2522 | 2695 |
| 5500.00 | 1064 | 1647 | 2061 | 2324 | 2537 | 2711 |
| 5550.00 | 1070 | 1657 | 2073 | 2338 | 2552 | 2727 |
| 5600.00 | 1077 | 1667 | 2085 | 2352 | 2567 | 2743 |
| 5650.00 | 1083 | 1676 | 2097 | 2365 | 2582 | 2759 |
| 5700.00 | 1089 | 1686 | 2109 | 2379 | 2597 | 2775 |
| 5750.00 | 1096 | 1695 | 2122 | 2393 | 2612 | 2791 |
| 5800.00 | 1102 | 1705 | 2134 | 2406 | 2627 | 2807 |
| 5850.00 | 1107 | 1713 | 2144 | 2418 | 2639 | 2820 |
| 5900.00 | 1111 | 1721 | 2155 | 2429 | 2651 | 2833 |
| 5950.00 | 1116 | 1729 | 2165 | 2440 | 2663 | 2847 |
| 6000.00 | 1121 | 1737 | 2175 | 2451 | 2676 | 2860 |
| 6050.00 | 1126 | 1746 | 2185 | 2462 | 2688 | 2874 |
| 6100.00 | 1131 | 1754 | 2196 | 2473 | 2700 | 2887 |
| 6150.00 | 1136 | 1762 | 2206 | 2484 | 2712 | 2900 |
| 6200.00 | 1141 | 1770 | 2216 | 2495 | 2724 | 2914 |
| 6250.00 | 1145 | 1778 | 2227 | 2506 | 2737 | 2927 |
| 6300.00 | 1150 | 1786 | 2237 | 2517 | 2749 | 2941 |
| 6350.00 | 1155 | 1795 | 2247 | 2529 | 2761 | 2954 |
| 6400.00 | 1160 | 1803 | 2258 | 2540 | 2773 | 2967 |
| 6450.00 | 1165 | 1811 | 2268 | 2551 | 2785 | 2981 |
| 6500.00 | 1170 | 1819 | 2278 | 2562 | 2798 | 2994 |
| 6550.00 | 1175 | 1827 | 2288 | 2573 | 2810 | 3008 |
| 6600.00 | 1179 | 1835 | 2299 | 2584 | 2822 | 3021 |
| 6650.00 | 1184 | 1843 | 2309 | 2595 | 2834 | 3034 |
| 6700.00 | 1189 | 1850 | 2317 | 2604 | 2845 | 3045 |
| 6750.00 | 1193 | 1856 | 2325 | 2613 | 2854 | 3055 |
| 6800.00 | 1196 | 1862 | 2332 | 2621 | 2863 | 3064 |

Instructions for Florida Family Law Rules of Procedure Form 12.902(e), Child Support Guidelines Worksheet (11/20)

| Combined Monthly Available Income | One Child | Two Children | Three Children | Four Children | Five Children | Six Children |
|---|---|---|---|---|---|---|
| 6850.00 | 1200 | 1868 | 2340 | 2630 | 2872 | 3074 |
| 6900.00 | 1204 | 1873 | 2347 | 2639 | 2882 | 3084 |
| 6950.00 | 1208 | 1879 | 2355 | 2647 | 2891 | 3094 |
| 7000.00 | 1212 | 1885 | 2362 | 2656 | 2900 | 3103 |
| 7050.00 | 1216 | 1891 | 2370 | 2664 | 2909 | 3113 |
| 7100.00 | 1220 | 1897 | 2378 | 2673 | 2919 | 3123 |
| 7150.00 | 1224 | 1903 | 2385 | 2681 | 2928 | 3133 |
| 7200.00 | 1228 | 1909 | 2393 | 2690 | 2937 | 3142 |
| 7250.00 | 1232 | 1915 | 2400 | 2698 | 2946 | 3152 |
| 7300.00 | 1235 | 1921 | 2408 | 2707 | 2956 | 3162 |
| 7350.00 | 1239 | 1927 | 2415 | 2716 | 2965 | 3172 |
| 7400.00 | 1243 | 1933 | 2423 | 2724 | 2974 | 3181 |
| 7450.00 | 1247 | 1939 | 2430 | 2733 | 2983 | 3191 |
| 7500.00 | 1251 | 1945 | 2438 | 2741 | 2993 | 3201 |
| 7550.00 | 1255 | 1951 | 2446 | 2750 | 3002 | 3211 |
| 7600.00 | 1259 | 1957 | 2453 | 2758 | 3011 | 3220 |
| 7650.00 | 1263 | 1963 | 2461 | 2767 | 3020 | 3230 |
| 7700.00 | 1267 | 1969 | 2468 | 2775 | 3030 | 3240 |
| 7750.00 | 1271 | 1975 | 2476 | 2784 | 3039 | 3250 |
| 7800.00 | 1274 | 1981 | 2483 | 2792 | 3048 | 3259 |
| 7850.00 | 1278 | 1987 | 2491 | 2801 | 3057 | 3269 |
| 7900.00 | 1282 | 1992 | 2498 | 2810 | 3067 | 3279 |
| 7950.00 | 1286 | 1998 | 2506 | 2818 | 3076 | 3289 |
| 8000.00 | 1290 | 2004 | 2513 | 2827 | 3085 | 3298 |
| 8050.00 | 1294 | 2010 | 2521 | 2835 | 3094 | 3308 |
| 8100.00 | 1298 | 2016 | 2529 | 2844 | 3104 | 3318 |
| 8150.00 | 1302 | 2022 | 2536 | 2852 | 3113 | 3328 |
| 8200.00 | 1306 | 2028 | 2544 | 2861 | 3122 | 3337 |
| 8250.00 | 1310 | 2034 | 2551 | 2869 | 3131 | 3347 |
| 8300.00 | 1313 | 2040 | 2559 | 2878 | 3141 | 3357 |
| 8350.00 | 1317 | 2046 | 2566 | 2887 | 3150 | 3367 |
| 8400.00 | 1321 | 2052 | 2574 | 2895 | 3159 | 3376 |
| 8450.00 | 1325 | 2058 | 2581 | 2904 | 3168 | 3386 |
| 8500.00 | 1329 | 2064 | 2589 | 2912 | 3178 | 3396 |
| 8550.00 | 1333 | 2070 | 2597 | 2921 | 3187 | 3406 |
| 8600.00 | 1337 | 2076 | 2604 | 2929 | 3196 | 3415 |
| 8650.00 | 1341 | 2082 | 2612 | 2938 | 3205 | 3425 |
| 8700.00 | 1345 | 2088 | 2619 | 2946 | 3215 | 3435 |
| 8750.00 | 1349 | 2094 | 2627 | 2955 | 3224 | 3445 |
| 8800.00 | 1352 | 2100 | 2634 | 2963 | 3233 | 3454 |
| 8850.00 | 1356 | 2106 | 2642 | 2972 | 3242 | 3464 |

Instructions for Florida Family Law Rules of Procedure Form 12.902(e), Child Support Guidelines Worksheet (11/20)

| Combined Monthly Available Income | One Child | Two Children | Three Children | Four Children | Five Children | Six Children |
|---|---|---|---|---|---|---|
| 8900.00 | 1360 | 2111 | 2649 | 2981 | 3252 | 3474 |
| 8950.00 | 1364 | 2117 | 2657 | 2989 | 3261 | 3484 |
| 9000.00 | 1368 | 2123 | 2664 | 2998 | 3270 | 3493 |
| 9050.00 | 1372 | 2129 | 2672 | 3006 | 3279 | 3503 |
| 9100.00 | 1376 | 2135 | 2680 | 3015 | 3289 | 3513 |
| 9150.00 | 1380 | 2141 | 2687 | 3023 | 3298 | 3523 |
| 9200.00 | 1384 | 2147 | 2695 | 3032 | 3307 | 3532 |
| 9250.00 | 1388 | 2153 | 2702 | 3040 | 3316 | 3542 |
| 9300.00 | 1391 | 2159 | 2710 | 3049 | 3326 | 3552 |
| 9350.00 | 1395 | 2165 | 2717 | 3058 | 3335 | 3562 |
| 9400.00 | 1399 | 2171 | 2725 | 3066 | 3344 | 3571 |
| 9450.00 | 1403 | 2177 | 2732 | 3075 | 3353 | 3581 |
| 9500.00 | 1407 | 2183 | 2740 | 3083 | 3363 | 3591 |
| 9550.00 | 1411 | 2189 | 2748 | 3092 | 3372 | 3601 |
| 9600.00 | 1415 | 2195 | 2755 | 3100 | 3381 | 3610 |
| 9650.00 | 1419 | 2201 | 2763 | 3109 | 3390 | 3620 |
| 9700.00 | 1422 | 2206 | 2767 | 3115 | 3396 | 3628 |
| 9750.00 | 1425 | 2210 | 2772 | 3121 | 3402 | 3634 |
| 9800.00 | 1427 | 2213 | 2776 | 3126 | 3408 | 3641 |
| 9850.00 | 1430 | 2217 | 2781 | 3132 | 3414 | 3647 |
| 9900.00 | 1432 | 2221 | 2786 | 3137 | 3420 | 3653 |
| 9950.00 | 1435 | 2225 | 2791 | 3143 | 3426 | 3659 |
| 10000.00 | 1437 | 2228 | 2795 | 3148 | 3432 | 3666 |

Instructions for Florida Family Law Rules of Procedure Form 12.902(e), Child Support Guidelines Worksheet (11/20)

IN THE CIRCUIT COURT OF THE _____ JUDICIAL CIRCUIT,
IN AND FOR _____ COUNTY, FLORIDA

Case No.: _____
Division: _____

_____,
Petitioner,

and

_____,
Respondent.


# NOTICE OF FILING CHILD SUPPORT GUIDELINES WORKSHEET

PLEASE TAKE NOTICE, that *{name}*_____, is filing his/her Child

Support Guidelines Worksheet attached and labeled Exhibit 1.


# CERTIFICATE OF SERVICE

I certify that a copy of this Notice of Filing with the Child Support Guidelines Worksheet was [**check all used**]: (   ) e-mailed (   ) mailed (   ) faxed (   ) hand delivered to the person(s) listed below on *{date}* _____.

**Other party or his/her attorney:**
Name: _____
Address: _____
City, State, Zip: _____
Telephone Number: _____
Fax Number: _____
E-mail Address(es): _____

_____
Signature of Party or his/her Attorney
Printed Name: _____
Address: _____
City, State, Zip: _____
Telephone Number: _____
Fax Number: _____
E-mail Address(es): _____
Florida Bar Number: _____


Florida Family Law Rules of Procedure Form 12.902(e), Child Support Guidelines Worksheet (11/20)

- 70 -

| CHILD SUPPORT GUIDELINES WORKSHEET | | | |
|---|---|---|---|
| | **A**. PETITIONER | **B.** RESPONDENT | TOTAL |
| **1.** Present Net Monthly Income Enter the amount from line 27, Section I of Florida Family Law Rules of Procedure Form 12.902(b) or (c), Financial Affidavit. | | | |
| **2.** Basic Monthly Obligation There is (are) *{number}*_____ minor child(ren) common to the parties.  Using the total amount from line 1, enter the appropriate amount from the child support guidelines chart. | | | |
| **3.** Percent of Financial Responsibility Divide the amount on line 1A by the total amount on line 1 to get Petitioner's percentage of financial responsibility. Enter answer on line 3A. Divide the amount on line 1B by the total amount on line 1 to get Respondent's percentage of financial responsibility. Enter answer on line 3B. | % | % | |
| **4.** Share of Basic Monthly Obligation Multiply the number on line 2 by the percentage on line 3A to get Petitioner's share of basic obligation. Enter answer on line 4A. Multiply the number on line 2 by the percentage on line 3B to Respondent's share of basic obligation. Enter answer on line 4B. | | | |
| **Additional Support — Health Insurance, Child Care & Other** | | | |

| CHILD SUPPORT GUIDELINES WORKSHEET | | | |
|---|---|---|---|
| | **A**. PETITIONER | **B.** RESPONDENT | TOTAL |
| **5. a.** 100% of Monthly Child Care Costs [Child care costs should not exceed the level required to provide quality care from a licensed source. See section 61.30(7), Florida Statutes, for more information.] | | | |
| **b.** Total Monthly Child(ren)'s Health Insurance Cost [This is only amounts actually paid for health insurance on the child(ren).] | | | |
| **c.** Total Monthly Child(ren)'s Noncovered Medical, Dental and Prescription Medication Costs | | | |
| **d.** Total Monthly Child Care & Health Costs [Add lines 5a + 5b +5c.] | | | |
| **6**. Additional Support Payments Multiply the number on line 5d by the percentage on line 3A to determine the Petitioner's share. Enter answer on line 6A. Multiply the number on line 5d by the percentage on line 3B to determine the Respondent's share. Enter answer on line 6B. | | | |
| **Statutory Adjustments/Credits** | | | |
| **7**. **a.** Monthly child care payments actually made**.** | | | |
| **b.** Monthly health insurance payments actually made. | | | |

Florida Family Law Rules of Procedure Form 12.902(e), Child Support Guidelines Worksheet (11/20)

| CHILD SUPPORT GUIDELINES WORKSHEET | | | |
|---|---|---|---|
| | **A**. PETITIONER | **B.** RESPONDENT | TOTAL |
| **c.** Other payments/credits actually made for any noncovered medical, dental and prescription medication expenses of the child(ren) not ordered to be separately paid on a percentage basis. (See section 61.30 (8), Florida Statutes.) | | | |
| **8**. Total Support Payments actually made (Add 7a though 7c.) | | | |
| **9. MINIMUM CHILD SUPPORT OBLIGATION FOR EACH PARENT** [Line 4 plus line 6; minus line 8.] | | | |
| **Substantial Time-Sharing (GROSS UP METHOD) If each parent exercises time-sharing at least 20 percent of the overnights in the year (73 overnights in the year), complete Nos. 10 through 21.** | | | |
| **10**. Basic Monthly Obligation x 150% [Multiply line 2 by 1.5] | | | |
| **11**. Increased Basic Obligation for each parent. Multiply the number on line 10 by the percentage on line 3A to determine the Petitioner's share. Enter answer on line 11A.  Multiply the number on line 10 by the percentage on line 3B to determine the Respondent's share. Enter answer on line 11B. | | | |
| **12.** Percentage of overnight stays with each parent.  The child(ren) spend(s) _____overnight stays with the Petitioner each year.  Using the number on the above line, multiply it by 100 and divide by 365.  Enter this number on line 12A. The child(ren) spend(s) _____ overnight stays with the Respondent each year. Using the number on the above line, multiply it by 100 and divide by 365. Enter this number on line 12B. | % | % | |

| CHILD SUPPORT GUIDELINES WORKSHEET | | | |
|---|---|---|---|
| | **A**. PETITIONER | **B.** RESPONDENT | TOTAL |
| **13**. Parent's support multiplied by other Parent's percentage of overnights. [Multiply line 11A by line 12B. Enter this number in 13A. Multiply line 11B by line 12A. Enter this number in 13B.] | | | |
| **Additional Support — Health Insurance, Child Care & Other** | | | |
| **14. a.** Total Monthly Child Care Costs [Child care costs should not exceed the level required to provide quality care from a licensed source. See section 61.30(7), Florida Statutes, for more information.] | | | |
| **b.** Total Monthly Child(ren)'s Health Insurance Cost. [This is only amounts actually paid for health insurance on the child(ren).] | | | |
| **c.** Total Monthly Child(ren)'s Noncovered Medical, Dental and Prescription Medication Costs. | | | |
| **d.** Total Monthly Child Care & Health Costs [Add lines 14a + 14b + 14c.] | | | |
| **15**. Additional Support Payments. Multiply the number on line 14d by the percentage on line 3A to determine the Petitioner's share. Enter answer on line 15A. Multiply the number on line 14d by the percentage on line 3B to determine the Respondent's share. Enter answer on line 15B. | | | |
| **Statutory Adjustments/Credits** | | | |
| **16. a.** Monthly child care payments actually made. | | | |
| **b.** Monthly health insurance payments actually made. | | | |

| CHILD SUPPORT GUIDELINES WORKSHEET | | | |
|---|---|---|---|
| | **A**. PETITIONER | **B.** RESPONDENT | TOTAL |
| **c.** Other payments/credits actually made for any noncovered medical, dental and prescription medication expenses of the child(ren) not ordered to be separately paid on a percentage basis. [See section 61.30(8), Florida Statutes.] | | | |
| **17**. Total Support Payments actually made [Add 16a though 16c.] | | | |
| **18**. Total Additional Support Transfer Amount [Line 15 minus line 17; enter any negative number as zero.] | | | |
| **19**. Total Child Support Owed from Petitioner to Respondent [Add line 13A plus 18A.] | | | |
| **20.** Total Child Support Owed from Respondent to Petitioner. [Add line 13B plus line 18B.] | | | |
| **21. Presumptive Child Support to Be Paid.** [Comparing lines 19 and 20, Subtract the smaller amount owed from the larger amount owed and enter the result in the column for the parent that owes the larger amount of support.] | $ | | |

**ADJUSTMENTS TO GUIDELINES AMOUNT.** If you or the other parent is requesting the Court to award a child support amount that is more or less than the child support guidelines, you must complete and file Motion to Deviate from Child Support Guidelines, Florida Supreme Court Approved Family Law Form 12.943.

[check **one** only]
a. **\_\_\_\_ Deviation from the guidelines amount is requested.** The Motion to Deviate from Child Support Guidelines, Florida Supreme Court Approved Family Law Form 12.943, is attached.
b. **\_\_\_\_ Deviation from the guidelines amount is NOT requested.** The Motion to Deviate from Child Support Guidelines, Florida Supreme Court Approved Family Law Form 12.943, is not attached.

**IF A NONLAWYER HELPED YOU FILL OUT THIS FORM, HE/SHE MUST FILL IN THE BLANKS BELOW:**

[fill in **all** blanks] This form was prepared for the: *{choose only **one**}* _____ Petitioner _____ Respondent

This form was completed with the assistance of:

*{name of individual}* _____,

*{name of business}* _____,

*{address}* _____,

*{city}* _____, *{state}* _____, *{zip code}* _____, *{telephone number}* _____.

Florida Family Law Rules of Procedure Form 12.902(e), Child Support Guidelines Worksheet (11/20)

# INSTRUCTIONS FOR FLORIDA FAMILY LAW RULES OF PROCEDURE FORM 12.902(f)(3)
## MARITAL SETTLEMENT AGREEMENT FOR SIMPLIFIED DISSOLUTION OF MARRIAGE (11/20)

### When should this form be used?

This form should be used when a **Petition for Simplified Dissolution of Marriage**, Florida Family Law Rules of Procedure Form 12.901(a), has been **filed** and the **parties** have reached an agreement on all of the issues at hand.

This form should be typed or printed in black ink. **Both** parties must sign the agreement and have their signatures witnessed by a **notary public** or **deputy clerk**. After completing this form, you should file this document with the **clerk of the circuit court** in the county where the **petition** was filed and keep a copy for your records. You should then refer to the instructions for your petition, **answer**, or answer and **counterpetition** concerning the procedures for setting a hearing or **trial** (**final hearing**).

### What should I do next?

A copy of this form must be filed with the court and served on the other party or his or her attorney in your case. The copy you are serving to the other party must be either mailed, e-mailed, or hand-delivered to the opposing party or his or her attorney on the same day indicated on the certificate of service. If it is mailed, it must be postmarked on the date indicated in the certificate of service. **Service** must be in accordance with Florida Rule of Judicial Administration 2.516.

### IMPORTANT INFORMATION REGARDING E-FILING

The Florida Rules of Judicial Administration now require that all petitions, pleadings, and documents be filed electronically except in certain circumstances. **Self-represented litigants may file petitions or other pleadings or documents electronically; however, they are not required to do so.** If you choose to file your pleadings or other documents electronically, you must do so in accordance with Florida Rule of Judicial Administration 2.525, and you must follow the procedures of the judicial circuit in which you file. The rules and procedures should be carefully read and followed.

### IMPORTANT INFORMATION REGARDING E-SERVICE ELECTION

After the initial service of process of the petition or supplemental petition by the Sheriff or certified process server, the Florida Rules of Judicial Administration now require that all documents required or permitted to be served on the other party must be served by electronic mail (e-mail) except in certain circumstances. **You must strictly comply with the format requirements set forth in the Florida Rules of Judicial Administration**. If you elect to participate in electronic service, which means serving or receiving pleadings by electronic mail (e-mail), or through the Florida Courts E-Filing Portal, you must review Florida Rule of Judicial Administration 2.516. You may find this rule at www.flcourts.org through the link

Instructions for Florida Family Law Rules of Procedure Form 12.902(f)(3), Marital Settlement Agreement for Simplified Dissolution of Marriage (11/20)

- 77 -

to the Rules of Judicial Administration provided under either Family Law Forms: Getting Started, or Rules of Court in the A-Z Topical Index.

**SELF-REPRESENTED LITIGANTS MAY SERVE DOCUMENTS BY E-MAIL; HOWEVER, THEY ARE NOT REQUIRED TO DO SO.** If a self-represented litigant elects to serve and receive documents by email, the procedures must always be followed once the initial election is made.

To serve and receive documents by e-mail, you must designate your e-mail addresses by using the Designation of Current Mailing and E-mail Address, Florida Supreme Court Approved Family Law Form 12.915, and you must provide your e-mail address on each form on which your signature appears. Please **CAREFULLY** read the rules and instructions for: **Certificate of Service (General), Florida Supreme Court Approved Family Law Form 12.914; Designation of Current Mailing and E-mail Address**, Florida Supreme Court Approved Family Law Form 12.915; and Florida Rule of Judicial Administration 2.516.

## Where can I look for more information?

**Before proceeding, you should read General Information for Self-Represented Litigants found at the beginning of these forms.** The words that are in **bold underline** in these instructions are defined there. For further information, see chapter 61, Florida Statutes, and the instructions for the petition which was filed in this case.

## Special notes. . .

**This form does not act to transfer title to the property. Such transfer must be done by deed or supplemental final judgment.**

Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of a **Disclosure from Nonlawyer**, Florida Family Law Rules of Procedure Form 12.900(a), before he or she helps you. A nonlawyer helping you fill out these forms also **must** put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.

Instructions for Florida Family Law Rules of Procedure Form 12.902(f)(3), Marital Settlement Agreement for Simplified Dissolution of Marriage (11/20)

- 78 -

IN THE CIRCUIT COURT OF THE ＿＿＿＿＿＿＿＿＿＿ JUDICIAL CIRCUIT,
IN AND FOR ＿＿＿＿＿＿＿＿＿＿ COUNTY, FLORIDA

Case No.: ＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿
Division: ＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿

In re: the Marriage of:


＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿,
Petitioner,

and

＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿,
Respondent.


# MARITAL SETTLEMENT AGREEMENT FOR SIMPLIFIED DISSOLUTION OF MARRIAGE

We, *{Petitioner's full legal name}*＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿, and *{Respondent's full legal name}* ＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿, being sworn, certify that the following statements are true:

1. We were married to each other on *{date}* ＿＿＿＿＿＿＿＿＿＿＿.

2. Because of irreconcilable differences in our marriage (no chance of staying together), we have made this agreement to settle once and for all what we owe to each other and what we can expect to receive from each other.  Each of us states that nothing has been held back, that we have honestly included everything we could think of in listing our assets (everything we own and that is owed to us) and our debts (everything we owe), and that we believe the other has been open and honest in writing this agreement.

3. Each of us agrees to execute and exchange any documents that might be needed to complete this agreement, including deeds, title certificates, etc.


**SECTION I.  MARITAL ASSETS AND LIABILITIES**

**A.  Division of Assets.**  We divide our assets (everything we own and that is owed to us) as follows:  Any personal item(s) not listed below is the property of the party currently in possession of the item(s). 1. Petitioner shall receive as his/her own and Respondent shall have no further rights or responsibilities regarding these assets:


Florida Family Law Rules of Procedure Form 12.902(f)(3), Marital Settlement Agreement for Simplified Dissolution of Marriage (11/20)

- 79 -

| ASSETS:  DESCRIPTION OF ITEM(S) PETITIONER SHALL RECEIVE<br><br>To avoid confusion at a later date, describe each item as clearly as possible.<br>LIST ONLY THE LAST FOUR DIGITS OF ACCOUNT NUMBERS.<br>Where applicable, include whether the name on any title/deed/account described below is in one spouse's name, or in both spouses' names. | Current Fair Market Value |
|---|---|
| Cash (on hand) | $ |
| Cash (in banks/credit unions) | |
| | |
| Stocks/Bonds | |
| | |
| Notes (money owed to you in writing) | |
| | |
| | |
| Money owed to you (not evidenced by a note) | |
| | |
| | |
| Real estate: (Home) | |
| (Other) | |
| | |
| Business interests | |
| | |
| Automobiles | |
| | |
| | |
| Boats | |
| Other vehicles | |
| | |
| Retirement plans (Profit Sharing, Pension, IRA, 401(k)s, etc.) | |
| | |
| | |
| Furniture & furnishings in home | |
| | |
| Furniture & furnishings elsewhere | |
| | |
| Collectibles | |
| | |
| Jewelry | |

Florida Family Law Rules of Procedure Form 12.902(f)(3), Marital Settlement Agreement for Simplified Dissolution of Marriage (11/20)

| | |
|---|---|
| Life insurance (cash surrender value) | |
| | |
| Sporting and entertainment (T.V., stereo, etc.) equipment | |
| | |
| | |
| | |
| Other assets | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| **Total Assets to Petitioner** | $ _____ |

2. Respondent shall receive as his/her own and Petitioner shall have no further rights or responsibilities regarding these assets:

Florida Family Law Rules of Procedure Form 12.902(f)(3), Marital Settlement Agreement for Simplified Dissolution of Marriage (11/20)

- 81 -

| ASSETS: DESCRIPTION OF ITEM(S) RESPONDENT SHALL RECEIVE<br>To avoid confusion at a later date, describe each item as clearly as possible.<br>LIST ONLY THE LAST FOUR DIGITS OF ACCOUNT NUMBERS.<br>Where applicable, include whether the name on any title/deed/account described below is in one spouse's name or in both spouses' names. | Current Fair Market Value |
|---|---|
| Cash (on hand) | $ |
| Cash (in banks/credit unions) | |
| | |
| Stocks/Bonds | |
| | |
| Notes (money owed to you in writing) | |
| | |
| | |
| Money owed to you (not evidenced by a note) | |
| | |
| | |
| Real estate: (Home) | |
| (Other) | |
| | |
| Business interests | |
| | |
| Automobiles | |
| | |
| | |
| Boats | |
| Other vehicles | |
| | |
| Retirement plans (Profit Sharing, Pension, IRA, 401(k)s, etc.) | |
| | |
| | |
| Furniture & furnishings in home | |
| | |
| Furniture & furnishings elsewhere | |
| | |
| Collectibles | |
| | |
| Jewelry | |
| | |

Florida Family Law Rules of Procedure Form 12.902(f)(3), Marital Settlement Agreement for Simplified Dissolution of Marriage (11/20)

| | |
|---|---|
| Life insurance (cash surrender value) | |
| | |
| Sporting and entertainment (T.V., stereo, etc.) equipment | |
| | |
| | |
| | |
| Other assets | |
| | |
| | |
| | |
| | |
| **Total Assets to Respondent** | $ _____ |

Florida Family Law Rules of Procedure Form 12.902(f)(3), Marital Settlement Agreement for Simplified Dissolution of Marriage (11/20)

- 83 -

**B. Division of Liabilities/Debts.** We divide our liabilities (everything we owe) as follows:

1. Petitioner shall pay as his/her own the following and will not at any time ask Respondent to pay these debts/bills:

| LIABILITIES:  DESCRIPTION OF DEBT(S) TO BE PAID BY PETITIONER<br>To avoid confusion at a later date, describe each item as clearly as possible.<br>LIST ONLY THE LAST FOUR DIGITS OF ACCOUNT NUMBERS.<br>Where applicable, include whether the name on any mortgage, note, or account described below is in one spouse's name or in both spouses' names. | Monthly Payment | Current Amount Owed |
|---|---|---|
| Mortgages on real estate: (Home) | $ | $ |
| (Other) | | |
| | | |
| Charge/credit card accounts | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| Auto loan | | |
| Auto loan | | |
| Bank/credit union loans | | |
| | | |
| | | |
| | | |
| Money you owe (not evidenced by a note) | | |
| | | |
| Judgments | | |
| | | |
| Other | | |
| | | |
| | | |
| | | |
| | | |
| **Total Debts to Be Paid by Petitioner** | $ | $ |

Florida Family Law Rules of Procedure Form 12.902(f)(3), Marital Settlement Agreement for Simplified Dissolution of Marriage (11/20)

- 84 -

2. Respondent shall pay as his/her own the following and will not at any time ask Petitioner to pay these debts/bills:

| LIABILITIES: DESCRIPTION OF DEBT(S) TO BE PAID BY RESPONDENT<br>To avoid confusion at a later date, describe each item as clearly as possible.<br>LIST ONLY THE LAST FOUR DIGITS OF ACCOUNT NUMBERS.<br>Where applicable, include whether the name on any mortgage, note, or account described below is in one spouse's name or, or in both spouses' names. | Monthly Payment | Current Amount Owed |
|---|---|---|
| Mortgages on real estate: (Home) | $ | $ |
| (Other) | | |
| | | |
| Charge/credit card accounts | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| Auto loan | | |
| Auto loan | | |
| Bank/credit union loans | | |
| | | |
| | | |
| | | |
| Money you owe (not evidenced by a note) | | |
| | | |
| Judgments | | |
| | | |
| Other | | |
| | | |
| | | |
| | | |
| | | |
| **Total Debts to Be Paid by Respondent** | **$** | **$** |

C. **Contingent Assets and Liabilities (listed in Section III of our Family Law Financial Affidavits) will be divided as follows:**

_____

_____

_____

_____.

Florida Family Law Rules of Procedure Form 12.902(f)(3), Marital Settlement Agreement for Simplified Dissolution of Marriage (11/20)

- 85 -

**SECTION II. SPOUSAL SUPPORT (ALIMONY) Each of us forever gives up any right to spousal support (alimony) that we may have.**

**SECTION III. OTHER**

_____

_____

_____

_____

**I certify that I have been open and honest in entering into this settlement agreement. I am satisfied with this agreement and intend to be bound by it.**

Dated: _____

_____

Signature of Petitioner

Printed Name: _____

Address: _____

City, State, Zip: _____

Telephone Number: _____

Fax Number: _____

E-mail Address(es): _____

STATE OF FLORIDA
COUNTY OF

Sworn to or affirmed and signed before me on _____ by _____.

_____

NOTARY PUBLIC or DEPUTY CLERK

_____

_{Print, type, or stamp commissioned name of notary or clerk.}_

_____ Personally known
_____ Produced identification
Type of identification produced

**IF A NONLAWYER HELPED YOU FILL OUT THIS FORM, HE/SHE MUST FILL IN THE BLANKS BELOW:**
[fill in **all** blanks]
This form was prepared for the Petitioner.
This form was completed with the assistance of:
_{name of individual}_ _____,
_{name of business}_ _____,
_{address}_ _____,
_{city}_ _____, _{state}_____, _{zip code}_____, _{telephone number}_____.

Florida Family Law Rules of Procedure Form 12.902(f)(3), Marital Settlement Agreement for Simplified Dissolution of Marriage (11/20)

- 86 -

**I certify that I have been open and honest in entering into this settlement agreement. I am satisfied with this agreement and intend to be bound by it.**


Dated: _____

_____
Signature of Respondent
Printed Name: _____
Address: _____
City, State, Zip: _____
Telephone Number: _____
Fax Number: _____
E-mail Address(es): _____

STATE OF FLORIDA
COUNTY OF

Sworn to or affirmed and signed before me on _____ by _____.


_____
NOTARY PUBLIC or DEPUTY CLERK


_____
*{Print, type, or stamp commissioned name of notary or clerk.}*

_____ Personally known
_____ Produced identification
        Type of identification produced

**IF A NONLAWYER HELPED YOU FILL OUT THIS FORM, HE/SHE MUST FILL IN THE BLANKS BELOW:**
 [fill in **all** blanks]
This form was prepared for the Respondent.
This form was completed with the assistance of:
*{name of individual}* _____,
*{name of business}* _____,
*{address}* _____,
*{city}* _____, *{state}* ____, *{zip code}* _____, *{telephone number}* _____.

Florida Family Law Rules of Procedure Form 12.902(f)(3), Marital Settlement Agreement for Simplified Dissolution of Marriage (11/20)

- 87 -

# INSTRUCTIONS FOR FLORIDA FAMILY LAW RULES OF PROCEDURE
## FORM 12.910(a)
## SUMMONS: PERSONAL SERVICE ON AN INDIVIDUAL
## (11/20)

### When should this form be used?

This form should be used to obtain **personal service** on the other **party** when you begin your lawsuit. **Service** is required for **all** documents filed in your case. Service means giving a copy of the required papers to the other party using the procedure that the law requires. Generally, there are two ways to make service: (1) personal service, or (2) service by email, mail, or hand delivery. A third method for service is called **constructive service**; however, the relief a court may grant may be limited in a case where constructive service has been used.

The law requires that certain documents be served by **personal service** if personal service is possible. **Personal service** means that a summons (this form) and a copy of the forms you are filing with the court that must be personally served are delivered by a deputy sheriff or private process server

a. directly to the other party, **or**
b. to someone over the age of fifteen with whom the other party lives.

Personal service is required for **all petitions**, including petitions for modification. You cannot serve these papers on the other party yourself or by mail or hand delivery. Personal service must be made by the sheriff's department in the county where the other party lives or works or by a private process server certified in the county where the other party lives or works.

In many counties, there are private process servers who, for a fee, will personally serve the summons and other documents that require personal service. You should look under **process servers** in the yellow pages of the telephone book for a list of private process servers in your area. You may use a private process server to serve any paper required to be personally served in a family law case **except** a petition for injunction for protection against domestic or repeat violence.

### How do I start?

When you begin your lawsuit, you need to complete this form (summons) and a **Process Service Memorandum**, Florida Supreme Court Approved Family Law Form 12.910(b). The forms should be typed or printed legibly in black ink. Next, you will need to take these forms and, if you have not already done so, **file** your petition with the **clerk of the circuit court** in the county where you live. You should keep a copy of the forms for your records. The clerk will sign the summons, and then the summons, a copy of the papers to be served, and the process service memorandum must be delivered to the appropriate sheriff's office or to a private process server for service on the other party.

Instructions for Florida Family Law Rules of Procedure Form 12.910(a), Summons: Personal Service on an Individual (11/20)

- 88 -

**IF THE OTHER PARTY LIVES IN THE COUNTY WHERE SUIT IS FILED:** Ask the clerk in your county about any local procedures regarding service. Generally, if the other party lives in the county in which you are filing suit and you want the sheriff's department to serve the papers, you will file the summons along with a **Process Service Memorandum**, Florida Supreme Court Approved Family Law Form 12.910(b), with the clerk and the clerk will forward those papers to the sheriff for service. Make sure that you attach a copy of the papers you want personally served to the summons. You may also need to provide the sheriff with a stamped envelope addressed to you. This will allow the sheriff to send the proof of service to you, after the sheriff serves your papers on the other party. However, in some counties the sheriff may send the proof of service directly to the clerk. If you are instructed to supply a self-addressed, stamped envelope and you receive the proof of service, you should file the proof of service with the clerk after you receive it from the sheriff. Also, you will need to find out how much the sheriff charges to serve the papers. Personal checks are not accepted. You should attach to the summons a cashier's check or money order made payable to the sheriff, and either give it to the clerk for delivery to the sheriff or send all of the paperwork and the fee to the sheriff yourself. The clerk will tell you which procedure to use. The costs for service may be waived if you are indigent.

If you want a private process server to serve the other party, you should still bring the summons to the clerk's office and have the clerk sign it for you. You should deliver the summons, along with the copy of your initial petition and any other papers to be served, and a **Process Service Memorandum**, Florida Supreme Court Approved Family Law Form 12.910(b), to the private process server. The private process server will charge you a fee for serving the papers. After service is complete, proof of service by the private process server must be filed with the clerk. You should discuss how this will occur with the private process server.

**IF THE OTHER PARTY LIVES IN ANOTHER COUNTY:** If the other party lives in another county, service needs to be made by a sheriff in the county where the other party lives or by a private process server certified in the county where the other party lives. Make sure that you attach a copy of the papers you want personally served to the summons as well as the **Process Service Memorandum**, Florida Supreme Court Approved Family Law Form 12.910(b). If you want the sheriff to serve the papers, the clerk may send your papers to that sheriff's office for you, or you may have to send the papers yourself. The clerk will tell you which procedure to use. Either way, you will need to provide the sheriff with a stamped envelope addressed to you. This will allow the sheriff to send the proof of service to you, after the sheriff serves your papers on the other party. You should file the proof of service with the clerk after you receive it from the sheriff. Also, you will need to find out how much the sheriff charges to serve the papers. Personal checks are not accepted. You should attach to the summons a cashier's check or money order made payable to the sheriff, and either give it to the clerk for delivery to the sheriff or send all of the paperwork and the fee to the sheriff yourself. The clerk will tell you which procedure to use. The costs for service may be waived if you are indigent.

If you want a private process server to serve the other party, you should still bring the summons to the clerk's office where the clerk will sign it for you. You should deliver the summons, along with the copy of your initial petition and any other papers to be served, and a **Process Service Memorandum**, Florida Supreme Court Approved Family Law Form 12.910(b), to the private process server. The private process server will charge you a fee for serving the papers. After service is complete, proof of service by the private process server must be filed with the clerk. You should discuss how this will occur with the private process server.

Instructions for Florida Family Law Rules of Procedure Form 12.910(a), Summons: Personal Service on an Individual (11/20)

**IF THE OTHER PARTY CANNOT BE LOCATED OR DOES NOT LIVE IN FLORIDA:** If, after you have made a diligent effort to locate the other party, you absolutely cannot locate the other party, you may serve the other party by publication. Service by publication is also known as __constructive service__. You may also be able to use constructive service if the other party does not live in Florida. **However, Florida courts have only limited jurisdiction over a party who is served by constructive service and may have only limited jurisdiction over a party living outside of Florida regardless of whether that party is served by constructive or personal service**; that is, the judge's power to order the other party to do certain things may be limited. For example, the judge may be able to grant your request for a divorce, but the judge may not be able to address issues such as child support, spousal support (alimony), or division of property or debts.

Regardless of the type of service used, if the other party once lived in Florida but is living outside of Florida now, you should include in your petition a statement regarding the length of time the party lived in Florida, if any, and when. For example: "Respondent last lived in Florida from *{date}* _____ to *{date}* _____."

**This area of the law is very complex and you may need to consult with an attorney regarding the proper type of service to be used in your case if the other party does not live in Florida or cannot be located.**

## What happens when the papers are served on the other party?

The date and hour of service are written on the original summons and on all copies of it by the person making the service. The person who delivers the summons and copies of the petition must file a proof of service with the clerk or provide a proof of service to you for filing with the court. **It is your responsibility to make sure the proof of service has been returned to the clerk and placed in your case file.**

## What should I do next?

A copy of this form must be filed with the court and served on the other party or his or her attorney. The copy you are serving to the other party must be either mailed, e-mailed, or hand-delivered to the opposing party or his or her attorney on the same day indicated on the certificate of service. If it is mailed, it must be postmarked on the date indicated in the certificate of service. Service must be in accordance with Florida Rule of Judicial Administration 2.516.

### IMPORTANT INFORMATION REGARDING E-FILING

The Florida Rules of Judicial Administration now require that all petitions, pleadings, and documents be filed electronically except in certain circumstances. **Self-represented litigants may file petitions or other pleadings or documents electronically; however, they are not required to do so.** If you choose to file your pleadings or other documents electronically, you must do so in accordance with Florida Rule of Judicial Administration 2.525, and you must follow the procedures of the judicial circuit in which you file. The rules and procedures should be carefully read and followed.

Instructions for Florida Family Law Rules of Procedure Form 12.910(a), Summons: Personal Service on an Individual (11/20)

## IMPORTANT INFORMATION REGARDING E-SERVICE ELECTION

After the initial service of process of the petition or supplemental petition by the Sheriff or certified process server, the Florida Rules of Judicial Administration now require that all documents required or permitted to be served on the other party must be served by electronic mail (e-mail) except in certain circumstances. **You must strictly comply with the format requirements set forth in the Florida Rules of Judicial Administration**. If you elect to participate in electronic service, which means serving or receiving pleadings by electronic mail (e-mail), or through the Florida Courts E-Filing Portal, you must review Florida Rule of Judicial Administration 2.516. You may find this rule at www.flcourts.org through the link to the Rules of Judicial Administration provided under either Family Law Forms: Getting Started, or Rules of Court in the A-Z Topical Index.

**SELF-REPRESENTED LITIGANTS MAY SERVE DOCUMENTS BY E-MAIL; HOWEVER, THEY ARE NOT REQUIRED TO DO SO.** If a self-represented litigant elects to serve and receive documents by email, the procedures must always be followed once the initial election is made.

To serve and receive documents by e-mail, you must designate your e-mail addresses by using the Designation of Current Mailing and E-mail Address, Florida Supreme Court Approved Family Law Form 12.915, and you must provide your e-mail address on each form on which your signature appears. Please **CAREFULLY** read the rules and instructions for: **Certificate of Service (General), Florida Supreme Court Approved Family Law Form 12.914; Designation of Current Mailing and E-mail Address**, Florida Supreme Court Approved Family Law Form 12.915; and Florida Rule of Judicial Administration 2.516.

## Where can I look for more information?

**Before proceeding, you should read "General Information for Self-Represented Litigants" found at the beginning of these forms.** For further information regarding service of process, see chapters 48 and 49, Florida Statutes, and Florida Family Law Rule of Procedure 12.070, as well as the instructions for **Notice of Action for Dissolution of Marriage (No Child or Financial Support)**, Florida Supreme Court Approved Family Law Form 12.913(a)(1), **Notice of Action for Family Cases with Minor Child(ren)**, Florida Supreme Court Approved Family Law Form 12.913(a)(2), **Affidavit of Diligent Service and Inquiry**, Florida Family Law Rules of Procedure Form 12.913(b), and **Affidavit of Diligent Search**, Florida Family Law Rules of Procedure Form 12.913(c).

## Special notes. . .

If you have been unable to obtain proper service on the other party within **120 days** after filing your lawsuit, the court will dismiss your lawsuit against the other party unless you can show the court a good reason why service was not made within **120 days**. For this reason, if you had the local sheriff serve the papers, you should check with the clerk every couple of weeks after completing the service papers to see if service has been completed. You may need to supply the sheriff with a new or better address. If you had a private process server or a sheriff in another county serve the papers, you should be in contact with that person or sheriff until you receive proof of service from that person or sheriff. You should then file the proof of service with the clerk immediately.

Instructions for Florida Family Law Rules of Procedure Form 12.910(a), Summons:  Personal Service on an Individual (11/20)

If the other party fails to respond, i.e., fails to file a written response with the court, within **20 days** after the service of the summons, you are entitled to request a **default**. See the instructions to **Motion for Default**, Florida Supreme Court Approved Family Law Form 12.922 (a), and **Default**, Florida Supreme Court Approved Family Law Form 12.922(b), for further information. You will need to file an **Affidavit of Military Service**, Florida Supreme Court Approved Family Law Form 12.912(b), before a default may be granted.

Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of **Disclosure from Nonlawyer**, Florida Family Law Rules of Procedure Form 12.900(a), before he or she helps you. A nonlawyer helping you fill out these forms also **must** put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.

Instructions for Florida Family Law Rules of Procedure Form 12.910(a), Summons:  Personal Service on an Individual (11/20)

- 92 -

IN THE CIRCUIT COURT OF THE _____ JUDICIAL CIRCUIT,
IN AND FOR _____ COUNTY, FLORIDA

Case No.: _____

Division: _____

_____,

Petitioner,

and

_____,

Respondent.

## SUMMONS: PERSONAL SERVICE ON AN INDIVIDUAL
## ORDEN DE COMPARECENCIA: SERVICIO PERSONAL EN UN INDIVIDUO
## CITATION: L'ASSIGNATION PERSONAL SUR UN INDIVIDUEL

TO/PARA/A: *{enter other party's full legal name}* _____,
*{address (including city and state)/location for service}* _____.

## IMPORTANT

A lawsuit has been filed against you.  You have **20 calendar days** after this summons is served on you to file a written response to the attached complaint/petition with the clerk of this circuit court, located at: *{street address}* _____.
A phone call will not protect you.  Your written response, including the case number given above and the names of the parties, must be **filed** if you want the Court to hear your side of the case.

**If you do not file your written response on time, you may lose the case, and your wages, money, and property may be taken thereafter without further warning from the Court.**  There are other legal requirements.  You may want to call an attorney right away.  If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book).

If you choose to file a written response yourself, at the same time you file your written response to the Court, you must also serve a copy of your written response on the party serving this summons at:

*{Name and address of party serving summons}* _____

_____.

**If the party serving summons has designated email address(es) for service or is represented by an attorney, you may designate email address(es) for service by or on you.  Service must be in accordance with Florida Rule of Judicial Administration 2.516.**

**Copies of all court documents in this case, including orders, are available at the Clerk of the Circuit Court's office.  You may review these documents, upon request.**

**You must keep the Clerk of the Circuit Court's office notified of your current address.  (You may file**
Florida Family Law Rules of Procedure Form 12.910(a), Summons: Personal Service on an Individual (11/20)

**Designation of Current Mailing and Email Address, Florida Supreme Court Approved Family Law Form 12.915.)  Future papers in this lawsuit will be mailed to the address on record at the clerk's office.**

**WARNING:  Rule 12.285, Florida Family Law Rules of Procedure, requires certain automatic disclosure of documents and information.  Failure to comply can result in sanctions, including dismissal or striking of pleadings.**

## IMPORTANTE

Usted ha sido demandado legalmente.  Tiene veinte (20) dias, contados a partir del recibo de esta notificacion, para contestar la demanda adjunta, por escrito, y presentarla ante este tribunal.  Localizado en: _____.  Una llamada telefonica no lo protegera.  Si usted desea que el tribunal considere su defensa, debe presentar su respuesta por escrito, incluyendo el numero del caso y los nombres de las partes interesadas.  Si usted no contesta la demanda a tiempo, pudiese perder el caso y podria ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal.   Existen otros requisitos legales.   Si lo desea, usted puede consultar a un abogado inmediatamente.  Si no conoce a un abogado, puede llamar a una de las oficinas de asistencia legal que aparecen en la guia telefonica.

Si desea responder a la demanda por su cuenta, al mismo tiempo en que presente su respuesta ante el tribunal, usted debe enviar por correo o entregar una copia de su respuesta a la persona denominada abajo.

Si usted elige presentar personalmente una respuesta por escrito, en el mismo momento que usted presente su respuesta por escrito al Tribunal, usted debe enviar por correo o llevar una copia de su respuesta por escrito a la parte entregando esta orden de comparencencia a:

Nombre y direccion de la parte que entrega la orden de comparencencia: _____

_____.

**Copias de todos los documentos judiciales de este caso, incluyendo las ordenes, estan disponibles en la oficina del Secretario de Juzgado del Circuito [Clerk of the Circuit Court's office].  Estos documentos pueden ser revisados a su solicitud.**

**Usted debe de manener informada a la oficina del Secretario de Juzgado del Circuito de su direccion actual. (Usted puede presentar _____ el Formulario: Ley de Familia de la Florida 12.915, Florida Supreme Court Approved Family Law Form 12.915, [Designation of Current Mailing and Email Address].)  Los papelos que se presenten en el futuro en esta demanda judicial seran env ados por correo a la direccion que este registrada en la oficina del Secretario.**

**ADVERTENCIA: Regla 12.285 (Rule 12.285), de las Reglas de Procedimiento de Ley de Familia de la Florida [Florida Family Law Rules of Procedure], requiere cierta revelacion automatica de documentos e informacion.  El incumplimient, puede resultar en sanciones, incluyendo la desestimacion o anulacion de los alegatos.**

## IMPORTANT

Des poursuites judiciaries ont ete entreprises contre vous. Vous avez 20 jours consecutifs a partir de la date de l'assignation de cette citation pour deposer une reponse ecrite a la plainte ci-jointe aupres de ce tribunal. Qui se trouve a: *{L'Adresse}* _____.   Un simple coup de telephone est

insuffisant pour vous proteger; vous etes obliges de deposer votre reponse ecrite, avec mention du numero de dossier ci-dessus et du nom des parties nommees ici, si vous souhaitez que le tribunal entende votre cause. Si vous ne deposez pas votre reponse ecrite dans le delai requis, vous risquez de perdre la cause ainsi que votre salaire, votre argent, et vos biens peuvent etre saisis par la suite, sans aucun preavis ulterieur du tribunal.  Il y a d'autres obligations juridiques et vous pouvez requerir les services immediats d'un avocat.  Si vous ne connaissez pas d'avocat, vous pourriez telephoner a un service de reference d'avocats ou a un bureau d'assistance juridique (figurant a l'annuaire de telephones).

Si vous choisissez de deposer vous-meme une reponse ecrite, il vous faudra egalement, en meme temps que cette formalite, faire parvenir ou expedier une copie au carbone ou une photocopie de votre reponse ecrite a la partie qui vous depose cette citation.

Nom et adresse de la partie qui depose cette citation: _____

**Les photocopies de tous les documents tribunals de cette cause, y compris des arrets, sont disponible au bureau du greffier.  Vous pouvez revue ces documents, sur demande.**

**Il faut aviser le greffier de votre adresse actuelle.  (Vous pouvez deposer Florida Supreme Court Approved Family Law Form 12.915, Designation of Current Mailing and Email Address.)  Les documents de l'avenir de ce proces seront envoyer a l'adresse que vous donnez au bureau du greffier.**

**ATTENTION: La regle 12.285, des regles de procedure du droit de la famille de la Floride exige que l'on remette certains renseignements et certains documents a la partie adverse. Tout refus de les fournir pourra donner lieu a des sanctions, y compris le rejet ou la suppression d'un ou de plusieurs actes de procedure.**

THE STATE OF FLORIDA
TO EACH SHERIFF OF THE STATE:  You are commanded to serve this summons and a copy of the complaint in this lawsuit on the above-named person.

DATED: _____

CLERK OF THE CIRCUIT COURT

(SEAL)

By: _____
  Deputy Clerk

# INSTRUCTIONS FOR FLORIDA FAMILY LAW RULES OF PROCEDURE
## FORM 12.913(b)
## AFFIDAVIT OF DILIGENT SEARCH AND INQUIRY
## (11/20)

### When should this form be used?

This form is to be used with **Notice of Action for Dissolution of Marriage (No Child or Financial Support)**, Florida Supreme Court Approved Family Law Form 12.913(a)(1) and **Notice of Action For Family Cases With Minor Child(ren),** Form 12.913(a)(2), to obtain <u>constructive service</u> (also called service by publication).

The other party is entitled to actual notice of the proceedings when possible. When it is necessary to use constructive notice, it must be given in a way that is likely to provide actual notice. You must disclose the last known address of the other party. A last known address cannot be unknown. This form includes a checklist of places you can look for information on the location of the other party. While you do not have to look in all of these places, the court must believe that you have made a very serious effort to get information about the other party's location and that you have followed up on any information you received.

This form should be typed or printed in black ink. After completing this form, you should sign the form. You should <u>file</u> this document and a **Notice of Action for Dissolution of Marriage (No Child or Financial Support)**, Florida Supreme Court Approved Family Law Form 12.913(a)(1), or **Notice of Action For Family Cases With Minor Child(ren),** Form 12.913(a)(2), with the <u>clerk of the circuit court</u> in the county where your petition is filed. You should keep a copy for your records.

### What should I do next?

A copy of this form must be filed with the court and served on the other party or his or her attorney. The copy you are serving to the other party must be either mailed, e-mailed, or hand-delivered to the opposing party or his or her attorney on the same day indicated on the certificate of service. If it is mailed, it must be postmarked on the date indicated in the certificate of service. Service must be in accordance with Florida Rule of Judicial Administration 2.516.

### IMPORTANT INFORMATION REGARDING E-FILING

The Florida Rules of Judicial Administration now require that all petitions, pleadings, and documents be filed electronically except in certain circumstances. **Self-represented litigants may file petitions or other pleadings or documents electronically; however, they are not required to do so.** If you choose to file your pleadings or other documents electronically, you must do so in accordance with Florida Rule of Judicial Administration 2.525, and you must follow the procedures of the judicial circuit in which you file. The rules and procedures should be carefully read and followed.

# IMPORTANT INFORMATION REGARDING E-SERVICE ELECTION

After the initial service of process of the petition or supplemental petition by the Sheriff or certified process server, the Florida Rules of Judicial Administration now require that all documents required or permitted to be served on the other party must be served by electronic mail (e-mail) except in certain circumstances. **You must strictly comply with the format requirements set forth in the Florida Rules of Judicial Administration**. If you elect to participate in electronic service, which means serving or receiving pleadings by electronic mail (e-mail), or through the Florida Courts E-Filing Portal, you must review Florida Rule of Judicial Administration 2.516. You may find this rule at www.flcourts.org through the link to the Rules of Judicial Administration provided under either Family Law Forms: Getting Started, or Rules of Court in the A-Z Topical Index.

**SELF-REPRESENTED LITIGANTS MAY SERVE DOCUMENTS BY E-MAIL; HOWEVER, THEY ARE NOT REQUIRED TO DO SO.** If a self-represented litigant elects to serve and receive documents by email, the procedures must always be followed once the initial election is made.

To serve and receive documents by e-mail, you must designate your e-mail addresses by using the Designation of Current Mailing and E-mail Address, Florida Supreme Court Approved Family Law Form 12.915, and you must provide your e-mail address on each form on which your signature appears. Please **CAREFULLY** read the rules and instructions for: **Certificate of Service (General), Florida Supreme Court Approved Family Law Form 12.914; Designation of Current Mailing and E-mail Address**, Florida Supreme Court Approved Family Law Form 12.915; and Florida Rule of Judicial Administration 2.516.

## Where can I look for more information?

**Before proceeding, you should read "General Information for Self-Represented Litigants" found at the beginning of these forms.** For further information, see rule 12.070, Florida Family Law Rules of Procedure and chapter 49, Florida Statutes.

## Special notes. . .

Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of **Disclosure from Nonlawyer**, Florida Family Law Rules of Procedure Form 12.900(a), before he or she helps you. A nonlawyer helping you fill out these forms also **must** put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.

IN THE CIRCUIT COURT OF THE _____ JUDICIAL CIRCUIT,
IN AND FOR _____ COUNTY, FLORIDA

Case No.: _____

Division: _____

_____,
Petitioner,

and

_____,
Respondent.

# AFFIDAVIT OF DILIGENT SEARCH AND INQUIRY

I, *{full legal name}* _____, being sworn, certify that the following information is true:

1.  I have made diligent search and inquiry to discover the name and current residence of Respondent: *{Specify details of search}* **Refer to checklist below and identify all actions taken (any additional information included such as the date the action was taken and the person with whom you spoke is helpful) (attach additional sheet if necessary):**
    [Check **all** that apply]

_____ United States Post Office inquiry through Freedom of Information Act for current address or any relocations.

_____ Last known employment of Respondent, including name and address of employer.  You should also ask for any addresses to which W-2 Forms were mailed, and, if a pension or profit-sharing plan exists, then for any addresses to which any pension or plan payment is and/or has been mailed.

_____ Unions from which Respondent may have worked or that governed his or her particular trade or craft.

_____ Regulatory agencies, including professional or occupational licensing.

_____ Names and addresses of relatives and contacts with those relatives, and inquiry as to Respondent's last known address. You are to follow up any leads of any addresses where Respondent may have moved.  Relatives include, but are not limited to: parents, brothers, sisters, aunts, uncles, cousins, nieces, nephews, grandparents, great-grandparents, former in-laws, stepparents, stepchildren.

_____ Information about the Respondent's possible death and, if dead, the date and location of the death.

_____ Telephone listings in the last known locations of Respondent's residence.

_____ Internet at http://www.switchboard.com or other Internet databank locator service. Please indicate if a public library assisted you in your search.

_____ Law enforcement arrest and/or criminal records in the last known residential area of Respondent.

_____ Highway Patrol records in the state of Respondent's last known address.

Florida Family Law Rules of Procedure Form 12.913(b), Affidavit of Diligent Search and Inquiry (11/20)

_____ Department of Motor Vehicle records in the state of Respondent's last known address.

_____ Department of Corrections records in the state of Respondent's last known address.

_____ Title IV-D (child support enforcement) agency records in the state of Respondent's last known address.

_____ Hospitals in the last known area of Respondent's residence.

_____ Utility companies, which include water, sewer, cable TV, and electric, in the last known area of Respondent's residence.

_____ Letters to the Armed Forces of the U.S. and their response as to whether or not there is any information about Respondent. (See Memorandum for Certificate of Military Service, Florida Supreme Court Approved Family Law Form 12.912(a).)

_____ Tax Assessor's and Tax Collector's Office in the area where Respondent last resided.

_____ Other: *{explain}* _____

_____
_____
_____
_____

2. The age of Respondent is [Choose only **one**] (   ) known *{enter age}* _____ **or** (   ) unknown.

3. **Respondent's current residence**
[Choose only **one**]

a. _____Respondent's current residence is unknown to me.

b. _____Respondent's current residence is in some state or country other than Florida.
_____

c. _____The Respondent, having residence in Florida, has been absent from Florida for more than 60 days prior to the date of this affidavit, or conceals him/her self so that process cannot be served personally upon him or her, and I believe there is no person in the state upon whom service of process would bind this absent or concealed Respondent.

4. **Respondent's last known address** as of *{date}*_____, was:
Address _____City _____State _____ Zip _____
Telephone No. _____Fax No. _____.

Respondent's last known employment, as of *{date}*_____, was
Name of Employer _____
Address _____City _____State _____ Zip _____
Telephone No. _____ Fax No. _____.

**Under penalties of perjury, I declare that I have read this document and the facts stated in it are true.**


Dated: _____

                                           _____
                                           Signature of Petitioner
                                           Printed Name: _____
                                           Address: _____
                                           City, State, Zip: _____
                                           Telephone Number: _____
                                           Fax Number: _____
                                           E-mail Address(es): _____




**IF A NONLAWYER HELPED YOU FILL OUT THIS FORM, HE/SHE MUST FILL IN THE BLANKS BELOW:**
[fill in **all** blanks]
This form was prepared for: *{choose only **one**}* _____ Petitioner _____ Respondent
This form was completed with the assistance of:
*{name of individual}* _____,
*{name of business}* _____,
*{address}* _____,
*{city}* _____, *{state}* ____, *{zip code}* _____, *{telephone number}* _____.

# INSTRUCTIONS FOR FLORIDA FAMILY LAW RULES OF PROCEDURE FORM 12.913(c)
## AFFIDAVIT OF DILIGENT SEARCH
## (11/20)

### When should this form be used?

This form is to be used with **Notice of Action For Family Cases With Minor Child(ren)**, Florida Supreme Court Approved Family Law Form 12.913(a)(2), to obtain **constructive service** (also called service by publication) on the legal father in any action or proceeding to determine paternity which may result in termination of the legal father's parental rights.

The legal father is entitled to actual notice of the proceedings when possible. When it is necessary to use constructive notice, it must be given in a way that is likely to provide actual notice. You must disclose the last known address of the legal father. A last known address cannot be unknown. This form includes a checklist of places you must look for information on the location of the legal father. You have to look in all of these places, and the court must believe that you have made a very serious effort to get information about the person's location and that you have followed up on any information you received.

This form should be typed or printed in black ink. After completing this form, you should sign the form. You should **file** this document and a **Notice of Action For Family Cases With Minor Child(ren),** Florida Supreme Court Approved Family Law Form 12.913(a)(2), with the **clerk of the circuit court** in the county where your petition for dissolution of marriage is filed. You should keep a copy for your records.

### What should I do next?

A copy of this form must be filed with the court and served on the other party or his or her attorney. The copy you are serving to the other party must be either mailed, e-mailed, or hand-delivered to the opposing party or his or her attorney on the same day indicated on the certificate of service. If it is mailed, it must be postmarked on the date indicated in the certificate of service. Service must be in accordance with Florida Rule of Judicial Administration 2.516.

### IMPORTANT INFORMATION REGARDING E-FILING

The Florida Rules of Judicial Administration now require that all petitions, pleadings, and documents be filed electronically except in certain circumstances. **Self-represented litigants may file petitions or other pleadings or documents electronically; however, they are not required to do so.** If you choose to file your pleadings or other documents electronically, you must do so in accordance with Florida Rule of Judicial Administration 2.525, and you must follow the procedures of the judicial circuit in which you file. The rules and procedures should be carefully read and followed.

### IMPORTANT INFORMATION REGARDING E-SERVICE ELECTION

After the initial service of process of the petition or supplemental petition by the Sheriff or certified process server, the Florida Rules of Judicial Administration now require that all documents required or

permitted to be served on the other party must be served by electronic mail (e-mail) except in certain circumstances. **You must strictly comply with the format requirements set forth in the Florida Rules of Judicial Administration**. If you elect to participate in electronic service, which means serving or receiving pleadings by electronic mail (e-mail), or through the Florida Courts E-Filing Portal, you must review Florida Rule of Judicial Administration 2.516. You may find this rule at www.flcourts.org through the link to the Rules of Judicial Administration provided under either Family Law Forms: Getting Started, or Rules of Court in the A-Z Topical Index.

**SELF-REPRESENTED LITIGANTS MAY SERVE DOCUMENTS BY E-MAIL; HOWEVER, THEY ARE NOT REQUIRED TO DO SO.** If a self-represented litigant elects to serve and receive documents by email, the procedures must always be followed once the initial election is made.

To serve and receive documents by e-mail, you must designate your e-mail addresses by using the Designation of Current Mailing and E-mail Address, Florida Supreme Court Approved Family Law Form 12.915, and you must provide your e-mail address on each form on which your signature appears. Please **CAREFULLY** read the rules and instructions for: **Certificate of Service (General), Florida Supreme Court Approved Family Law Form 12.914; Designation of Current Mailing and E-mail Address**, Florida Supreme Court Approved Family Law Form 12.915; and Florida Rule of Judicial Administration 2.516.

## Where can I look for more information?

**Before proceeding, you should read General Information for Self-Represented Litigants found at the beginning of these forms.** For further information, see rule 12.070, Florida Family Law Rules of Procedure, chapter 49, Florida Statutes, and section 409.257, Florida Statutes.

## Special notes. . .

Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of **Disclosure from Nonlawyer**, Florida Family Law Rules of Procedure Form 12.900(a), before he or she helps you. A nonlawyer helping you fill out these forms also **must** put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.

IN THE CIRCUIT COURT OF THE _____ JUDICIAL CIRCUIT,
IN AND FOR _____COUNTY, FLORIDA

Case No.: _____

Division:_____

_____,
Petitioner,

and

_____,
Respondent.

# AFFIDAVIT OF DILIGENT SEARCH

I, *{full legal name}*_____, being sworn, certify that the following information is true:

1. The last known address of the child(ren)'s legal father *{name}*_____, as of *{date}*_____, was:
   Address _____ City _____ State _____ Zip _____
   Telephone No. _____ Fax No. _____.

   His last known employment, as of *{date}* _____, was:
   Name of Employer _____
   Address _____ City _____ State _____ Zip _____
   Telephone No. _____ Fax No. _____

2. The legal father is over the age of 18.

3. The legal father's current residence is not known and cannot be determined, although I have made a diligent search and inquiry to locate him through the following:
   **You must search ALL of the following sources of information and state the results.**

   ____ United States Post Office inquiry through the Freedom of Information Act for the legal father's current address or any previous address.
   Result of search: _____

   ____ Last known employment of the legal father, including name and address of employer.
   Result of search: _____

Florida Family Law Rules of Procedure Form 12.913(c), Affidavit of Diligent Search (11/20)

____ Regulatory agencies, including professional or occupational licensing, in the area where the legal father last resided.
Result of search: _____

____ Names and addresses of relatives to the extent such can be reasonably obtained from the petitioner or other sources, contacts with those relatives and inquiry as to the legal father's last known address. You are to follow up any leads of any addresses where the legal father may have moved.
Result of search: _____

____ Information about the legal father's possible death and, if dead, the date and location.
Result of search: _____

____ Telephone listings in the area where the legal father last resided.
Result of search: _____

____ Law enforcement agencies in the area where the legal father last resided.
Result of search: _____

____ Highway Patrol records in the state where the legal father last   resided.
Result of search: _____

____ Department of Corrections records in the state where the legal father last resided.
Result of search: _____

____ Hospitals in the last known area of the legal father's residence.
Result of search: _____

____ Records of utility companies, which include water, sewer, cable TV, and electric in the last known area of the legal father's residence.
Result of search: _____

____ Records of the Armed Forces of the U.S. and their response as to whether or not there is any information about the legal father. (See Florida Supreme Court Approved Family Law Form 12.912(a), Memorandum for Certificate of Military Service.)
Result of search: _____

____ Records of the tax assessor's and tax collector's office in the area where the legal father last resided.
Result of search: _____

____ Search of one Internet databank locator service.
Result of search: _____

____ Title IV-D (child support enforcement) agency records in the state of the legal father's last known address.

Result of search: _____


**Under penalties of perjury, I declare that I have read this document and the facts stated in it are true.**

Dated: _____          _____

                                              Signature of Petitioner
                                              Printed Name: _____
                                              Address: _____
                                              City, State, Zip: _____
                                              Telephone Number: _____
                                              Fax Number: _____
                                              E-mail Address(es): _____


**IF A NONLAWYER HELPED YOU FILL OUT THIS FORM, HE/SHE MUST FILL IN THE BLANKS BELOW:** [fill in **all** blanks]
This form was prepared for: *{choose only **one**}* (   ) Petitioner (   ) Respondent
This form was completed with the assistance of:
*{name of individual}* _____,
*{name of business}* _____,
*{address}* _____,
*{city}* _____, *{state}* ____, *{zip code}* _____, *{telephone number}* _____.

# INSTRUCTIONS FOR FLORIDA SUPREME COURT APPROVED FAMILY LAW FORM 12.921
## NOTICE OF HEARING
## (CHILD SUPPORT ENFORCEMENT HEARING OFFICER)
## (11/20)

## When should this form be used?

A **child support enforcement hearing officer** is an attorney who has been appointed by administrative order of the court to take testimony and recommend decisions in cases involving the establishment, enforcement, and/or modification of **child support**. If your case only involves issues pertaining to child support, you cannot object to the referral of your case to a hearing officer.

Use this form anytime you have set a **hearing** before a child support enforcement hearing officer and have been instructed to send notice of the hearing to the other party. Before you fill out this form, you should coordinate a hearing time and date with the hearing officer and the other party. If the Department of Revenue is a party to the case, you may need to schedule your hearing time with the attorney for the Department of Revenue. If your case involves a Motion for Civil Contempt in Support Matters pursuant to Florida Family Rule of Procedure 12.615, you should use form 12.961—Notice of Hearing on Motion for Civil Contempt/Enforcement Matters (Rule 12.615).

This form should be typed or printed in black ink. After completing this form, you should **file** this document with the **clerk of the circuit court** in the county where your case is filed and keep a copy for your records.

## IMPORTANT INFORMATION REGARDING E-FILING

The Florida Rules of Judicial Administration now require that all petitions, pleadings, and documents be filed electronically except in certain circumstances. **Self-represented litigants may file petitions or other pleadings or documents electronically; however, they are not required to do so.** If you choose to file your pleadings or other documents electronically, you must do so in accordance with Florida Rule of Judicial Administration 2.525, and you must follow the procedures of the judicial circuit in which you file. **The rules and procedures should be carefully read and followed.**

## What should I do next?

A copy of this form must be mailed, e-mailed, or hand-delivered to the other party in your case.

## IMPORTANT INFORMATION REGARDING E-SERVICE ELECTION

After the initial service of process of the petition or supplemental petition by the Sheriff or certified process server, the Florida Rules of Judicial Administration now require that all documents required or permitted to be served on the other party must be served by electronic mail (e-mail) except in certain circumstances. **You must strictly comply with the format requirements set forth in the Florida Rules of**

Instructions for Florida Supreme Court Approved Family Law Form 12.921, Notice of Hearing (Child Support Enforcement Hearing Officer) (11/20)

**Judicial Administration**. If you elect to participate in electronic service, which means serving or receiving pleadings by electronic mail (e-mail), or through the Florida Courts E-Filing Portal, you must review Florida Rule of Judicial Administration 2.516. You may find this rule at www.flcourts.org through the link to the Rules of Judicial Administration provided under either Family Law Forms: Getting Started, or Rules of Court in the A-Z Topical Index.

**SELF-REPRESENTED LITIGANTS MAY SERVE DOCUMENTS BY E-MAIL; HOWEVER, THEY ARE NOT REQUIRED TO DO SO.** If a self-represented litigant elects to serve and receive documents by e-mail, the procedures must always be followed once the initial election is made.

To serve and receive documents by e-mail, you must designate your e-mail addresses by using the **Designation of Current Mailing and E-mail Address**, Florida Supreme Court Approved Family Law Form 12.915, and you must provide your e-mail address on each form on which your signature appears. Please **CAREFULLY** read the rules and instructions for: **Certificate of Service (General),** Florida Supreme Court Approved Family Law Form 12.914; **Designation of Current Mailing and E-mail Address**, Florida Supreme Court Approved Family Law Form 12.915; and Florida Rule of Judicial Administration 2.516.

## Where can I look for more information?

**Before proceeding, you should read General Information for Self Represented Litigants found at the beginning of these forms.** For further information, See Rule 12.941, Florida Family Law Rules of Procedure.

## Special notes...

An attorney who has been appointed by the court to serve as a child support enforcement hearing officer can also be appointed to serve as a general magistrate. If your case involves only child support issues, your case may properly be referred to a general magistrate acting as a child support enforcement hearing officer.

Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of **Disclosure from Nonlawyer**, Florida Family Law Rules of Procedure Form 12.900 (a), before he or she helps you. A nonlawyer helping you fill out these forms also **must** put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.

Instructions for Florida Supreme Court Approved Family Law Form 12.921, Notice of Hearing (Child Support Enforcement Hearing Officer) (11/20)

- 107 -

IN THE CIRCUIT COURT OF THE _____ JUDICIAL CIRCUIT,
IN AND FOR _____ COUNTY, FLORIDA

Case No.: _____
Division: _____

_____,
Petitioner,

and

_____,
Respondent.

## NOTICE OF HEARING
## (CHILD SUPPORT ENFORCEMENT HEARING OFFICER)

TO: *{name of other party}*: _____

There will be a hearing before Child Support Enforcement Hearing Officer *{name}* _____,

on *{date}* _____, at *{time}* _____ m., in Room _____ of the _____

County Courthouse, *{address}* _____

on the following issues: _____

_____

_____.

_____ hour(s)/_____ minutes have been reserved for this hearing.

If the matter before the Child Support Enforcement Hearing Officer is a Motion for Civil Contempt/Enforcement, **FAILURE TO APPEAR AT THE HEARING MAY RESULT IN THE COURT ISSUING A WRIT OF BODILY ATTACHMENT FOR YOUR ARREST. IF YOU ARE ARRESTED, YOU MAY BE HELD IN JAIL UP TO 48 HOURS BEFORE A HEARING IS HELD.**

**YOUR ABILITY TO PAY IS A CRITICAL ISSUE IN THIS CONTEMPT PROCEEDING.**

**YOU ARE STRONGLY URGED TO PREPARE AND FILE A FAMILY LAW FINANCIAL AFFIDAVIT, FLORIDA FAMILY LAW RULES OF PROCEDURE FORM 12.902(b)(Short Form), PRIOR TO THE HEARING IN ORDER FOR THE COURT TO BE ABLE TO ELICIT RELEVANT FINANCIAL INFORMATION FROM YOU.**

**YOU WILL BE PROVIDED AN OPPORTUNITY AT THE HEARING TO RESPOND TO STATEMENTS AND QUESTIONS ABOUT YOUR FINANCIAL STATUS.**

**THIS COURT MUST MAKE AN EXPRESS FINDING THAT YOU HAVE THE ABILITY TO PAY.**

This part to be filled out by the court or filled in with information you have obtained from the court:

Florida Supreme Court Approved Family Law Form 12.921, Notice of Hearing (Child Support Enforcement Hearing Officer) (11/20)

- 108 -

**If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact:**

_____

*{identify applicable court personnel by name, address, and telephone number}* **at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days;  if you are hearing or voice impaired, call 711.**

**YOU ARE ADVISED THAT FOR THIS HEARING**

a. _____ **Electronic recording is provided by the court. A party may provide a court reporter at that party's expense.**

b. _____ **A court reporter is provided by the court.**

If you are represented by an attorney or plan to retain an attorney for this matter, you should notify the attorney of this hearing.

If this matter is resolved, the moving party shall contact the hearing officer's office to cancel this hearing.

**SHOULD YOU WISH TO SEEK REVIEW OF THE ORDER UPON THE RECOMMENDATIONS OF THE CHILD SUPPORT ENFORCEMENT HEARING OFFICER, YOU MUST FILE A MOTION TO VACATE WITHIN TEN DAYS FROM THE DATE OF ENTRY OF THE ORDER, IN ACCORDANCE WITH FLORIDA FAMILY LAW RULE OF PROCEDURE 12.491(f). YOU WILL BE REQUIRED TO PROVIDE THE COURT WITH A RECORD SUFFICIENT TO SUPPORT YOUR POSITION OR YOUR MOTION WILL BE DENIED. A RECORD ORDINARILY INCLUDES A WRITTEN TRANSCRIPT OF ALL RELEVANT PROCEEDINGS. THE PERSON SEEKING REVIEW MUST HAVE THE TRANSCRIPT PREPARED IF NECESSARY FOR THE COURT'S REVIEW.**

I certify that a copy of this document was _____ mailed _____ faxed and mailed _____ e-mailed _____ hand-delivered to the person(s) listed below on *{date}* _____.

**Other party or his/her attorney**:
Name: _____
Address: _____
City, State, Zip: _____
Telephone Number: _____
Fax Number: _____
Designated E-mail Address(es): _____
_____

Florida Supreme Court Approved Family Law Form 12.921, Notice of Hearing (Child Support Enforcement Hearing Officer) (11/20)

- 109 -

_____
Signature of Party
Printed Name: _____
Address: _____
City, State, Zip: _____
Telephone Number: _____
Fax Number: _____
Designated E-mail Address(es): _____
_____

**IF A NONLAWYER HELPED YOU FILL OUT THIS FORM, HE/SHE MUST FILL IN THE BLANKS BELOW:**
[fill in **all** blanks] This form was prepared for the: *{choose only **one**}* _____ Petitioner _____ Respondent
This form was completed with the assistance of:
*{name of individual }* _____,
*{name of business}* _____,
*{address}* _____,
*{city}* _____, *{state}* _____, *{zip code}* _____,*{telephone number}* _____.

Florida Supreme Court Approved Family Law Form 12.921, Notice of Hearing (Child Support Enforcement Hearing Officer) (11/20)

- 110 -

# INSTRUCTIONS FOR FLORIDA FAMILY LAW RULES OF PROCEDURE FORM 12.928
# COVER SHEET FOR FAMILY COURT CASES (11/20)

## When should this form be used?

The Cover Sheet for Family Court Cases and the information contained in it does not replace nor supplement the filing and service of pleadings or other documents as required by law. This form shall be filed by the petitioner/party opening or reopening a case for the use of the **clerk of the circuit court** for the purpose of reporting judicial workload data pursuant to Florida Statutes section 25.075.

This form should be typed or printed in black ink. The petitioner must **file** this cover sheet with the first pleading or motion filed to open or reopen a case in all domestic and juvenile cases.

## What should I do next?

Follow these instructions for completing the form:

I.   Case Style. Enter the name of the court, the appropriate case number assigned at the time of filing of the original petition, the name of the judge assigned (if applicable), and the name (last, first, middle initial) of the petitioner(s) and respondent(s).

II.  Type of Action /Proceeding. Place a check beside the proceeding you are initiating. If you are filing more than one type of proceeding, (such as a modification and an enforcement proceeding) against the same party at the same time, then you must complete a separate cover sheet for each action being filed.

   (A) Initial Action/Petition
   (B) Reopening Case. If you check "Reopening Case," indicate whether you are filing a modification or supplemental petition or an action for enforcement by placing a check beside the appropriate action/petition.
   1.      Modification/Supplemental Petition
   2.      Motion for Civil Contempt/ Enforcement
   3.      Other – All reopening actions not involving modification/supplemental petitions or petition enforcement.

III. Type of Case. Place a check beside the appropriate case. If the case fits more than one category, select the most definitive. Definitions of the categories are provided below.
   (A) Simplified Dissolution of Marriage- petitions for the termination of marriage pursuant to Florida Family Law Rule of Procedure 12.105.
   (B) Dissolution of Marriage - petitions for the termination of marriage pursuant to Chapter 61, Florida Statutes, other than simplified dissolution.

(C) Domestic Violence - all matters relating to injunctions for protection against domestic violence pursuant to section 741.30, Florida Statutes.

(D) Dating Violence - all matters relating to injunctions for protection against dating violence pursuant to section 784.046, Florida Statutes.

(E) Repeat Violence - all matters relating to injunctions for protection against repeat violence pursuant to section 784.046, Florida Statutes.

(F) Sexual Violence - all matters relating to injunctions for protection against sexual violence pursuant to section 784.046, Florida Statutes.

(G) Stalking-all matters relating to injunctions for protection against stalking pursuant to section 784.0485, Florida Statutes

(H) Support - IV-D - all matters relating to child or spousal support in which an application for assistance has been filed with the Department of Revenue, Child Support Enforcement under Title IV-D, Social Security Act, except for such matters relating to dissolution of marriage petitions (sections 409.2564, 409.2571, and 409.2597, Florida Statutes), paternity, or UIFSA.

(I) Support-Non IV-D - all matters relating to child or spousal support in which an application for assistance has **not** been filed under Title IV-D, Social Security Act.

(J) UIFSA- IV-D - all matters relating to Chapter 88, Florida Statutes, in which an application for assistance has been filed under Title IV-D, Social Security Act.

(K) UIFSA - Non IV-D - all matters relating to Chapter 88, Florida Statutes, in which an application for assistance has **not** been filed under Title IV-D, Social Security Act.

(L) Other  Family Court - all matters involving time-sharing and/or parenting plans relating to minor child(ren), support unconnected with dissolution of marriage, annulment, delayed birth certificates pursuant to Florida Statutes section 382.0195, expedited affirmation of parental status pursuant to Florida Statutes section 742.16, termination of parental rights proceedings pursuant to Florida Statutes section 63.087, declaratory judgment actions related to premarital, marital, post-marital agreements, or other matters not included in the categories above.

(M) Adoption Arising Out Of Chapter 63 - all matters relating to adoption pursuant to Chapter 63, Florida Statutes, excluding any matters arising out of Chapter 39, Florida Statutes.

(N)  Name Change - all matters relating to name change, pursuant to section 68.07, Florida Statutes.

(O) Paternity/Disestablishment of Paternity – all matters relating to paternity pursuant to Chapter 742, Florida Statutes.

(P) Juvenile Delinquency - all matters relating to juvenile delinquency pursuant to Chapter 985, Florida Statutes.

(Q) Petition for Dependency - all matters relating to petitions for dependency.

(R) Shelter Petition – all matters relating to shelter petitions pursuant to Chapter 39, Florida Statutes.

(S) Termination of Parental Rights Arising Out Of Chapter 39 – all matters relating to termination of parental rights pursuant to Chapter 39, Florida Statutes.

(T) Adoption Arising Out Of Chapter 39 – all matters relating to adoption pursuant to Chapter 39, Florida Statutes.

(U) CINS/FINS – all matters relating to children in need of services (and families in need of services) pursuant to Chapter 984, Florida Statutes.

(V)  Petition for Temporary or Concurrent Custody by Extended Family-all matters relating to petitions for temporary or concurrent custody pursuant to Chapter 751.

(W)  Emancipation of a Minor-all matters relating to emancipation of a minor pursuant to Chapter 743.

**ATTORNEY OR PARTY SIGNATURE.** Sign the Cover Sheet for Family Court Cases. Print legibly the name of the person signing the Cover Sheet for Family Court Cases. Attorneys must include a Florida Bar number. Insert the date the Cover Sheet for Family Court Cases is signed. Signature is a certification that filer has provided accurate information on the Cover Sheet for Family Court Cases.

**Nonlawyer** Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of **Disclosure from Nonlawyer**, Florida Family Law Rules of Procedure Form 12.900(a), before he or she helps you. A nonlawyer helping you fill out these forms also **must** put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.

A copy of this form must be filed with the court and served on the other party or his or her attorney. The copy you are serving to the other party must be either mailed, e-mailed, or hand-delivered to the opposing party or his or her attorney on the same day indicated on the certificate of service. If it is mailed, it must be postmarked on the date indicated in the certificate of service.

## IMPORTANT INFORMATION REGARDING E-FILING

The Florida Rules of Judicial Administration now require that all petitions, pleadings, and documents be filed electronically except in certain circumstances. **Self-represented litigants may file petitions or other pleadings or documents electronically; however, they are not required to do so.** If you choose to file your pleadings or other documents electronically, you must do so in accordance with Florida Rule of Judicial Administration 2.525, and you must follow the procedures of the judicial circuit in which you file. The rules and procedures should be carefully read and followed.

## IMPORTANT INFORMATION REGARDING E-SERVICE ELECTION

After the initial service of process of the petition or supplemental petition by the Sheriff or certified process server, the Florida Rules of Judicial Administration now require that all documents required or permitted to be served on the other party must be served by electronic mail (e-mail) except in certain circumstances. **You must strictly comply with the format requirements set forth in the Florida Rules of Judicial Administration**. If you elect to participate in electronic service, which means serving or receiving pleadings by electronic mail (e-mail), or through the Florida Courts E-Filing Portal, you must review Florida Rule of Judicial Administration 2.516. You may find this rule at www.flcourts.org through the link to the Rules of Judicial Administration provided under either Family Law Forms: Getting Started, or Rules of Court in the A-Z Topical Index.

**SELF-REPRESENTED LITIGANTS MAY SERVE DOCUMENTS BY E-MAIL; HOWEVER, THEY ARE NOT REQUIRED TO DO SO.** If a self-represented litigant elects to serve and receive documents by email, the procedures must always be followed once the initial election is made.

To serve and receive documents by e-mail, you must designate your e-mail addresses by using the Designation of Current Mailing and E-mail Address, Florida Supreme Court Approved Family Law Form 12.915, and you must provide your e-mail address on each form on which your signature appears. Please **CAREFULLY** read the rules and instructions for: **Certificate of Service (General), Florida Supreme Court Approved Family Law Form 12.914; Designation of Current Mailing and E-mail Address**, Florida Supreme Court Approved Family Law Form 12.915; and Florida Rule of Judicial Administration 2.516.

## Where can I look for more information?

**Before proceeding, you should read "General Information for Self-Represented Litigants" found at the beginning of these forms.** For further information, see Rule 12.100, Florida Family Law Rules of Procedure.

# COVER SHEET FOR FAMILY COURT CASES

**I.** Case Style

IN THE CIRCUIT COURT OF THE _____ JUDICIAL CIRCUIT,
IN AND FOR _____ COUNTY, FLORIDA

Case No.: _____
Judge: _____

_____
Petitioner

and

_____
Respondent

**II.** Type of Action/Proceeding. Place a check beside the proceeding you are initiating. If you are filing more than one type of proceeding (such as a modification and an enforcement proceeding) against the same party at the same time, then you must complete a separate cover sheet for each action being filed. **If you are reopening a case, choose one of the three options below it.**

(A) _____ Initial Action/Petition
(B) _____ Reopening Case
    1. _____ Modification/Supplemental Petition
    2. _____ Motion for Civil Contempt/Enforcement
    3. _____ Other

**III.** Type of Case. If the case fits more than one type of case, select the most definitive.

(A) _____ Simplified Dissolution of Marriage
(B) _____ Dissolution of Marriage
(C) _____ Domestic Violence
(D) _____ Dating Violence
(E) _____ Repeat Violence
(F) _____ Sexual Violence
(G) _____ Stalking
(H) _____ Support IV-D (Department of Revenue, Child Support Enforcement)
(I) _____ Support Non-IV-D (**not** Department of Revenue, Child Support Enforcement)
(J) _____ UIFSA IV-D (Department of Revenue, Child Support Enforcement)
(K) _____ UIFSA Non-IV-D (**not** Department of Revenue, Child Support Enforcement)
(L) _____ Other Family Court
(M) _____ Adoption Arising Out Of Chapter 63
(N) _____ Name Change
(O) _____ Paternity/Disestablishment of Paternity

Florida Family Law Rules of Procedure Form 12.928, Cover Sheet for Family Court Cases (11/20)

(P) _____ Juvenile Delinquency
(Q) _____ Petition for Dependency
(R) _____ Shelter Petition
(S) _____ Termination of Parental Rights Arising Out Of Chapter 39
(T) _____ Adoption Arising Out Of Chapter 39
(U) _____ CINS/FINS
(V) _____ Petition for Temporary or Concurrent Custody by Extended Family
(W) _____ Emancipation of a Minor

**IV.** Rule of Judicial Administration 2.545(d) requires that a Notice of Related Cases Form, Family Law Form 12.900(h), be filed with the initial pleading/petition by the filing attorney or self-represented litigant in order to notify the court of related cases.  Is Form 12.900(h) being filed with this Cover Sheet for Family Court Cases and initial pleading/petition?

_____ No, to the best of my knowledge, no related cases exist.
_____ Yes, all related cases are listed on Family Law Form 12.900(h).

**ATTORNEY OR PARTY SIGNATURE**

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief.


Signature_____ FL Bar No.: _____
       Attorney or party                                     (Bar number, if attorney)


_____       _____
        (Type or print name)                      (E-mail Address(es))


_____
       Date


**IF A NONLAWYER HELPED YOU FILL OUT THIS FORM, HE/SHE MUST FILL IN THE BLANKS BELOW:** [fill in **all** blanks]
This form was prepared for the: *{choose only **one**}* _____Petitioner _____ Respondent
This form was completed with the assistance of:
*{name of individual}*_____,
*{name of business}* _____,
*{address}* _____,
*{city}* _____, *{state}*_____, *{zip code}* _____, *{telephone number}* _____.

# INSTRUCTIONS FOR FLORIDA FAMILY LAW RULES OF PROCEDURE FORM 12.930(a)
# NOTICE OF SERVICE OF STANDARD FAMILY LAW INTERROGATORIES (11/20)

## When should this form be used?

You should use this form to tell the court that you are asking the other **party** in your case to answer certain standard questions in writing.  These questions are called **interrogatories**, and they must relate to your case. The standard family law interrogatories are designed to supplement the information provided in the **Financial Affidavit**, Florida Family Law Rules of Procedure Form 12.902(b) or (c). You should carefully read the standard interrogatory forms, Florida Family Law Rules of Procedure Form 12.930(b) and (c), to determine which questions, if any, the other party needs to answer in order to provide you with information not covered by the financial affidavit forms.

This form should be typed or printed in black ink. You must indicate whether you are sending the interrogatories for original and enforcement proceedings **or** the interrogatories for modification proceedings. You must also indicate which questions you are asking the other party to answer.  After completing this form you should **file** this document with the **clerk of the circuit court** in the county where your case was filed and keep a copy for your records.

## What should I do next?

You must serve the other party with a copy of this form along with an original and a copy of the appropriate interrogatories, Florida Family Law Rules of Procedure Form 12.930(b) or (c), if service is by mail or hand delivery.  You must serve a copy of this form and a copy of the interrogatories if service is by email.  **Service** must be in accordance with Florida Rule of Judicial Administration 2.516.

## You may want to inform the other party of the following information:

As a general rule, within **30 days** after service of interrogatories, the other party must answer the questions in writing and serve you with the answers. **Service** of the answers must be in compliance with Florida Rule of Judicial Administration 2.516.  His or her answers may be written on as many separate sheets of paper as necessary. He or she should number each page and indicate which question(s) he or she is answering, and be sure to make a copy for him/herself.  All answers to these questions are made under oath or affirmation as to their truthfulness. Each question must be answered separately and as completely as the available information permits. The original of the answers to the interrogatories is to be provided to the requesting party.  Do **not** file the original or a copy with the clerk of the circuit court except as provided in Florida Family Law Rule of Procedure 12.340(d).

The other party may object to a question by writing the legal reason for the objection in the space provided. He or she may also ask the court for a protective order granting him or her permission not to answer certain questions and protecting him or her from annoyance, embarrassment, apprehension, or undue burden or expense. **If the other party fails to either answer or object to the questions within 30 days, he or she may be subject to court sanctions.**

Instructions for Florida Family Law Rules of Procedure Form 12.930(a), Notice of Service of Standard Family Law Interrogatories (11/20)

- 117 -

# Where can I look for more information?

**Before proceeding, you should read General Information for Self-Represented Litigants found at the beginning of these forms.** The words that are **bold underline** in these instructions are defined there. For further information, see Florida Family Law Rules of Procedure 12.280, 12.285, 12.340, and 12.380.

A copy of this form must be filed with the court and served on the other party or his or her attorney. The copy you are serving to the other party must be either mailed, e-mailed, or hand-delivered to the opposing party or his or her attorney on the same day indicated on the certificate of service. If it is mailed, it must be postmarked on the date indicated in the certificate of service. Service must be in accordance with Florida Rules of Judicial Administration 2.516.

## IMPORTANT INFORMATION REGARDING E-FILING

The Florida Rules of Judicial Administration now require that all petitions, pleadings, and documents be filed electronically except in certain circumstances. **Self-represented litigants may file petitions or other pleadings or documents electronically; however, they are not required to do so.** If you choose to file your pleadings or other documents electronically, you must do so in accordance with Florida Rule of Judicial Administration 2.525, and you must follow the procedures of the judicial circuit in which you file. The rules and procedures should be carefully read and followed.

## IMPORTANT INFORMATION REGARDING E-SERVICE ELECTION

After the initial service of process of the petition or supplemental petition by the Sheriff or certified process server, the Florida Rules of Judicial Administration now require that all documents required or permitted to be served on the other party must be served by electronic mail (e-mail) except in certain circumstances. **You must strictly comply with the format requirements set forth in the Florida Rules of Judicial Administration**. If you elect to participate in electronic service, which means serving or receiving pleadings by electronic mail (e-mail), or through the Florida Courts E-Filing Portal, you must review Florida Rule of Judicial Administration 2.516. You may find this rule at www.flcourts.org through the link to the Rules of Judicial Administration provided under either Family Law Forms: Getting Started, or Rules of Court in the A-Z Topical Index.

**SELF-REPRESENTED LITIGANTS MAY SERVE DOCUMENTS BY E-MAIL; HOWEVER, THEY ARE NOT REQUIRED TO DO SO.** If a self-represented litigant elects to serve and receive documents by email, the procedures must always be followed once the initial election is made.

To serve and receive documents by e-mail, you must designate your e-mail addresses by using the Designation of Current Mailing and E-mail Address, Florida Supreme Court Approved Family Law Form 12.915, and you must provide your e-mail address on each form on which your signature appears. Please **CAREFULLY** read the rules and instructions for: **Certificate of Service (General), Florida Supreme Court Approved Family Law Form 12.914; Designation of Current Mailing and E-mail Address**, Florida Supreme Court Approved Family Law Form 12.915; and Florida Rule of Judicial Administration 2.516.

Instructions for Florida Family Law Rules of Procedure Form 12.930(a), Notice of Service of Standard Family Law Interrogatories (11/20)

# Special notes. . .

Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of **Disclosure from Nonlawyer**, Florida Family Law Rules of Procedure Form 12.900(a), before he or she helps you. A nonlawyer helping you fill out these forms also **must** put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.

Instructions for Florida Family Law Rules of Procedure Form 12.930(a), Notice of Service of Standard Family Law Interrogatories (11/20)

- 119 -

IN THE CIRCUIT COURT OF THE _____ JUDICIAL CIRCUIT,
IN AND FOR _____ COUNTY, FLORIDA

Case No.: _____
Division: _____

_____,
Petitioner,

and

_____,
Respondent.

# NOTICE OF SERVICE OF STANDARD FAMILY LAW INTERROGATORIES

I, *{full legal name}* _____, have on *{date}* _____,
served upon *{name of person served}* _____,
to be answered under oath within 30 days after service, the Standard Family Law Interrogatories for
[check **one** only]

**(    ) Original or Enforcement Proceedings   (    ) Modification Proceedings**

I am requesting that the following standard questions be answered: [check **all** that apply]

_____1      _____2      _____3      _____4      _____5      _____6      _____7
Background      Education      Employment      Assets      Liabilities      Miscellaneous      Long Form
Information                                                                                                                    Affidavit

In addition, I am requesting that the attached *{#}* _____ questions be answered.

I certify that a copy of this document was **[check all used]**: (   ) emailed (     ) mailed (    ) faxed
(    ) hand delivered to the person(s) listed below on *{date}* _____.

**Other party or his/her attorney:**
Name: _____
Address: _____
City, State, Zip: _____
Telephone Number: _____
Fax Number: _____
Email Address(es): _____

_____
Signature of Party or his/her Attorney
Printed Name: _____
Address: _____
City, State, Zip: _____
Telephone Number: _____
Fax Number: _____
Email Address(es): _____
Florida Bar Number: _____

Florida Family Law Rules of Procedure Form 12.930(a), Notice of Service of Standard Family Law Interrogatories
(11/20)

**IF A NONLAWYER HELPED YOU FILL OUT THIS FORM, HE/SHE MUST FILL IN THE BLANKS BELOW:**

[fill in **all** blanks] This form was prepared for: *{choose only **one**}* _____ Petitioner _____ Respondent
This form was completed with the assistance of:
*{name of individual}* _____,
*{name of business}* _____,
*{address}* _____,
*{city}* _____, *{state}* ____, *{zip code}* _____, *{telephone number}* _____.

Florida Family Law Rules of Procedure Form 12.930(a), Notice of Service of Standard Family Law Interrogatories (11/20)

# INSTRUCTIONS FOR FLORIDA FAMILY LAW RULES OF PROCEDURE FORM 12.930(b) STANDARD FAMILY LAW INTERROGATORIES FOR ORIGINAL OR ENFORCEMENT PROCEEDINGS (11/20)

## When should this form be used?

This form should be used to ask the other **party** in your case to answer certain standard questions in writing. These questions are called **interrogatories**, and they must relate to your case. If the other party fails to answer the questions, you may ask the **judge** to order the other party to answer the questions. (You cannot ask these questions before the **petition** has been **filed**.)

The questions in this form should be used in **original proceedings** or **enforcement proceedings** and are meant to supplement the information provided in the **Financial Affidavit**, Florida Family Law Rules of Procedure Form 12.902(b) or (c). You should read all of the questions in this form to determine which questions, if any, the other party needs to answer in order to provide you with information not covered in the financial affidavit forms. If there are questions to which you already know the answer, you may choose not to ask them.

This form should be typed or printed in black ink. You must complete the box at the beginning of this form to indicate which questions you are requesting that the other party answer.

You must serve the other party with this document and a copy of these interrogatories and a copy of the **Notice of Service of Standard Family Law Interrogatories**, Florida Family Law Rules of Procedure Form 12.930(a), if by mail or hand delivery. You must serve these interrogatories and a copy of the **Notice**, if by email. **Service** must be in accordance with Florida Rule of Judicial Administration 2.516.

You should also keep a copy for your records. You should not file this form with the clerk of the circuit court. However, you must file the **Notice of Service of Standard Family Law Interrogatories**, Florida Family Law Rules of Procedure 12.930(a), to tell the court that you have sent this form to the other party.

## Where can I look for more information?

**Before proceeding, you should read General Information for Self-Represented Litigants found at the beginning of these forms.** The words that are in **bold underline** in these instructions are defined there. For further information, see the instructions for **Notice of Service of Standard Family Law Interrogatories**, Florida Family Law Rules of Procedure Form 12.930(a) and Florida Family Law Rules of Procedure 12.280, 12.285, 12.340, and 12.380.

Instructions for Florida Family Law Rules of Procedure Form 12.930(b), Standard Family Law Interrogatories for Original or Enforcement Proceedings (11/20)

- 122 -

# IMPORTANT INFORMATION REGARDING E-FILING

The Florida Rules of Judicial Administration now require that all petitions, pleadings, and documents be filed electronically except in certain circumstances. **Self-represented litigants may file petitions or other pleadings or documents electronically; however, they are not required to do so.** If you choose to file your pleadings or other documents electronically, you must do so in accordance with Florida Rule of Judicial Administration 2.525, and you must follow the procedures of the judicial circuit in which you file. The rules and procedures should be carefully read and followed.

# IMPORTANT INFORMATION REGARDING E-SERVICE ELECTION

After the initial service of process of the petition or supplemental petition by the Sheriff or certified process server, the Florida Rules of Judicial Administration now require that all documents required or permitted to be served on the other party must be served by electronic mail (e-mail) except in certain circumstances. **You must strictly comply with the format requirements set forth in the Florida Rules of Judicial Administration**. If you elect to participate in electronic service, which means serving or receiving pleadings by electronic mail (e-mail), or through the Florida Courts E-Filing Portal, you must review Florida Rule of Judicial Administration 2.516. You may find this rule at www.flcourts.org through the link to the Rules of Judicial Administration provided under either Family Law Forms: Getting Started, or Rules of Court in the A-Z Topical Index.

**SELF-REPRESENTED LITIGANTS MAY SERVE DOCUMENTS BY E-MAIL; HOWEVER, THEY ARE NOT REQUIRED TO DO SO.** If a self-represented litigant elects to serve and receive documents by email, the procedures must always be followed once the initial election is made.

To serve and receive documents by e-mail, you must designate your e-mail addresses by using the Designation of Current Mailing and E-mail Address, Florida Supreme Court Approved Family Law Form 12.915, and you must provide your e-mail address on each form on which your signature appears. Please **CAREFULLY** read the rules and instructions for: **Certificate of Service (General), Florida Supreme Court Approved Family Law Form 12.914; Designation of Current Mailing and E-mail Address**, Florida Supreme Court Approved Family Law Form 12.915; and Florida Rule of Judicial Administration 2.516.

# Special notes. . .

In addition to the standard questions in this form, you may ask up to 10 additional questions. You should type or print legibly your additional questions on a separate sheet of paper and attach it to this form. If you want to ask more than 10 additional questions, you will need to get permission from the judge.

**You may want to inform the other party of the following information:** As a general rule, within **30 days** after service of interrogatories, the other party must answer the questions in writing and serve you with the answers. **Service** of the answers must be in accordance with Florida Rule of

Instructions for Florida Family Law Rules of Procedure Form 12.930(b), Standard Family Law Interrogatories for Original or Enforcement Proceedings (11/20)

- 123 -

Judicial Administration 2.516. His or her answers may be written in the blank space provided after each separately numbered interrogatory. If sufficient space is not provided, the answering party may attach additional papers with the answers and refer to them in the space provided in the interrogatories. He or she should be sure to make a copy for him/herself. All answers to these questions are made under oath or affirmation as to their truthfulness. Each question must be answered separately and as completely as the available information permits. The answers to the interrogatories are to be provided to the requesting party. **DO NOT FILE THIS DOCUMENT WITH THE CLERK OF THE COURT EXCEPT AS PROVIDED BY FLORIDA FAMILY LAW RULE OF PROCEDURE 12.340(d) AND IN ACCORDANCE WITH THE REQUIREMENTS OF FLORIDA RULE OF JUDICIAL ADMINISTRATION 2.425.** The other party may object to a question by writing the legal reason for the objection in the space provided. He or she may also ask the court for a protective order granting him or her permission not to answer certain questions and protecting him or her from annoyance, embarrassment, apprehension, or undue burden or expense. If the other party fails to either answer or object to the questions within 30 days, he or she may be subject to court sanctions.

Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of **Disclosure from Nonlawyer**, Florida Family Law Rules of Procedure Form 12.900(a), before he or she helps you. A nonlawyer helping you fill out these forms also **must** put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.

Instructions for Florida Family Law Rules of Procedure Form 12.930(b), Standard Family Law Interrogatories for Original or Enforcement Proceedings (11/20)

- 124 -

IN THE CIRCUIT COURT OF THE _____ JUDICIAL CIRCUIT,
IN AND FOR _____ COUNTY, FLORIDA

Case No.: _____
Division: _____

_____,
Petitioner,

and

_____,
Respondent.

# STANDARD FAMILY LAW INTERROGATORIES
# FOR ORIGINAL OR ENFORCEMENT PROCEEDINGS

**TO BE COMPLETED BY THE PARTY SERVING THESE INTERROGATORIES**
I am requesting that the following standard questions be answered: [check **all** that apply]

| ____1 | ____2 | ____3 | ____4 | ____5 | ____6 | ____7 |
|---|---|---|---|---|---|---|
| Background Information | Education | Employment | Assets | Liabilities | Miscellaneous | Long Form Affidavit |

In addition, I am requesting that the attached {#} _____ questions be answered.

The answers to the following questions are intended to supplement the information provided in the Financial Affidavits, Florida Family Law Rules of Procedure Form 12.902(b) or (c). You should answer the group of questions indicated in the above shaded box. The questions should be answered in the blank space provided below each separately numbered question. If sufficient space is not provided, you may attach additional papers with the answers and refer to them in the space provided in the interrogatories. You should be sure to make a copy for yourself. Each question must be answered separately and as completely as the available information permits. All answers are to be made under oath or affirmation as to their truthfulness.

**AFTER YOU ANSWER THE INTERROGATORIES, DO NOT FILE THIS DOCUMENT WITH THE CLERK OF THE COURT. ALL PERSONAL INFORMATION CONTAINED IN THE COURT FILE BECOMES PUBLIC RECORD. INSTEAD, SERVE THE ANSWERS TO THE INTERROGATORIES ON THE OTHER PARTY AND FILE FORM 12.930(d), NOTICE OF SERVICE OF ANSWERS TO INTERROGATORIES, WITH THE CLERK.**

I, {name of person answering interrogatories} _____,
being sworn, certify that the following information is true:

Florida Family Law Rules of Procedure Form 12.930(b), Standard Family Law Interrogatories for Original or Enforcement Proceedings (11/20)

1. **BACKGROUND INFORMATION:**
   a. State your full legal name and any other name by which you have been known.
   b. State your present residence and telephone numbers.

2. **EDUCATION:**
   a. List all business, commercial, and professional licenses that you have obtained.
   b. List all of your education including, but not limited to, vocational or specialized training, including the following:
      (1) name and address of each educational institution.
      (2) dates of attendance.
      (3) degrees or certificates obtained or anticipated dates of same.

3. **EMPLOYMENT:**
   a. For each place of your employment or self-employment during the last 3 years, state the following:
      (1) name, address, and telephone number of your employer.
      (2) dates of employment.
      (3) job title and brief description of job duties.
      (4) starting and ending salaries.
      (5) name of your direct supervisor.
      (6) all benefits received, including, for example, health, life, and disability insurance; expense account; use of automobile or automobile expense reimbursement; reimbursement for travel, food, or lodging expenses; payment of dues in any clubs or associations; and pension or profit sharing plans.

   b. Other than as an employee, if you have been engaged in or associated with any business, commercial, or professional activity within the last 3 years that was not detailed above, state for each such activity the following:
      (1) name, address, and telephone number of each activity.
      (2) dates you were connected with such activity.
      (3) position title and brief description of activities.
      (4) starting and ending compensation.
      (5) name of all persons involved in the business, commercial, or professional activity with you.
      (6) all benefits and compensation received, including, for example, health, life, and disability insurance; expense account; use of automobile or automobile expense reimbursement;

Florida Family Law Rules of Procedure Form 12.930(b), Standard Family Law Interrogatories for Original or Enforcement Proceedings (11/20)

reimbursement for travel, food, or lodging expenses; payment of dues in any clubs or associations; and pension or profit sharing plans.

c. If you have been unemployed at any time during the last 3 years, state the dates of unemployment. If you have not been employed at any time in the last 3 years, give the information requested above in question 3.a for your last period of employment.

4. **ASSETS:**
   a. **Real Estate.** State the street address, if any, and if not, the legal description of all real property that you own or owned during the last 3 years. For each property, state the following:
      (1) the names and addresses of any other persons or entities holding any interest and their percentage of interest.
      (2) the purchase price, the cost of any improvements made since it was purchased, and the amount of any depreciation taken.
      (3) the fair market value on the date of your separation from your spouse.
      (4) the fair market value on the date of the filing of the petition for dissolution of marriage.

   b. **Tangible Personal Property.** List all items of tangible personal property that are owned by you or in which you have had any interest during the last 3 years including, but not limited to, motor vehicles, tools, furniture, boats, jewelry, art objects or other collections, and collectibles whose fair market value exceeds $100. For each item, state the following:
      (1) the percentage and type interest you hold.
      (2) the names and addresses of any other persons or entities holding any interest.
      (3) the date you acquired your interest.
      (4) the purchase price.
      (5) the present fair market value.
      (6) the fair market value on the date of your separation from your spouse.
      (7) the fair market value on the date of the filing of the petition for dissolution of marriage.

   c. **Intangible Personal Property.** Other than the financial accounts (checking, savings, money market, credit union accounts, retirement accounts, or other such cash management accounts) listed in the answers to interrogatories 4.d and 4.e below, list all items of intangible personal property that are owned by you or in which you have had any ownership interest (including closed accounts) within the last 3 years, including but not limited to, partnership and business interests

Florida Family Law Rules of Procedure Form 12.930(b), Standard Family Law Interrogatories for Original or Enforcement Proceedings (11/20)

- 127 -

(including good will), deferred compensation accounts unconnected with retirement, including but not limited to stock options, sick leave, and vacation pay, stocks, stock funds, mutual funds, bonds, bond funds, real estate investment trust, receivables, certificates of deposit, notes, mortgages, and debts owed to you by another entity or person. For each item, state the following:

(1) the percentage and type interest you hold.
(2) the names and addresses of any other persons or entities holding any interest and the names and addresses of the persons and entities who are indebted to you.
(3) the date you acquired your interest.
(4) the purchase price, acquisition cost, or loaned amount.
(5) the fair market value or the amounts you claim are owned by or owed to you:
    (a) presently, at the time of answering these interrogatories.
    (b) on the date of your separation from your spouse.
    (c) on the date of the filing of the petition for dissolution of marriage.

**You may comply with this interrogatory (4.c) by providing copies of all periodic (monthly, quarterly, semi-annual, or annual) account statements for each such account for the preceding 3 years. DO NOT FILE THESE DOCUMENTS IN THE COURT FILE. However, if the date of acquisition, the purchase price and the market valuations are not clearly reflected in the periodic statements which are furnished then these questions must be answered separately. You do not have to resubmit any periodic statements previously furnished under rule 12.285 (Mandatory Disclosure).**

    d. **Retirement Accounts:** List all information regarding each retirement account/plan, including but not limited to defined benefit plans, 401k, 403B, IRA accounts, pension plans, Florida Retirement System plans (FRS), Federal Government plans, money purchase plans, HR10 (Keogh) plans, profit sharing plans, annuities, employee savings plans, etc. that you have established and/or that have been established for you by you, your employer, or any previous employer. For each account, state the following:

(1) the name and last 4 digits of the account number of each account/plan and where it is located.
(2) the type of account/plan.
(3) the name and address of the fiduciary plan administrator/service representative.
(4) the fair market value of your interest in each account/plan.
    (a) present value.
    (b) value on the date of separation.
    (c) value on the date of filing of the petition for dissolution of marriage
(5) whether you are vested or not vested; and if vested, in what amount, as of a certain date and the schedule of future vesting.
(6) the date at which you became/become eligible to receive some funds in this account/plan.
(7) monthly benefits of the account/plan if no fair market value is ascertained.
(8) beneficiary(ies) and/or alternate payee(s).

Florida Family Law Rules of Procedure Form 12.930(b), Standard Family Law Interrogatories for Original or Enforcement Proceedings (11/20)

- 128 -

e. **Financial Accounts.**  For all financial accounts (checking, savings, money market, credit union accounts, or other such cash management accounts) listed in your Financial Affidavit, in which you have had any legal or equitable interest, regardless of whether the interest is or was held in your own name individually, in your name with another person, or in any other name, give the following:

(1)  name and address of each institution.

(2)  name in which the account is or was maintained.

(3)   the last 4 digits of account numbers.

(4)  name of each person authorized to make withdrawals from the accounts.

(5)  highest balance within each of the preceding 3 years.

(6)  lowest balance within each of the preceding 3 years.

**You may comply with this interrogatory (4.e) by providing copies of all periodic (monthly, quarterly, semi-annual, or annual) account statements for each such account for the preceding 3 years.  DO NOT FILE THESE DOCUMENTS IN THE COURT FILE. You do not have to resubmit account statements previously furnished pursuant to rule 12.285 (Mandatory Disclosure).**

f. **Closed Financial Accounts.**  For all financial accounts (checking, savings, money market, credit union accounts, or other such cash management accounts) closed within the last 3 years, in which you have had any legal or equitable interest, regardless of whether the interest is or was held in your own name individually, in your name with another person, or in any other name, give the following:

(1)  name and address of each institution.

(2)  name in which the account is or was maintained.

(3)  the last 4 digits of account numbers.

(4)  name of each person authorized to make withdrawals from the accounts.

(5)  date account was closed.

g. **Trust.**  For any interest in an estate, trust, insurance policy, or annuity, state the following:

(1)  If you are the beneficiary of any estate, trust, insurance policy, or annuity, give for each one the following:

    (a)  identification of the estate, trust, insurance policy, or annuity.

    (b)  the nature, amount, and frequency of any distributions of benefits.

    (c)  the total value of the beneficiaries' interest in the benefit.

    (d)  whether the benefit is vested or contingent.

(2)  If you have established any trust or are the trustee of a trust, state the following:

    (a)  the date the trust was established.

    (b)  the names and addresses of the trustees.

Florida Family Law Rules of Procedure Form 12.930(b), Standard Family Law Interrogatories for Original or Enforcement Proceedings (11/20)

- 129 -

      (c) the names and addresses of the beneficiaries.
      (d) the names and addresses of the persons or entities who possess the trust documents.
      (e) each asset that is held in each trust, with its fair market value.

h. **Canceled Life Insurance Policies.** For all policies of life insurance within the preceding 3 years that you no longer hold, own, or have any interest in, state the following:
      (1) name of company that issued the policy and last 4 digits of policy number.
      (2) name, address, and telephone number of agent who issued the policy.
      (3) amount of coverage.
      (4) name of insured.
      (5) name of owner of policy.
      (6) name of beneficiaries.
      (7) premium amount.
      (8) date the policy was surrendered.
      (9) amount, if any, of monies distributed to the owner.

i. **Name of Accountant, Bookkeeper, or Records Keeper.** State the names, addresses, and telephone numbers of your accountant, bookkeeper, and any other persons who possess your financial records, and state which records each possesses.

j. **Safe Deposit Boxes, Lock Boxes, Vaults, Etc.** For all safe deposit boxes, lock boxes, vaults, or similar types of depositories, state the following:
      (1) The names and addresses of all banks, depositories, or other places where, at any time during the period beginning 3 years before the initiation of the action, until the date of your answering this interrogatory, you did any of the following:
         (a) had a safe deposit box, lock box, or vault.
         (b) were a signatory or co-signatory on a safe deposit box, lock box, or vault.
         (c) had access to a safe deposit box, lock box, or vault.
         (d) maintained property.
      (2) The box or identification numbers and the name and address of each person who has had access to any such depository during the same time period.
      (3) All persons who have possession of the keys or combination to the safe deposit box, lock box, or vault.
      (4) Any items removed from any safe deposit boxes, lock boxes, vaults, or similar types of depositories by you or your agent during that time, together with the present location and fair market value of each item.
      (5) All items in any safe deposit boxes, lock boxes, vaults, or similar types of depositories and fair market value of each item.

Florida Family Law Rules of Procedure Form 12.930(b), Standard Family Law Interrogatories for Original or Enforcement Proceedings (11/20)

- 130 -

5. **LIABILITIES:**

  a. **Loans, Liabilities, Debts, and Other Obligations.**  For all loans, liabilities, debts, and other obligations (other than credit cards and charge accounts) listed in your Financial Affavit, indicate for each the following:

(1) name and address of the creditor.
(2) name in which the obligation is or was incurred.
(3)  last 4 digits of the loan or account number, if any.
(4) nature of the security, if any.
(5) payment schedule.
(6) present balance and current status of your payments.
(7) total amount of arrearage, if any.
(8) balance on the date of your separation from your spouse.
(9) balance on the date of the filing of the petition for dissolution of marriage.

**You may comply with this interrogatory (5.a) by providing copies of all periodic (monthly, quarterly, semi-annual, or annual) account statements for each such account for the preceding 3 years. DO NOT FILE THESE DOCUMENTS IN THE COURT FILE.   You do not have to resubmit account statements previously furnished under rule 12.285 (Mandatory Disclosure).**

  b. **Credit Cards and Charge Accounts.**  For all financial accounts (credit cards, charge accounts, or other such accounts) listed in your Financial Affidavit, in which you have had any legal or equitable interest, regardless of whether the interest is or was held in your own name individually, in your name with another person, or in any other name, give the following:

(1) name and address of the creditor.
(2) name in which the account is or was maintained.
(3) names of each person authorized to sign on the accounts.
(4) last 4 digits of account numbers.
(5) present balance and current status of your payments.
(6) total amount of arrearage, if any.
(7) balance on the date of your separation from your spouse.
(8) balance on the date of the filing of the petition for dissolution of marriage.
(9) highest and lowest balance within each of the preceding 3 years.

**You may comply with this interrogatory (5.b) by providing copies of all periodic (monthly quarterly, semi-annual, or annual) account statements for each such account for the preceding 3 years. DO NOT FILE THESE DOCUMENTS IN THE COURT FILE.  You do not have to resubmit account statements previously furnished under rule 12.285 (Mandatory Disclosure).**

  c. **Closed Credit Cards and Charge Accounts.**  For all financial accounts (credit cards, charge accounts, or other such accounts) closed with no remaining balance, within the

Florida Family Law Rules of Procedure Form 12.930(b), Standard Family Law Interrogatories for Original or Enforcement Proceedings (11/20)

- 131 -

last 3 years, in which you have had any legal or equitable interest, regardless of whether the interest is or was held in your own name individually, in your name with another person, or in any other name, give the following:

(1) name and address of each creditor.
(2) name in which the account is or was maintained.
(3)  last 4 digits of account numbers.
(4) names of each person authorized to sign on the accounts.
(5) date the balance was paid off.
(6) amount of final balance paid off.

**You may comply with this interrogatory (5.c) by providing copies of all periodic (monthly, quarterly, semi-annual, or annual) account statements for each such account for the preceding 3 years.   DO NOT FILE THESE DOCUMENTS IN THE COURT FILE. You do not have to resubmit account statements previously furnished under rule 12.285 (Mandatory Disclosure).**

6.  **MISCELLANEOUS:**

a.  If you are claiming an unequal distribution of marital property or enhancement or appreciation of nonmarital property, state the amount claimed and all facts upon which you rely in your claim.

b.  If you are claiming an asset or liability is nonmarital, list the asset or liability and all facts upon which you rely in your claim.

c.  If the mental or physical condition of a spouse or child is an issue, identify the person and state the name and address of all health care providers involved in the treatment of that person for said mental or physical condition.

d.  Detail your proposed parenting plan for the minor child(ren), including your proposed time-sharing schedule.  Alternatively, attach a copy of your proposed parenting plan.

e.  If you are claiming that the other parent's  time-sharing with the minor child(ren) should be limited,  supervised, or otherwise restricted, or that you should have sole parental responsibility for the minor child(ren), with or without time-sharing with the other parent, or that you should have ultimate responsibility over specific aspects of the child(ren)'s welfare or that these responsibilities should be divided between you and the other parent, state your reasons and all facts which you rely upon to support your claim.

7.  **LONG FORM AFFIDAVIT:**  If you filed the short form affidavit, Florida Family Law Rules of Procedure Form 12.902(b), and you were specifically requested in the Notice of Service of Standard Family Law Interrogatories to file the Long Form Affidavit, Form12.902(c), you must do so within the time to serve the answers to these interrogatories.

Florida Family Law Rules of Procedure Form 12.930(b), Standard Family Law Interrogatories for Original or Enforcement Proceedings (11/20)

- 132 -

I certify that a copy of this document was [**check all used**]:  (    ) emailed (    ) mailed (    ) faxed
 (    ) hand delivered to the person(s) listed below on *{date}* _____.


**Other party or his/her attorney:**
Name: _____
Address: _____
City, State, Zip: _____
Telephone Number: _____
Fax Number: _____
Email Address(es): _____


**Under penalties of perjury, I declare that I have read this document and the facts stated in it are true.**


Dated: _____

 

_____
Signature of Party
Printed Name: _____
Address: _____
City, State, Zip: _____
Telephone Number: _____
Fax Number: _____
Email Address(es): _____



**IF A NONLAWYER HELPED YOU FILL OUT THIS FORM, HE/SHE MUST FILL IN THE BLANKS BELOW:**
[fill in **all** blanks] This form was prepared for the: *{choose only **one**}* _____ Petitioner _____Respondent
This form was completed with the assistance of:
*{name of individual}* _____,
*{name of business}* _____,
*{address}* _____,
*{city}* _____, *{state}* _____, *{zip code}* _____, *{telephone number}* _____.

Florida Family Law Rules of Procedure Form 12.930(b), Standard Family Law Interrogatories for Original or Enforcement Proceedings (11/20)

- 133 -

# INSTRUCTIONS FOR FLORIDA FAMILY LAW RULES OF PROCEDURE FORM 12.930(c) STANDARD FAMILY LAW INTERROGATORIES FOR MODIFICATION PROCEEDINGS (11/20)

## When should this form be used?

This form should be used to ask the other **party** in your case to answer certain standard questions in writing. These questions are called **interrogatories**, and they must relate to your case. If the other party fails to answer the questions, you may ask the **judge** to order the other party to answer the questions. (You cannot ask these questions before the **petition** has been **filed**.)

The questions in this form should be used in **modification proceedings** and are meant to supplement the information provided in the **Financial Affidavit**, Florida Family Law Rules of Procedure Form 12.902(b) or (c). You should read all of the questions in this form to determine which questions, if any, the other party needs to answer in order to provide you with information not covered in the financial affidavit forms. If there are questions to which you already know the answer, you may choose not to ask them.

This form should be typed or printed in black ink. You must complete the box at the beginning of this form to indicate which questions you are requesting that the other party answer.

You must serve the other party with this document and a copy of these interrogatories and a copy of the **Notice of Service of Standard Family Law Interrogatories**, Florida Family Law Rules of Procedure Form 12.930(a), if by mail or hand delivery. You must serve these interrogatories and a copy of the **Notice,** if by email. **Service** must be in accordance with Florida Rule of Judicial Administration 2.516.

You should also keep a copy for your records. You should not file this form with the clerk of the circuit court. However, you must file the **Notice of Service of Standard Family Law Interrogatories**, Florida Family Law Rules of Procedure Form 12.930(a), to tell the court that you have sent this form to the other party.

After you receive the completed answers to the interrogatories, **DO NOT FILE THIS DOCUMENT WITH THE CLERK OF THE COURT UNLESS THE ANSWERS ARE ADMITTED INTO EVIDENCE BY THE COURT AND ARE IN COMPLIANCE WITH FLORIDA RULE OF JUDICIAL ADMINISTRATION 2.425**

Instructions for Florida Family Law Rules of Procedure Form 12.930(c), Standard Family Law Interrogatories for Modification Proceedings (11/20)

- 134 -

# Where can I look for more information?

**Before proceeding, you should read General Information for Self-Represented Litigants found at the beginning of these forms.** The words that are in **bold underline** in these instructions are defined there.

For further information, see the instructions for **Notice of Service of Standard Family Law Interrogatories**, Florida Family Law Rules of Procedure Form 12.930(a) and Florida Family Law Rules of Procedure 12.280, 12.285, 12.340, and 12.380.

## IMPORTANT INFORMATION REGARDING E-FILING

The Florida Rules of Judicial Administration now require that all petitions, pleadings, and documents be filed electronically except in certain circumstances. **Self-represented litigants may file petitions or other pleadings or documents electronically; however, they are not required to do so.** If you choose to file your pleadings or other documents electronically, you must do so in accordance with Florida Rule of Judicial Administration 2.525, and you must follow the procedures of the judicial circuit in which you file. The rules and procedures should be carefully read and followed.

## IMPORTANT INFORMATION REGARDING E-SERVICE ELECTION

After the initial service of process of the petition or supplemental petition by the Sheriff or certified process server, the Florida Rules of Judicial Administration now require that all documents required or permitted to be served on the other party must be served by electronic mail (e-mail) except in certain circumstances. **You must strictly comply with the format requirements set forth in the Florida Rules of Judicial Administration**. If you elect to participate in electronic service, which means serving or receiving pleadings by electronic mail (e-mail), or through the Florida Courts E-Filing Portal, you must review Florida Rule of Judicial Administration 2.516. You may find this rule at www.flcourts.org through the link to the Rules of Judicial Administration provided under either Family Law Forms: Getting Started, or Rules of Court in the A-Z Topical Index.

**SELF-REPRESENTED LITIGANTS MAY SERVE DOCUMENTS BY E-MAIL; HOWEVER, THEY ARE NOT REQUIRED TO DO SO.** If a self-represented litigant elects to serve and receive documents by email, the procedures must always be followed once the initial election is made.

To serve and receive documents by e-mail, you must designate your e-mail addresses by using the Designation of Current Mailing and E-mail Address, Florida Supreme Court Approved Family Law Form 12.915, and you must provide your e-mail address on each form on which your signature appears. Please **CAREFULLY** read the rules and instructions for: **Certificate of Service (General), Florida Supreme Court Approved Family Law Form 12.914; Designation of Current Mailing and E-mail Address**, Florida Supreme Court Approved Family Law Form 12.915; and Florida Rule of Judicial Administration 2.516.

Instructions for Florida Family Law Rules of Procedure Form 12.930(c), Standard Family Law Interrogatories for Modification Proceedings (11/20)

# Special notes. . .

In addition to the standard questions in this form, you may ask up to 10 additional questions. You should type or print legibly your additional questions on a separate sheet of paper and attach it to this form. If you want to ask more than 10 additional questions, you will need to get permission from the judge.

**You may want to inform the other party of the following information:** As a general rule, within **30 days** after service of interrogatories, the other party must answer the questions in writing and serve you with the answers. **Service** of the answers must be in accordance with Florida Rule of Judicial Administration 2.516. His or her answers may be written in the blank space provided after each separately numbered interrogatory. If sufficient space is not provided, the answering party may attach additional papers with the answers and refer to them in the space provided in the interrogatories. He or she should be sure to make a copy for him/herself. All answers to these questions are made under oath or affirmation as to their truthfulness. Each question must be answered separately and as completely as the available information permits. The answers to the interrogatories are to be provided to the requesting party. **DO NOT FILE THIS DOCUMENT WITH THE CLERK OF THE CIRCUIT COURT UNLESS THE ANSWERS ARE ADMITTED INTO EVIDENCE BY THE COURT AND ARE IN COMPLIANCE WITH THE REQUIREMENTS OF FLORIDA RULE OF JUDICIAL ADMINSTRATION 2.425.** The other party may object to a question by writing the legal reason for the objection in the space provided. He or she may also ask the court for a protective order granting him or her permission not to answer certain questions and protecting him or her from annoyance, embarrassment, apprehension, or undue burden or expense. If the other party fails to either answer or object to the questions within 30 days, he or she may be subject to court sanctions.

Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of **Disclosure from Nonlawyer**, Florida Family Law Rules of Procedure Form 12.900(a), before he or she helps you. A nonlawyer helping you fill out these forms also **must** put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.

Instructions for Florida Family Law Rules of Procedure Form 12.930(c), Standard Family Law Interrogatories for Modification Proceedings (11/20)

- 136 -

IN THE CIRCUIT COURT OF THE _____ JUDICIAL CIRCUIT,
IN AND FOR _____ COUNTY, FLORIDA

Case No.: _____
Division: _____

_____,
                Petitioner,

and

_____,
                Respondent.


# STANDARD FAMILY LAW INTERROGATORIES
# FOR MODIFICATION PROCEEDINGS

**TO BE COMPLETED BY THE PARTY SERVING THESE INTERROGATORIES** I am requesting that the following standard questions be answered: [check all that apply]

| ____1 | ____2 | ____3 | ____4 | ____5 | ____6 | ____7 |
|---|---|---|---|---|---|---|
| Background Information | Education | Employment | Assets | Liabilities | Miscellaneous | Long Form Affidavit |

In addition, I am requesting that the attached {#} _____ questions be answered.

The answers to the following questions are intended to supplement the information provided in the Financial Affidavits, Florida Family Law Rules of Procedure Form 12.902(b) or (c). You should answer the group of questions indicated in the above shaded box. The questions should be answered in the blank space provided below each separately numbered question. If sufficient space is not provided, you may attach additional papers with the answers and refer to them in the space provided in the interrogatories. You should be sure to make a copy for yourself. Each question must be answered separately and as completely as the available information permits. All answers are to be made under oath or affirmation as to their truthfulness.

**AFTER YOU ANSWER THE INTERROGATORIES, DO NOT FILE THIS DOCUMENT WITH THE CLERK OF THE COURT. ALL PERSONAL INFORMATION CONTAINED IN THE COURT FILE BECOMES PUBLIC RECORD. INSTEAD, SERVE THE ANSWERS TO THE INTERROGATORIES ON THE OTHER PARTY AND FILE FORM 12.930(d), NOTICE OF SERVICE OF ANSWERS TO INTERROGATORIES, WITH THE CLERK.**

I, {name of person answering interrogatories} _____,
being sworn, certify that the following information is true:

Florida Family Law Rules of Procedure Form 12.930(c), Standard Family Law Interrogatories for Modification Proceedings (11/20)

- 137 -

1.  **BACKGROUND INFORMATION:**
    a.  State your full legal name and any other name by which you have been known.
    b.  State your present residence and telephone numbers.

2.  **EDUCATION:**
    a.  List all business, commercial, and professional licenses that you have obtained since the entry of the Final Judgment sought to be modified.
    b.  List all of your education since the entry of the Final Judgment sought to be modified including, but not limited to, vocational or specialized training, including the following:
        (1)  name and address of each educational institution.
        (2)  dates of attendance.
        (3)  degrees or certificates obtained or anticipated dates of same.

3.  **EMPLOYMENT:**
    a.  For each place of your employment or self-employment since the entry of the Final Judgment sought to be modified, state the following:
        (1)  name, address, and telephone number of your employer.
        (2)  dates of employment.
        (3)  job title and brief description of job duties.
        (4)  starting and ending salaries.
        (5)  name of your direct supervisor.
        (6)  all benefits received, including, for example, health, life, and disability insurance; expense account; use of automobile or automobile expense reimbursement; reimbursement for travel, food, or lodging expenses; payment of dues in any clubs or associations; and pension or profit sharing plans.

    b.  Other than as an employee, if you have been engaged in or associated with any business, commercial, or professional activity since the entry of the Final Judgment sought to be modified that was not detailed above, state for each such activity the following:
        (1)  name, address, and telephone number of each activity.

Florida Family Law Rules of Procedure Form 12.930(c), Standard Family Law Interrogatories for Modification Proceedings (11/20)

- 138 -

(2) dates you were connected with such activity.

(3) position title and brief description of activities.

(4) starting and ending compensation.

(5) name of all persons involved in the business, commercial, or professional activity with you.

(6) all benefits and compensation received, including, for example, health, life, and disability insurance; expense account; use of automobile or automobile expense reimbursement; reimbursement for travel, food, or lodging expenses; payment of dues in any clubs or associations; and pension or profit sharing plans.

c. If you have been unemployed at any time since the entry of the Final Judgment sought to be modified, state the dates of unemployment. If you have not been employed at any time since the entry of the Final Judgment sought to be modified, give the information requested above in question 3.a for your last period of employment.

4. **ASSETS:**

a. **Real Estate.** State the street address, if any, and if not, the legal description of all real property that you own or owned during the last 3 years, or since the entry of the Final Judgment sought to be modified, if shorter. For each property, state the following:

(1) the names and addresses of any other persons or entities holding any interest and their percentage of interest.

(2) the present fair market value.

b. **Tangible Personal Property.** List all items of tangible personal property that are owned by you or in which you have had any interest during the last 3 years, or since the entry of the Final Judgment sought to be modified, if shorter, including, but not limited to, motor vehicles, tools, furniture, boats, jewelry, art objects or other collections, and collectibles whose fair market value exceeds $100. For each item, state the following:

(1) the percentage and type interest you hold.

(2) the names and addresses of any other persons or entities holding any interest.

(3) the present fair market value.

Florida Family Law Rules of Procedure Form 12.930(c), Standard Family Law Interrogatories for Modification Proceedings (11/20)

- 139 -

c. **Intangible Personal Property.** Other than the financial accounts (checking, savings, money market, credit union accounts, retirement accounts, or other such cash management accounts) listed in the answers to interrogatories 4.d and 4.e below, list all items of intangible personal property that are owned by you or in which you have had any ownership interest (including closed accounts) within the last 3 years, or since the entry of the Final Judgment sought to be modified, if shorter, including but not limited to, partnership and business interests (including good will), deferred compensation accounts unconnected with retirement, including but not limited to stock options, sick leave, and vacation pay, stocks, stock funds, mutual funds, bonds, bond funds, real estate investment trust, receivables, certificates of deposit, notes, mortgages, and debts owed to you by another entity or person. For each item, state the following:

(1) the percentage and type interest you hold.
(2) the names and addresses of any other persons or entities holding any interest and the names and addresses of the persons and entities who are indebted to you
(3) the present fair market value or the amounts you claim are owned by or owed to you, at the time of answering these interrogatories.

**You may comply with this interrogatory (4.c) by providing copies of all periodic (monthly, quarterly, semi-annual, or annual) account statements for each such account for the preceding 3 years, or since the entry of the Final Judgment sought to be modified, if shorter. DO NOT FILE THESE DOCUMENTS IN THE COURT FILE. However, if the date of acquisition, the purchase price and the market valuations are not clearly reflected in the periodic statements which are furnished, then these questions must be answered separately. You do not have to resubmit any periodic statements previously furnished under rule 12.285 (Mandatory Disclosure).**

d. **Retirement Accounts:** List all information regarding each retirement account/plan, including but not limited to defined benefit plans, 401k, 403B, IRA accounts, pension plans, Florida Retirement System plans (FRS), Federal Government plans, money purchase plans, HR10 (Keogh) plans, profit sharing plans, annuities, employee savings plans, etc. that you have established and/or that have been established for you by you, your employer, or any previous employer. For each account, state the following:

(1) the name and last 4 digits of the account number of each account/plan and where it is located.
(2) the type of account/plan.
(3) the name and address of the fiduciary plan administrator/service representative.
(4) the present fair market value of your interest in each account/plan.
(5) whether you are vested or not vested; and if vested, in what amount, as of a certain date and the schedule of future vesting.
(6) the date at which you became/become eligible to receive some funds in this account/plan.
(7) monthly benefits of the account/plan if no fair market value is ascertained.
(8) beneficiary(ies) and/or alternate payee(s).

Florida Family Law Rules of Procedure Form 12.930(c), Standard Family Law Interrogatories for Modification Proceedings (11/20)

- 140 -

e. **Financial Accounts.**  For all financial accounts (checking, savings, money market, credit union accounts, or other such cash management accounts) listed in your Financial Affidavit, in which you have had any legal or equitable interest, regardless of whether the interest is or was held in your own name individually, in your name with another person, or in any other name, give the following:
   (1) name and address of each institution.
   (2) name in which the account is or was maintained.
   (3)  last 4 digits of account numbers.
   (4) name of each person authorized to make withdrawals from the accounts.
   (5) highest balance within each of the preceding 3 years, or since the entry of the Final Judgment sought to be modified, if shorter.
   (6) lowest balance within each of the preceding 3 years, or since the entry of the Final Judgment sought to be modified, if shorter.

   **You may comply with this interrogatory (4.e) by providing copies of all periodic (monthly, quarterly, semi-annual, or annual) account statements for each such account for the preceding 3 years, or since the entry of the Final Judgment sought to be modified, if shorter.  DO NOT FILE THESE DOCUMENTS IN THE COURT FILE. You do not have to resubmit account statements previously furnished pursuant to rule 12.285 (Mandatory Disclosure).**

f. **Closed Financial Accounts.**  For all financial accounts (checking, savings, money market, credit union accounts, or other such cash management accounts) closed within the last 3 years, or since the entry of the Final Judgment sought to be modified, if shorter, in which you have had any legal or equitable interest, regardless of whether the interest is or was held in your own name individually, in your name with another person, or in any other name, give the following:
   (1) name and address of each institution.
   (2) name in which the account is or was maintained.
   (3)  last 4 digits of account numbers.
   (4) name of each person authorized to make withdrawals from the accounts.
   (5) date account was closed.

g. **Trust.**  For any interest in an estate, trust, insurance policy, or annuity, state the following:
   (1) If you are the beneficiary of any estate, trust, insurance policy, or annuity, give for each one the following:
      (a) identification of the estate, trust, insurance policy, or annuity.
      (b) the nature, amount, and frequency of any distributions of benefits.
      (c) the total value of the beneficiaries' interest in the benefit.
      (d) whether the benefit is vested or contingent.
   (2) If you have established any trust or are the trustee of a trust, state the following:
      (a) the date the trust was established.

Florida Family Law Rules of Procedure Form 12.930(c), Standard Family Law Interrogatories for Modification Proceedings (11/20)

- 141 -

(b) the names and addresses of the trustees.
(c) the names and addresses of the beneficiaries.
(d) the names and addresses of the persons or entities who possess the trust documents.
(e) each asset that is held in each trust, with its fair market value.

h. **Name of Accountant, Bookkeeper, or Records Keeper.** State the names, addresses, and telephone numbers of your accountant, bookkeeper, and any other persons who possess your financial records, and state which records each possesses.

5. **LIABILITIES:**

a. **Loans, Liabilities, Debts, and Other Obligations.** For all loans, liabilities, debts, and other obligations (other than credit cards and charge accounts) listed in your Financial Affidavit, indicate for each the following:
(1) name and address of the creditor.
(2) name in which the obligation is or was incurred.
(3) last 4 digits of loan or account number, if any.
(4) nature of the security, if any.
(5) payment schedule.
(6) present balance and current status of your payments.
(7) total amount of arrearage, if any.

**You may comply with this interrogatory (5.a) by providing copies of all periodic (monthly, quarterly, semi-annual, or annual) account statements for each such account for the preceding 3 years, or since the entry of the Final Judgment sought to be modified, if shorter. DO NOT FILE THESE DOCUMENTS IN THE COURT FILE. You do not have to resubmit account statements previously furnished under rule 12.285 (Mandatory Disclosure).**

b. **Credit Cards and Charge Accounts.** For all financial accounts (credit cards, charge accounts, or other such accounts) listed in your Financial Affidavit, in which you have had any legal or equitable interest, regardless of whether the interest is or was held in your own name individually, in your name with another person, or in any other name, give the following:
(1) name and address of the creditor.
(2) name in which the account is or was maintained.
(3) names of each person authorized to sign on the accounts.

Florida Family Law Rules of Procedure Form 12.930(c), Standard Family Law Interrogatories for Modification Proceedings (11/20)

- 142 -

(4) last 4 digits of account numbers.
(5) present balance and current status of your payments.
(6) total amount of arrearage, if any.
(7) highest and lowest balance within each of the preceding 3 years, or since the entry of the Final Judgment sought to be modified, if shorter.

**You may comply with this interrogatory (5.b) by providing copies of all periodic (monthly quarterly, semi-annual, or annual) account statements for each such account for the preceding 3 years, or since the entry of the Final Judgment sought to be modified, if shorter. DO NOT FILE THESE DOCUMENTS IN THE COURT FILE.  You do not have to resubmit account statements previously furnished under rule 12.285 (Mandatory Disclosure).**

c. **Closed Credit Cards and Charge Accounts.**  For all financial accounts (credit cards, charge accounts, or other such accounts) closed with no remaining balance, within the last 3 years, or since the entry of the Final Judgment sought to be modified, in which you have had any legal or equitable interest, regardless of whether the interest is or was held in your own name individually, in your name with another person, or in any other name, give the following:
(1) name and address of each creditor.
(2) name in which the account is or was maintained.
(3) last 4 digits of account numbers.
(4) name of each person authorized to sign on the accounts.
(5) date the balance was paid off.
(6) amount of final balance paid off.

**You may comply with this interrogatory (5.c) by providing copies of all periodic (monthly, quarterly, semi-annual, or annual) account statements for each such account for the preceding 3 years, or since the entry of the Final Judgment sought to be modified, if shorter.   DO NOT FILE THESE DOCUMENTS IN THE COURT FILE. You do not have to resubmit account statements previously furnished under rule 12.285 (Mandatory Disclosure).**

6. **MISCELLANEOUS:**
a. If you are claiming a diminished earning capacity since the entry of the Final Judgment sought to be modified as grounds to modify alimony or deviate from the child support established in your case, describe in detail how your earning capacity is lowered and state all facts upon which you rely in your claim.  If unemployed, state how, why, and when you lost your job.
b. If you are claiming a change in mental or physical condition since the entry of the Final Judgment sought to be modified as grounds to modify alimony or change the child support established in your case, describe in detail how your mental and/or physical

Florida Family Law Rules of Procedure Form 12.930(c), Standard Family Law Interrogatories for Modification Proceedings (11/20)

capacity has changed and state all facts on which you rely in your claim. Identify the change in your mental and/or physical capacity, and state the name and address of all health care providers involved in the treatment of this mental or physical condition.

c.  If you are requesting a change in shared or sole parental responsibility, ultimate decision-making, the time-sharing schedule, the parenting plan, or any combination thereof, for the minor child(ren), describe in detail the change in circumstances since the entry of the Final Judgment sought to be modified that you feel justify the requested change. State when the change of circumstances occurred, how the change or circumstances affects the child(ren), and why it is in the best interests of the child(ren) that the Court make the requested change. Attach your proposed parenting plan.

d.  If you do not feel the requested change in shared or sole parental responsibility, ultimate decision-making, the time-sharing schedule, the parenting plan, or any combination thereof, for the minor child(ren) is in their best interests, or if you feel there has not been a change in circumstances since the entry of the Final Judgment sought to be modified, describe in detail any facts since the entry of the Final Judgment sought to be modified that you feel justify the Court denying the requested change. State what requested change, if any, in shared or sole parenting responsibility, ultimate decision-making, the time-sharing schedule, or of the parenting plan is justified or agreeable to you and why it is in the best interests of the child(ren).

7.  **LONG FORM AFFIDAVIT:** If you filed the short form affidavit, Florida Family Law Rules of Procedure Form 12.902(b), and you were specifically requested in the Notice of Service of Standard Family Law Interrogatories to file the Long Form Affidavit, Form12.902(c), you must do so within the time to serve the answers to these interrogatories.

Florida Family Law Rules of Procedure Form 12.930(c), Standard Family Law Interrogatories for Modification Proceedings (11/20)

- 144 -

I certify that a copy of this document was [check **all used**]:  (   ) emailed   (   ) mailed (   ) faxed
(   ) hand delivered to the person(s) listed below on *{date}* _____ .


**Other party or his/her attorney:**
Name: _____
Address: _____
City, State, Zip: _____
Telephone Number: _____
Fax Number: _____
Email Address(es): _____


**Under penalties of perjury, I declare that I have read this document and the facts stated in it are true.**

Dated: _____

_____
Signature of Party
Printed Name: _____
Address: _____
City, State, Zip: _____
Telephone Number: _____
Fax Number: _____
Email Address(es): _____


**IF A NONLAWYER HELPED YOU FILL OUT THIS FORM, HE/SHE MUST FILL IN THE BLANKS BELOW:**
[fill in **all** blanks] This form was prepared for the: *{choose only **one**}* _____ Petitioner _____ Respondent
This form was completed with the assistance of:
*{name of individual}* _____,
*{name of business}* _____,
*{address}* _____,
*{city}* _____, *{state}* _____, *{zip code}* _____, *{telephone number}* _____.

Florida Family Law Rules of Procedure Form 12.930(c), Standard Family Law Interrogatories for Modification Proceedings (11/20)

- 145 -

# INSTRUCTIONS FOR FLORIDA FAMILY LAW RULES OF PROCEDURE
## FORM 12.932
## CERTIFICATE OF COMPLIANCE WITH MANDATORY DISCLOSURE
## (11/20)

### When should this form be used?

**Mandatory disclosure** requires each **party** in a family matter to provide the other party with certain financial information and documents. These documents must be served on the other party within 45 days of **service** of the initial petition or supplemental petition for modification on the **respondent**. The mandatory disclosure rule applies to all original and **supplemental** cases, except simplified dissolution of marriage cases and cases where the respondent is served by **constructive service** and does not answer. You should use this form to notify the court and the other party that you have complied with the mandatory disclosure rule.

**Each party must provide the other party with the documents listed in section 2 of this form if the relief being sought is permanent regardless of whether it is an initial or supplemental proceeding. ONLY THE COMPLETED FORM IS FILED WITH THE COURT. EXCEPT FOR THE FINANCIAL AFFIDAVIT AND CHILD SUPPORT GUIDELINES WORKSHEET, NO DOCUMENTS SHALL BE FILED IN THE COURT FILE WITHOUT A PRIOR COURT ORDER. THE DOCUMENTS LISTED ON THE FORM ARE TO BE GIVEN TO THE OTHER PARTY.** If your individual gross annual income is under $50,000, you should complete the **Family Law Financial Affidavit (Short Form)**, Florida Family Law Rules of Procedure Form 12.902(b). If your individual gross annual income is $50,000 or more, you should complete the **Family Law Financial Affidavit (Long Form)**, Florida Family Law Rules of Procedure Form 12.902(c).

In addition, there are separate mandatory disclosure requirements that apply to **temporary financial hearings**, which are listed in section 1 of this form. The party seeking temporary financial relief must serve these documents on the other party with the notice of temporary financial hearing. The responding party must serve the required documents on the party seeking temporary relief. Any documents that have already been served under the requirements for temporary or initial proceedings do not need to be reserved again in the same proceeding. If a supplemental petition is filed, seeking modification, then the mandatory disclosure requirements begin again.

You must state with specificity the documents that you are producing to the other party. References to account numbers and personal identifying information are governed by Florida Rule of Judicial Administration 2.425, which you should review prior to completing this form.

This form should be typed or printed in black ink. After completing this form, you should **file** this document with the **clerk of the circuit court** in the county where your case is filed and keep a copy for your records. A copy of this form must be served on any other party in your case. **Service** must be in accordance with Florida Rule of Judicial Administration 2.516.

Instructions for Florida Family Law Rules of Procedure Form 12.932, Certificate of Compliance with Mandatory Disclosure (11/20)

- 146 -

## What should I do next?

After you have provided the other party all of the financial information and documents and have filed this form certifying that you have complied with this rule, you are under a continuing duty to promptly give the other party any information or documents that change your financial status or that make the information already provided inaccurate. You should not file with the clerk any of the documents listed in the certificate of compliance other than the financial affidavit and the child support guidelines worksheet. Refer to the instructions regarding the **petition** in your case to determine how you should proceed after filing this form.

## Where can I look for more information?

**Before proceeding, you should read "General Information for Self-Represented Litigants" found at the beginning of these forms.** The words that are in **bold underline** in these instructions are defined there. For further information, see Florida Family Law Rule of Procedure 12.285.

### IMPORTANT INFORMATION REGARDING E-FILING

The Florida Rules of Judicial Administration now require that all petitions, pleadings, and documents be filed electronically except in certain circumstances. **Self-represented litigants may file petitions or other pleadings or documents electronically; however, they are not required to do so.** If you choose to file your pleadings or other documents electronically, you must do so in accordance with Florida Rule of Judicial Administration 2.525, and you must follow the procedures of the judicial circuit in which you file. The rules and procedures should be carefully read and followed.

### IMPORTANT INFORMATION REGARDING E-SERVICE ELECTION

After the initial service of process of the petition or supplemental petition by the Sheriff or certified process server, the Florida Rules of Judicial Administration now require that all documents required or permitted to be served on the other party must be served by electronic mail (e-mail) except in certain circumstances. **You must strictly comply with the format requirements set forth in the Florida Rules of Judicial Administration**. If you elect to participate in electronic service, which means serving or receiving pleadings by electronic mail (e-mail), or through the Florida Courts E-Filing Portal, you must review Florida Rule of Judicial Administration 2.516. You may find this rule at www.flcourts.org through the link to the Rules of Judicial Administration provided under either Family Law Forms: Getting Started, or Rules of Court in the A-Z Topical Index.

**SELF-REPRESENTED LITIGANTS MAY SERVE DOCUMENTS BY E-MAIL; HOWEVER, THEY ARE NOT REQUIRED TO DO SO.** If a self-represented litigant elects to serve and receive documents by email, the procedures must always be followed once the initial election is made.

To serve and receive documents by e-mail, you must designate your e-mail addresses by using the Designation of Current Mailing and E-mail Address, Florida Supreme Court Approved Family Law Form 12.915, and you must provide your e-mail address on each form on which your signature appears.

Instructions for Florida Family Law Rules of Procedure Form 12.932, Certificate of Compliance with Mandatory Disclosure (11/20)

- 147 -

Please **CAREFULLY** read the rules and instructions for: **Certificate of Service (General), Florida Supreme Court Approved Family Law Form 12.914; Designation of Current Mailing and E-mail Address**, Florida Supreme Court Approved Family Law Form 12.915; and Florida Rule of Judicial Administration 2.516.

## Special notes. . .

You may provide copies of required documents; however, the originals must be produced for inspection if the other party requests to see them.

Although the financial affidavits are based on individual gross income, either party may ask the other party to complete the **Family Law Financial Affidavit (Long Form),** Florida Family Law Rules of Procedure Form 12.902(c), by serving the appropriate interrogatory form. (See **Standard Family Law Interrogatories**, Florida Family Law Rules of Procedure Form 12.930(b) (original proceedings) or (c) (modification proceedings)).

Any portion of the mandatory disclosure rule may be modified by order of the **judge** or agreement of the parties. Therefore, you and the other party may agree that you will not require each other to produce the documents required under the mandatory disclosure rule. This exception does **not** apply to the **Financial Affidavit**, Family Law Rules of Procedure Form 12.902(b) or (c), which is required in all cases and cannot be waived.

Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of a **Disclosure from Nonlawyer**, Florida Family Law Rules of Procedure Form 12.900(a), before he or she helps you. A nonlawyer helping you fill out these forms also **must** put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.

Instructions for Florida Family Law Rules of Procedure Form 12.932, Certificate of Compliance with Mandatory Disclosure (11/20)

- 148 -

IN THE CIRCUIT COURT OF THE _____ JUDICIAL CIRCUIT,
IN AND FOR _____ COUNTY, FLORIDA

Case No.:_____
Division: _____

_____,
Petitioner,

and

_____,
Respondent.

## CERTIFICATE OF COMPLIANCE WITH MANDATORY DISCLOSURE

### ONLY THE COMPLETED FORM IS FILED WITH THE COURT. EXCEPT FOR THE FINANCIAL AFFIDAVIT AND CHILD SUPPORT GUIDELINES WORKSHEET, <u>NO DOCUMENTS SHALL BE FILED IN THE COURT FILE WITHOUT A PRIOR COURT ORDER.</u> THE DOCUMENTS LISTED BELOW ARE TO BE GIVEN TO THE OTHER PARTY.

I, *{full legal name}* _____, certify that I have complied with the mandatory disclosure required by Florida Family Law Rule 12.285 as follows:

1. **FOR TEMPORARY FINANCIAL RELIEF, ONLY:**
The date the following documents were served: _____.
[Check **all** that apply. State with specificity the documents being produced; if sufficient space is not provided, you may attach additional papers with this form and refer to them in the space provided.]

    a. _____ Financial Affidavit
        _____ Florida Family Law Rules of Procedure Form 12.902(b) (short form)
        _____ Florida Family Law Rules of Procedure Form 12.902(c) (long form)

    b. _____ All complete federal and state personal income tax, gift tax, and foreign tax returns for the past 3 years; including all attachments, including IRS forms W-2, 1099, and K-1, and all accompanying schedules and worksheets comprising the entire tax return; **or**
        _____ Transcript of tax return as provided by IRS form 4506-T; **or**
        _____ IRS forms W-2, 1099, and K-1 for the past year because the income tax return for the past year has not been prepared; and for any of the prior 2 years beyond the past year if tax returns for any of those years have not been filed.

    c._____ Pay stubs or other evidence of earned income for the 6 months before the compliance with the disclosure requirements for temporary relief. The following are produced:
        _____

_____
_____
_____.

**2.** **FOR INITIAL, SUPPLEMENTAL, AND PERMANENT FINANCIAL RELIEF:**
The date the following documents were served: _____.
[Check **all** that apply. State with specificity the documents being produced; if sufficient space is not provided, you may attach additional papers with this form and refer to them in the space provided.]

a. _____ Financial Affidavit
_____ Florida Family Law Rules of Procedure Form 12.902(b) (short form)
_____Florida Family Law Rules of Procedure Form 12.902(c) (long form)

b. _____ All complete federal and state personal income tax, gift tax, and foreign tax returns, for the past 3 years; including all attachments, including IRS forms W-2, 1099, and K-1, and all accompanying schedules and worksheets comprising the entire tax return;
_____ Transcript of the tax return as provided by IRS form 4506-T; **or**
_____ IRS forms W-2, 1099, and K-1 for the past year because the income tax return for the past year has not been prepared; and for any of the prior 2 years beyond the past year if tax returns for any of those years have not been filed.

c. _____ Pay stubs or other evidence of earned income for the 6 months before the compliance with these disclosure requirements for initial or supplemental proceedings. The following are produced: _____
_____
_____.

d. _____ A statement identifying the source and amount of all income for the 6 months before the compliance with these disclosure requirements for initial or supplemental proceedings, if not reflected on the pay stubs produced. The following are produced: _____
_____
_____.

e. _____ All loan applications, financial statements, credit reports, or any other form of financial disclosure, including financial aid forms, prepared for any purpose or used for any purpose within the 24 months preceding the compliance with these disclosure requirements for initial or supplemental proceedings. The following are produced: _____
_____
_____.

f. _____ All deeds to real estate in which I presently own or owned an interest within the past 3 years. All promissory notes or other documents evidencing money owed to me or my spouse at any time within the last 24 months. All leases, whether in my name individually, in my name jointly with any other person or entity, in my name as trustee or guardian for a party or a minor or adult dependent child of both parties, or in someone else's name on my behalf wherein either party (A) is receiving or has received payments at any time within the last 3 years, or (B) owns or owned an interest. The following are produced: _____

Florida Family Law Rules of Procedure Form 12.932, Certificate of Compliance with Mandatory Disclosure (11/20)

_____
_____
_____.

g. _____ All periodic statements for the last 12 months for all checking accounts and for the last year for all savings accounts, money market funds, certificates of deposit, etc., whether in my name individually, in my name jointly with any other person or entity, in my name as trustee or guardian for a party or a minor or adult dependent child of both parties, or in someone else's name on my behalf; and for all accounts that have check-writing privileges, copies of canceled checks and registers, whether written or electronically maintained. The following are produced: _____
_____
_____
_____.

h. _____ All brokerage account statements for the last 12 months, in either party's name individually or jointly with any person or entity, or as a trustee or guardian for a party or a minor or adult dependent child of both parties, or in someone else's name on my behalf; and for all accounts that have check-writing privileges, copies of canceled checks and registers, whether written or electronically maintained. The following are produced: _____
_____
_____
_____.

i. _____ Most recent statement and statements for the past 12 months for any pension, profit sharing, deferred compensation, or retirement plan (for example, IRA, 401(k), 403(b), SEP, KEOGH, etc.) and summary plan description for any such plan in which I am a participant or an alternate payee receiving payments. The following are produced: _____
_____
_____
_____.

j. _____ Most recent statement and statements for the past 12 months for any virtual currency transactions in which either party participated within the last 12 months or holds an interest in, either individually, jointly with any other person or entity, as trustee or guardian for a party or minor or adult dependent child of both parties, or in someone else's name on my behalf, and a listing of all current holdings of virtual currency. The following are produced: _____
_____
_____
_____.

k. _____ The declaration page, the last periodic statement, statements for the past 12 months and the certificate for any group insurance for all life insurance policies insuring my life or the life of my spouse. The following are produced:
_____
_____
_____
_____.

Florida Family Law Rules of Procedure Form 12.932, Certificate of Compliance with Mandatory Disclosure (11/20)

l. _____ All health and dental insurance cards covering either me or my spouse and/or our dependent child(ren). The following are produced: _____
_____
_____.

m. _____ Corporate, partnership, and trust tax returns for the last 3 tax years, in which I have an ownership or interest. The following are produced: _____
_____
_____.

n. _____ All credit card and charge account statements and other records showing my (our) indebtedness as of the date of the filing of this action and for the prior 24 months preceding compliance with these disclosure requirements for initial or supplemental proceedings. All promissory notes on which I presently owe or owned within the past 24 months, whether paid or not. All lease agreements I presently owe, either in my name individually, jointly with any other person or entity, in my name as trustee or guardian for a party or a minor or adult dependent child of both parties, or in someone else's name on my behalf. The following are produced: _____
_____
_____.

o. _____ All premarital and marital agreements between the parties to this case, and all affidavits and declaration of non-paternity or judgments of disestablishment of paternity for any minor or dependent children born or conceived during the marriage. The following are produced: _____
_____
_____.

p. _____ If a modification proceeding, all written agreements entered into between the parties at any time since the order to be modified was entered. The following are produced: _____
_____
_____.

q. _____ All documents relating to claims for an unequal distribution of marital property, enhancement or appreciation in nonmarital property, or nonmarital status of an asset or debt. The following are produced: _____
_____
_____.

r. _____ Any court order directing that I pay or receive spousal support (alimony) or child support. The following are produced: _____
_____
_____.

I certify that a copy of this document was [**check all used**]:  (   ) e-mailed (   ) mailed
(   ) faxed (   ) hand delivered to the person(s) listed below on *{date}*_____.

**Other party or his/her attorney:**
Name: _____
Address: _____
City, State, Zip: _____
Telephone Number : _____
Fax Number: _____
E-mail Address(es): _____


**Under penalties of perjury, I declare that I have read this document and the facts stated in it are true.**

Dated: _____

_____
Signature of Party
Printed Name: _____
Address: _____
City, State, Zip: _____
Telephone Number: _____
Fax Number: _____
E-mail Address(es): _____


**IF A NONLAWYER HELPED YOU FILL OUT THIS FORM, HE/SHE MUST FILL IN THE BLANKS BELOW:**
[fill in **all** blanks] This form was prepared for the: *{choose only **one**}* _____ Petitioner _____ Respondent
This form was completed with the assistance of:
*{name of individual}* _____,
*{name of business}* _____,
*{address}* _____,
*{city}* _____, *{state}* _____, *{zip code}* _____, *{telephone number}* _____.

# INSTRUCTIONS FOR FLORIDA FAMILY LAW RULES OF PROCEDURE FORM 12.975(a)
# PETITION FOR GRANDPARENT VISITATION WITH MINOR CHILD(REN) (11/20)

## When should this form be used?

This form should be used when a grandparent is filing for visitation rights as provided in Section 752.011, Florida Statutes. You may file a petition for grandparent visitation with minor child(ren) in Florida if **one** of the following is true:

- One or both of the minor child(ren)'s parents died;
- One or both of the minor child(ren)'s parents are missing;
- One or both of the minor child(ren)'s parents are in a persistent vegetative state; or a combination of these three situations.

If only one of the minor child(ren)'s parents qualifies in one of the three categories above, the other parent must have been convicted of a felony **or an offense of violence evincing behavior that poses a substantial threat of harm to the minor child's health or welfare**.

This petition should be typed or printed in black ink.

## What should I do next?

After completing this form, you should **file** this form with the **clerk of the circuit court** in the county where you live and keep a copy for your records.

You must file Florida Supreme Court Approved Family Law Form 12.902(d), **Uniform Child Custody Jurisdiction and Enforcement Affidavit**.

You must pay the appropriate **filing fees** to the clerk of the circuit court. If you or you and your spouse cannot afford to pay the filing fees, you may fill out **an Application for Determination of Civil Indigent Status**, and file it with your petition for Grandparent Visitation with Minor Child(ren). You may obtain this form from the clerk and he or she will determine whether you are eligible to have filing fees waived.

Either you or the clerk of court will need to complete a **Family Court Cover Sheet**, Florida Family Law Rules of Procedure Form 12.928. The clerk's office can provide this form.

For your case to proceed, you must properly notify the parents of the minor child(ren) unless they have died. If either or both parents have died, you must file a certified copy of the death certificate.

If you know where either or both parents live, you should use **personal service**.

If the basis of your petition is that one or both parents are missing, you must file an affidavit of diligent search with regard to that parent(s) to demonstrate to the court that one or both are in fact missing. See Florida Family Law Rules of Procedure Form 12.913(b).

Instructions for Florida Family Law Rules of Procedure Form 12.975(a), Petition for Grandparent Visitation with Minor Child(ren) (11/20)

- 154 -

If you absolutely do not know where one or both parents live, you may also use constructive service. You may also be able to use constructive service if one or both parents reside in another state or country. For more information on constructive service, see **Notice of Action for Family Cases with Minor Child(ren),** Florida Supreme Court Approved Family Law Form 12.913(a)(2), and **Affidavit of Diligent Search and Inquiry**, Florida Family Law Rules of Procedure Form 12.913(b).

The parents will have 20 days to answer your petition after being served with your petition. Your case will then generally proceed in one of the following three ways:

> **DEFAULT**. If after 20 days, none of the parties have filed an answer or any other document, you may file a **Motion for Default**, Florida Supreme Court Approved Family Law Form 12.922(a), with the clerk of court. Then, if you have filed all of the required papers, depending on your jurisdiction, you may call the clerk, family law intake staff, or the judicial assistant to set a final hearing. You must notify the parents of the hearing by using a **Notice of Final Hearing (General)**, Florida Supreme Court Approved Family Law Form 12.923, or other appropriate notice of hearing form.

> **UNCONTESTED**. If all parties file an answer that agrees with everything in your petition, depending on your jurisdiction, you may call the clerk, family law intake staff, or judicial assistant to schedule a final hearing. You must notify the other party of the hearing by using a **Notice of Final Hearing (General),** Florida Supreme Court Approved Family Law Form 12.923, or other appropriate notice of hearing form.

> **CONTESTED**. If any of the parties file an answer, which disagrees with or denies anything in your petition, and you are unable to settle the disputed issues, you should file a **Notice for Trial**, Florida Supreme Court Approved Family Law Form 12.924.

Unless the reason for filing the petition is that both parents have died, some circuits may require the completion of **mediation** before a final hearing may be scheduled. Depending on your jurisdiction, you should contact the clerk, family law intake staff, or judicial assistant for instructions on how to set your case for trial (final hearing) and to inquire if mediation is required before a final hearing.

You must obtain a date and time for any court appearance, including the final hearing, from the clerk of court, family law intake staff or judicial assistant. On that date of the hearing, all petitioners **must appear before a judge**. If required by your jurisdiction, you should bring an **Order On Grandparent's Petition for Visitation with Minor Child(ren),** Florida Family Law Rules of Procedure Form 12.975(b), with you to the hearing.

**If you fail to complete this procedure, the court may dismiss the case.**

## Where can I look for more information?

**Before proceeding, you should read "General Information for Self-Represented Litigants" found at the beginning of these forms.** The words that are in "**bold underline**" in these instructions are defined there. For further information, see chapter 752, Florida Statutes, and Florida Family Law Rules of Procedure Rule 12.105.

Instructions for Florida Family Law Rules of Procedure Form 12.975(a), Petition for Grandparent Visitation with Minor Child(ren) (11/20)

- 155 -

## IMPORTANT INFORMATION REGARDING E-FILING

The Florida Rules of Judicial Administration now require that all petitions, pleadings, and documents be filed electronically except in certain circumstances. **Self-represented litigants may file petitions or other pleadings or documents electronically; however, they are not required to do so.** If you choose to file your pleadings or other documents electronically, you must do so in accordance with Florida Rule of Judicial Administration 2.525, and you must follow the procedures of the judicial circuit in which you file. The rules and procedures should be carefully read and followed.

## IMPORTANT INFORMATION REGARDING E-SERVICE ELECTION

After the initial service of process of the petition or supplemental petition by the Sheriff or certified process server, the Florida Rules of Judicial Administration now require that all documents required or permitted to be served on the other party must be served by electronic mail (e-mail) except in certain circumstances. **You must strictly comply with the format requirements set forth in the Florida Rules of Judicial Administration**. If you elect to participate in electronic service, which means serving or receiving pleadings by electronic mail (e-mail), or through the Florida Courts E-Filing Portal, you must review Florida Rule of Judicial Administration 2.516. You may find this rule at www.flcourts.org through the link to the Rules of Judicial Administration provided under either Family Law Forms: Getting Started, or Rules of Court in the A-Z Topical Index.

**SELF-REPRESENTED LITIGANTS MAY SERVE DOCUMENTS BY E-MAIL; HOWEVER, THEY ARE NOT REQUIRED TO DO SO.** If a self-represented litigant elects to serve and receive documents by email, the procedures must always be followed once the initial election is made.

To serve and receive documents by e-mail, you must designate your e-mail addresses by using the Designation of Current Mailing and E-mail Address, Florida Supreme Court Approved Family Law Form 12.915, and you must provide your e-mail address on each form on which your signature appears. Please **CAREFULLY** read the rules and instructions for: **Certificate of Service (General), Florida Supreme Court Approved Family Law Form 12.914; Designation of Current Mailing and E-mail Address**, Florida Supreme Court Approved Family Law Form 12.915; and Florida Rule of Judicial Administration 2.516.

## Special notes. . .

Remember, a person who is NOT an attorney is called a nonlawyer. if a nonlawyer helps you fill out these forms, that person must give you a copy of a **Disclosure from Nonlawyer**, Florida Family Law Rules of Procedure Form 12.900(a), before he or she helps you. A nonlawyer helping you fill out these forms also must put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.

Instructions for Florida Family Law Rules of Procedure Form 12.975(a), Petition for Grandparent Visitation with Minor Child(ren) (11/20)

- 156 -

IN THE CIRCUIT COURT OF THE _____ JUDICIAL CIRCUIT,
IN AND FOR _____ COUNTY, FLORIDA

In Re:

Case No.: _____

Division: _____

_____,
Petitioner,

and

_____,
Respondent(s).


# PETITION FOR GRANDPARENT VISITATION WITH MINOR CHILD(REN)


The Petitioner(s), _____, files this Petition for Grandparent Visitation Rights pursuant to section 752.011, Florida Statutes, and states as follows:

1. Action for Grandparent Visitation Rights: This is an action for Grandparent Visitation Rights pursuant to section 752.011, Florida Statutes.

2. Children: Petitioner(s), _____ is (are) the grandparent(s) [or great-grandparent(s)] of the following minor children subject to this action: [Please use initials for each of the minor children]

**Name**                                           **Birth date**

_____
_____
_____
_____
_____
_____

3. Parents: The parents of the children are as follows:

Parent Name              Date of Birth        Last Known Address

_____

_____


Florida Family Law Rules of Procedure Form 12.975(a), Petition for Grandparent Visitation with Minor Child(ren) (11/20)

- 157 -

4. Petitioner's current address is: *{street address, city, state, zip code}* _____

_____

5. Petitioner's relationship to the minor child(ren) is: _____

_____

6. Petitioner's relationship to any of the parents listed in paragraph 3 above is as follows:

_____

7. A completed Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA) Affidavit, Florida Supreme Court Approved Family Law Form 12.902(d), is filed with this petition.

8. The minor child(ren) subject to this action has (have) a parent who is one of the following:

[**Select one**]

a. _____ Deceased. Name of Deceased Parent *{name}* _____
and Date of Death *{date}* _____.

b. _____ Missing. Name of Missing Parent *{name}* _____
and last known address _____
and date of last known address: _____.

c. _____ in a persistent vegetative state since *{date}* _____
pursuant to section 752.001, Florida Statutes.

If the minor child(ren) has/have one parent who is not deceased, missing, or in a persistent vegetative state: [**Select One**]

d. _____ parent who has been convicted of a felony. For each felony, please provide the following: type of felony, county, state, court case number, and date of conviction:

_____
_____
_____
_____.

e. _____ parent who has been convicted of an offense of violence that poses a substantial threat of har to the minor child(ren)'s health or welfare pursuant to section 752.011, Florida Statutes. For each offense, please provide the following: the offense, county, state, and date of conviction: _____

_____
_____
_____.

9. The parent of the minor child(ren) is unfit or poses significant harm to the child because:

_____
_____
_____
_____.

10. Visitation: Based on the forgoing, Petitioner(s) request(s) reasonable visitation with the minor child(ren) as follows: _____

_____
_____
_____.

11. Explain why this visitation with Petitioner(s) is in the best interests of the child(ren):

_____
_____
_____
_____.

12. Visitation will not materially harm the parent-child relationship because: _____

_____
_____
_____
_____.

13. _____ Petitioner(s) has (have) not filed an original action requesting visitation with the minor child(ren) within the preceding two (2) years.

**OR**

_____ Petitioner(s) has (have) filed an original action requesting visitation with the minor child(ren) within the preceding two (2) years and good cause exists for this Petition because the minor child(ren) is suffering or may suffer significant and demonstrable mental or emotional harm caused by a parental decision to deny visitation with Petitioner(s) that was not known to Petitioner(s) at the time of filing of the earlier action.

WHEREFORE, Petitioner(s) respectfully request(s) that the Court grant the following relief:

A. Take jurisdiction over the subject matter and the parties and find that venue is proper;

B. Find that Petitioner(s) is (are) the grandparent(s) [or great-grandparent(s)] of minor child(ren) subject to this action;

C. Find that both parents of the minor child(ren) are deceased, missing, or in a permanent vegetative state, or one parent is deceased, missing, or in a persistent vegetative state and the other parent is unfit or poses significant harm to the child;

D. Appoint a Guardian ad Litem to represent the interests of the minor child(ren);

E. Enter an order referring this matter to family mediation as provided in section 752.015, Florida Statutes;

F. Establish a visitation schedule granting Petitioner(s) frequent and liberal time-sharing with the minor child(ren); and

G. Grant such other and further relief as the Court deems appropriate under the circumstances to protect the rights and interests of the minor child(ren).

**Under penalties of perjury, I declare that I have read this document and the facts stated in it are true.**

Dated: _____

_____

Signature of Party

Printed Name: _____

Address: _____

City, State, Zip: _____

Telephone Number: _____

Fax Number: _____

Email Address(es): _____

**IF A NONLAWYER HELPED YOU FILL OUT THIS FORM, HE/SHE MUST FILL IN THE BLANKS BELOW:**

[fill in **all** blanks] This form was prepared for the: *{choose only **one**}* _____ Petitioner _____ Respondent

This form was completed with the assistance of:

*{name of individual}* _____,

*{name of business}* _____,

*{address}* _____,

*{city}* _____, *{state}* ____, *{zip code}* _____, *{telephone number}* _____.

IN THE CIRCUIT COURT OF THE _____ JUDICIAL CIRCUIT,
IN AND FOR _____ COUNTY, FLORIDA

In Re:

Case No.: _____
Division: _____

_____,
                    Petitioner,

and

_____,
                    Respondent(s).


# ORDER ON GRANDPARENT'S PETITION FOR VISITATION WITH MINOR CHILD(REN)

**THIS ACTION**, having come to be heard upon the Petition for Grandparent Visitation with Minor Child(ren) filed by _____, and the Final Hearing on the Petition pursuant to section 752.011, Florida Statutes, and the Court having reviewed the file and received evidence, makes the following findings of facts and conclusions of law:

1. The Petitioner(s) is/are the maternal/paternal grandparent(s) of the following minor child(ren):

| Name | Birth date |
|------|------------|
| _____ | _____ |
| _____ | _____ |
| _____ | _____ |
| _____ | _____ |
| _____ | _____ |
| _____ | _____ |

2. The Court has jurisdiction over the subject matter of the Petition, over the minor child(ren), and the parties.
*{Choose **all** that apply}*

a. The minor child(ren)'s mother is:

_____Deceased

_____Missing

_____ In a persistent vegetative state

_____Has been convicted of a felony or an offense of violence evincing behavior that poses a substantial threat of harm to the minor child's health or welfare.

Florida Family Law Rules of Procedure Form 12.975(b), Order on Grandparent's Petition for Visitation with Minor Child(ren) (11/20)

b. The minor child(ren)'s father is:

     _____ Deceased

     _____ Missing

     _____ In a persistent vegetative state

     _____ Has been convicted of a felony or an offense of violence evincing behavior that poses a substantial threat of harm to the minor child's health or welfare

3. Based on the testimony and the evidence presented, this Court finds by clear and convincing evidence that a parent _____is _____is not (or both parents are) unfit or that there _____is _____is not significant harm to the child(ren), that visitation with the Petitioner/Grandparent(s) _____is _____is not in the best interest of the minor child(ren), and that the visitation _____will _____ will not materially harm the parent-child relationship.

4. Other: _____
_____
_____
_____.

Based on the foregoing, it is **ORDERED AND ADJUDGED:**

a. That the Petition for Grandparent Visitation is hereby _____ DENIED _____ GRANTED

b. *{Choose **ONE** that applies}*

_____ Effective _____, the Petitioner is awarded reasonable visitation rights with the minor child(ren) who are his/her grandchild(ren) named above as follows:
_____
_____
_____.
Said visitation shall continue until further court order.

_____ **No** visitation is ordered.

c. *{Choose **ONE** that applies}*

_____ The Guardian ad Litem is hereby discharged

_____ No Guardian ad Litem was appointed

d. This Order for grandparent visitation may be modified upon a showing by the person petitioning for modification that a substantial change in circumstances has occurred and that modification of the grandparent visitation is in the best interest of the minor child(ren).

Florida Family Law Rules of Procedure Form 12.975(b), Order on Grandparent's Petition for Visitation with Minor Child(ren) (11/20)

- 162 -

e. Other: _____

_____
_____
_____.

f. This Court reserves jurisdiction to enforce this Order and enter such other orders as it may deem just and proper.

DONE AND ORDERED in Chambers, *{city}* _____, *{county}*_____, Florida, this _____ day of _____, 20_____.

_____
CIRCUIT JUDGE

Copies Furnished:
Petitioner (or his or her attorney)
Respondent (or his or her attorney)

Florida Family Law Rules of Procedure Form 12.975(b), Order on Grandparent's Petition for Visitation with Minor Child(ren) (11/20)

- 163 -

# INSTRUCTIONS FOR FLORIDA FAMILY LAW RULES OF PROCEDURE FORM 12.984(b) RESPONSE BY PARENTING COORDINATOR (11/20)

## When should this form be used?

A person appointed as a parenting coordinator must accept or decline the appointment under Florida Family Law Rule of Procedure 12.742(e). If you accept the appointment, you must complete paragraphs 1(a) and 2 and sign it. If you decline the appointment, you must complete only paragraph 1(b) and sign the form. This form should be typed or printed in black ink.

## Important Consideration Before Responding.

A Qualified Parenting Coordinator or other licensed mental health professional under Chapter 490 or 491, Florida Statutes, shall abide by the ethical and other professional standards imposed by his or her licensing authority, certification board, or both, as applicable.

A person who is not a Qualified Parenting Coordinator or a licensed mental health professional under Chapter 490 or 491, Florida Statutes, shall not accept an appointment to serve as parenting coordinator in a matter that presents an apparent or undisclosed conflict of interest. A conflict of interest arises when any relationship between the parenting coordinator and either party compromises or appears to compromise the parenting coordinator's ability to serve. The burden of disclosure of any potential conflict of interest rests on the parenting coordinator. Disclosure shall be made as soon as practical after the parenting coordinator becomes aware of the potential conflict of interest. If a parenting coordinator makes an appropriate disclosure of a conflict of interest or a potential conflict of interest, he or she may serve if all parties agree. However, if a conflict of interest substantially impairs a parenting coordinator's ability to serve, the parenting coordinator shall decline the appointment or withdraw regardless of the express agreement of the parties.

A parenting coordinator shall not provide any services to either party that would impair the parenting coordinator's ability to be neutral.

## What should I do next?

After completing and signing this form, you must file this document with the clerk of the circuit court in the county in which the action is pending and keep a copy for your records.

You must mail, e-mail, or hand-deliver a copy of this form to the attorney(s) for the parents or, if not represented by an attorney, to the parents.

## Where can I look for more information?

**Before proceeding, you should read "General Information for Self-Represented Litigants" found at the beginning of these forms.** For more information, see section 61.125; Florida Statutes, Florida Family Law Rule of Procedure 12.742, Rules for Qualified and Court Appointed Parenting

Coordinators and the **Order of Referral to Parenting Coordinator**, Florida Family Law Rules of Procedure Form 12.984(a).

## IMPORTANT INFORMATION REGARDING E-FILING

The Florida Rules of Judicial Administration now require that all petitions, pleadings, and documents be filed electronically except in certain circumstances. **Self-represented litigants may file petitions or other pleadings or documents electronically; however, they are not required to do so.** If you choose to file your pleadings or other documents electronically, you must do so in accordance with Florida Rule of Judicial Administration 2.525, and you must follow the procedures of the judicial circuit in which you file. The rules and procedures should be carefully read and followed.

## IMPORTANT INFORMATION REGARDING E-SERVICE ELECTION

After the initial service of process of the petition or supplemental petition by the Sheriff or certified process server, the Florida Rules of Judicial Administration now require that all documents required or permitted to be served on the other party must be served by electronic mail (e-mail) except in certain circumstances. **You must strictly comply with the format requirements set forth in the Florida Rules of Judicial Administration**. If you elect to participate in electronic service, which means serving or receiving pleadings by electronic mail (e-mail), or through the Florida Courts E-Filing Portal, you must review Florida Rule of Judicial Administration 2.516. You may find this rule at www.flcourts.org through the link to the Rules of Judicial Administration provided under either Family Law Forms: Getting Started, or Rules of Court in the A-Z Topical Index.

**SELF-REPRESENTED LITIGANTS MAY SERVE DOCUMENTS BY E-MAIL; HOWEVER, THEY ARE NOT REQUIRED TO DO SO.** If a self-represented litigant elects to serve and receive documents by email, the procedures must always be followed once the initial election is made.

To serve and receive documents by e-mail, you must designate your e-mail addresses by using the Designation of Current Mailing and E-mail Address, Florida Supreme Court Approved Family Law Form 12.915, and you must provide your e-mail address on each form on which your signature appears. Please **CAREFULLY** read the rules and instructions for: **Certificate of Service (General), Florida Supreme Court Approved Family Law Form 12.914; Designation of Current Mailing and E-mail Address**, Florida Supreme Court Approved Family Law Form 12.915; and Florida Rule of Judicial Administration 2.516.

## Special notes. . .

Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of **Disclosure from Nonlawyer**, Florida Family

Law Rules of Procedure Form 12.900(a), before he or she helps you. A nonlawyer helping you fill out these forms also must put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.

IN THE CIRCUIT COURT OF THE _____ JUDICIAL CIRCUIT,
IN AND FOR _____ COUNTY, FLORIDA

Case No: _____
Division: _____

_____,
                    Petitioner,
            and

_____,
                    Respondent.

# RESPONSE BY PARENTING COORDINATOR

I, *{name}*_____notify the Court and affirm the following:

1. Acceptance.
   [Choose only **one**]
   a. _____ I accept the appointment as parenting coordinator.

   b. _____ I decline the appointment as parenting coordinator.

2. Qualifications.
   [Choose only **one**]
   a. _____ I meet the qualifications in section 61.125(4), Florida Statutes.

   b. _____ I do not meet the qualifications in section 61.125(4), Florida Statutes. However, the parties have chosen me by mutual consent and I believe I can perform the services of a parenting coordinator because: _____
   _____
   _____

3. I am not aware of any conflict, circumstance, or reason that renders me unable to serve as the parenting coordinator in this matter and I will immediately inform the court and the parties if such arises.

4. I understand my role, responsibility, and authority under the Order of Referral to Parenting Coordinator, Florida Family Law Rules of Procedure Form 12.984(a); section 61.125, Florida Statutes; Florida Family Law Rule of Procedure 12.742; and Rules for Qualified and Court Appointed Parenting Coordinators.

**I hereby affirm the truth of the statements in this acceptance and understand that if I make any false representations in this acceptance, I am subject to sanctions by the Court.**


_____        _____
Date        Signature of Parenting Coordinator
        Printed Name:_____
        Address: _____
        City, State, Zip: _____
        Telephone Number: _____
        E-mail: _____
        Professional License # (if applicable) _____
        Professional Certification # (if applicable) _____


I certify that a copy of this document was [**check all used**] to the person(s) listed below on *{date}* _____.

\_\_\_\_\_Petitioner \_\_\_\_\_ e-mailed \_\_\_\_\_ mailed \_\_\_\_\_ faxed \_\_\_\_\_ hand-delivered

\_\_\_\_\_Attorney for Petitioner \_\_\_\_\_ e-mailed \_\_\_\_\_ mailed \_\_\_\_\_ faxed \_\_\_\_\_ hand-delivered

\_\_\_\_\_Respondent \_\_\_\_\_ e-mailed \_\_\_\_\_ mailed \_\_\_\_\_ faxed \_\_\_\_\_ hand-delivered

\_\_\_\_\_Attorney for Respondent \_\_\_\_\_ e-mailed \_\_\_\_\_ mailed \_\_\_\_\_ faxed \_\_\_\_\_ hand-delivered

\_\_\_\_\_Other: _____ \_\_\_\_\_ e-mailed \_\_\_\_\_ mailed \_\_\_\_\_ faxed \_\_\_\_\_ hand-delivered


_____
Title


**IF A NONLAWYER HELPED YOU FILL OUT THIS FORM, HE/SHE MUST FILL IN THE BLANKS BELOW:**
[fill in **all** blanks] This form was completed with the assistance of:
*{name of individual}* _____,
*{name of business}*_____,
*{address}* _____,
*{city}* _____,*{state}* \_\_\_\_,*{zip code}* _____, *{telephone number}* _____.

# INSTRUCTIONS FOR FLORIDA FAMILY LAW RULES OF PROCEDURE FORM 12.984(c) PARENTING COORDINATOR REPORT OF AN EMERGENCY (11/20)

## When should this form be used?

A person appointed as a parenting coordinator must immediately inform the court of an emergency situation pursuant to section 61.125(8), Florida Statutes. This form is used by the parenting coordinator to report an emergency with or without notice to the parties. It is critical to differentiate whether notice to the parties is required under the facts of any emergency.

*Report With Notice.* A parenting coordinator, upon information and belief, must immediately inform the court by affidavit or verified report of an emergency in which a party obtains a final order or injunction of protection against domestic violence or is arrested for an act of domestic violence as provided under chapter 741, Florida Statutes

*Report Without Notice.* A parenting coordinator must immediately inform the court by affidavit or verified report of an emergency situation if:

1. There is a reasonable cause to suspect that a child will suffer or is suffering abuse, neglect, or abandonment as provided under chapter 39, Florida Statutes;

2. There is a reasonable cause to suspect a vulnerable adult has been or is being abused, neglected, or exploited as provided under chapter 415, Florida Statutes;

3. A party, or someone acting on a party's behalf, is expected to wrongfully remove or is wrongfully removing the child from the jurisdiction of the court without prior court approval or compliance with the requirements of section 61.13001, Florida Statutes. If the parenting coordinator suspects that the parent has relocated within the state to avoid domestic violence, the coordinator may not disclose the location of the parent and child unless required by court order.

This form should be typed or printed in black ink.

## What should I do next?

After completing and signing this form, you must file this document with the clerk of the circuit court in the county in which the action is pending, provide a copy to the presiding judge, and keep a copy for your records.

*Report With Notice.* If notice to the parties is required under section 61.125(8)(b), Florida Statutes, you must also mail or hand deliver a copy of this form to attorney(s) for the parents or, if not represented by an attorney, to the parents.

*Report Without Notice.* If notice to the parties is not required, you must mail or hand-deliver a copy of this form to the Judge presiding over the case.

## Where can I look for more information?

**Before proceeding, you should read "General Information for Self-Represented Litigants" found**

Instructions for Florida Family Law Rules of Procedure Form 12.984(c), Parenting Coordinator Report of an Emergency (11/20)

- 169 -

**at the beginning of these forms.** For more information, see section 61.125, Florida Statutes; Florida Family Law Rule of Procedure 12.742; Rules for Qualified and Court Appointed Parenting Coordinators; and the **Order of Referral to Parenting Coordinator**, Florida Family Law Rules of Procedure Form 12.984(a).

## IMPORTANT INFORMATION REGARDING E-FILING

The Florida Rules of Judicial Administration now require that all petitions, pleadings, and documents be filed electronically except in certain circumstances. **Self-represented litigants may file petitions or other pleadings or documents electronically; however, they are not required to do so.** If you choose to file your pleadings or other documents electronically, you must do so in accordance with Florida Rule of Judicial Administration 2.525, and you must follow the procedures of the judicial circuit in which you file. The rules and procedures should be carefully read and followed.

## IMPORTANT INFORMATION REGARDING E-SERVICE ELECTION

After the initial service of process of the petition or supplemental petition by the Sheriff or certified process server, the Florida Rules of Judicial Administration now require that all documents required or permitted to be served on the other party must be served by electronic mail (e-mail) except in certain circumstances. **You must strictly comply with the format requirements set forth in the Florida Rules of Judicial Administration**. If you elect to participate in electronic service, which means serving or receiving pleadings by electronic mail (e-mail), or through the Florida Courts E-Filing Portal, you must review Florida Rule of Judicial Administration 2.516. You may find this rule at www.flcourts.org through the link to the Rules of Judicial Administration provided under either Family Law Forms: Getting Started, or Rules of Court in the A-Z Topical Index.

**SELF-REPRESENTED LITIGANTS MAY SERVE DOCUMENTS BY E-MAIL; HOWEVER, THEY ARE NOT REQUIRED TO DO SO.** If a self-represented litigant elects to serve and receive documents by email, the procedures must always be followed once the initial election is made.

To serve and receive documents by e-mail, you must designate your e-mail addresses by using the Designation of Current Mailing and E-mail Address, Florida Supreme Court Approved Family Law Form 12.915, and you must provide your e-mail address on each form on which your signature appears. Please **CAREFULLY** read the rules and instructions for: **Certificate of Service (General), Florida Supreme Court Approved Family Law Form 12.914; Designation of Current Mailing and E-mail Address**, Florida Supreme Court Approved Family Law Form 12.915; and Florida Rule of Judicial Administration 2.516.

## Special notes. . .

Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of a **Disclosure from Nonlawyer**, Florida Family Law Rules of Procedure Form 12.900(a), before he or she helps you. A nonlawyer helping you fill out these forms also must put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.

Instructions for Florida Family Law Rules of Procedure Form 12.984(c), Parenting Coordinator Report of an Emergency (11/20)

- 170 -

IN THE CIRCUIT COURT OF THE _____ JUDICIAL CIRCUIT,
IN AND FOR _____ COUNTY, FLORIDA

Case No: _____
Division: _____

_____,
           Petitioner,
    and

_____,
          Respondent.

# PARENTING COORDINATOR REPORT OF AN EMERGENCY

The undersigned parenting coordinator reports an emergency to the court:

1. _____ With notice to the parties.  A party has obtained a final order or injunction of protection against domestic violence or has been arrested for an act of domestic violence as provided under chapter 741, F.S.

2. _____ Without notice to the parties pursuant to section 61.125 (8)(a), Florida Statutes, because: (choose all that apply)

    a. _____ There is a reasonable cause to suspect that a child will suffer or is suffering abuse, neglect, or abandonment as provided under chapter 39, Florida Statutes.

    b. _____ There is a reasonable cause to suspect a vulnerable adult has or is being abused, neglected, or exploited as provided under chapter 415, Florida Statutes.

    c. _____ A party, or someone acting on a party's behalf, is expected to wrongfully remove or is wrongfully removing the child from the jurisdiction of the court without prior approval or compliance with the requirements of section 61.13001, Florida Statutes.

3. Describe the emergency: _____

_____

_____.

### VERIFICATION BY PARENTING COORDINATOR

I, _____ (name of parenting coordinator) do hereby

swear or affirm that the facts contained in this Parenting Coordinator Report of an Emergency are true

and correct to the best of my knowledge and belief.


_____         _____
Date                                            Signature of Parenting Coordinator
                                                Printed Name: _____
                                                Address: _____
                                                City, State, Zip: _____
                                                Telephone Number:  _____
                                                E-mail: _____
                                                Professional License # (if applicable)  _____
                                                Professional Certification # (if applicable) _____

STATE OF FLORIDA
COUNTY OF _____

Sworn to or affirmed and signed before me on _____ by _____.


                                                _____
                                                NOTARY PUBLIC or DEPUTY CLERK


                                                _____
                                                [Print, type, or stamp commissioned name of notary or
                                                 deputy clerk.]


_____ Personally known
_____ Produced identification
        Type of identification produced _____

I certify that a copy of this document was [**check all used**] to the persons listed below on
*{date}* _____.

\_\_\_\_\_Presiding Judge \_\_\_\_\_ e-mailed \_\_\_\_\_ mailed \_\_\_\_\_ faxed \_\_\_\_\_ hand-delivered

\_\_\_\_\_Petitioner \_\_\_\_\_ e-mailed \_\_\_\_\_ mailed \_\_\_\_\_ faxed \_\_\_\_\_ hand-delivered

\_\_\_\_\_ Attorney for Petitioner  \_\_\_\_\_ e-mailed \_\_\_\_\_ mailed \_\_\_\_\_ faxed \_\_\_\_\_ hand-delivered

\_\_\_\_\_ Respondent \_\_\_\_\_ e-mailed \_\_\_\_\_ mailed \_\_\_\_\_ faxed \_\_\_\_\_ hand-delivered

\_\_\_\_\_ Attorney for Respondent \_\_\_\_\_ e-mailed \_\_\_\_\_ mailed \_\_\_\_\_ faxed \_\_\_\_\_ hand-delivered

\_\_\_\_\_ Other: _____ \_\_\_\_\_ e-mailed \_\_\_\_\_ mailed \_\_\_\_\_ faxed \_\_\_\_\_ hand-delivered


                                                _____
                                                Title

**IF A NONLAWYER HELPED YOU FILL OUT THIS FORM, HE/SHE MUST FILL IN THE BLANKS BELOW:**
[fill in **all** blanks] This form was completed with the assistance of:
*{name of individual}* _____,
*{name of business}* _____,
*{address}* _____,
*{city}* _____,*{state}* _____,*{zip code}* _____, *{telephone number}* _____.

Florida Family Law Rules of Procedure Form 12.984(c), Parenting Coordinator Report of an Emergency (11/20)

# INSTRUCTIONS FOR FLORIDA FAMILY LAW RULES OF PROCEDURE
## FORM 12.996(b)
## NOTICE TO PAYOR
## (11/20)

### When should this form be used?

This form should be used when an **Income Deduction Order** has been entered by the Court which is to take effect immediately.

This form should be typed or printed in black ink. After completing this form, you should file this document with the **clerk of the circuit court** in the county in which the action is pending. You should keep a copy for your own records.

### What should I do next?

A copy of this form, and a copy of the Income Deduction Order, must be sent to the **obligor's** payor by certified mail, return receipt requested. The return receipt should be sent to the person that prepared this form so that it can filed with the clerk along with Florida Family Law Rules of Procedure Form 12.996(c), **Notice of Filing Return Receipt**.

A copy of this form must also be served on the other party or his or her attorney. Service must be in accordance with Florida Rule of Judicial Administration 2.516.

### Where can I look for more information?

**Before proceeding, you should read "General Information for Self-Represented Litigants" found at the beginning of these forms.** The words that are in **"bold underline"** in these instructions are defined there. For further information, see section 61.1301, Florida Statutes.

### IMPORTANT INFORMATION REGARDING E-FILING

The Florida Rules of Judicial Administration now require that all petitions, pleadings, and documents be filed electronically except in certain circumstances. **Self-represented litigants may file petitions or other pleadings or documents electronically; however, they are not required to do so.** If you choose to file your pleadings or other documents electronically, you must do so in accordance with Florida Rule of Judicial Administration 2.525, and you must follow the procedures of the judicial circuit in which you file. The rules and procedures should be carefully read and followed.

### IMPORTANT INFORMATION REGARDING E-SERVICE ELECTION

After the initial service of process of the petition or supplemental petition by the Sheriff or certified process server, the Florida Rules of Judicial Administration now require that all documents required or

Instructions for Florida Family Law Rules of Procedure Form 12.996(b), Notice to Payor (11/20)

permitted to be served on the other party must be served by electronic mail (e-mail) except in certain circumstances. **You must strictly comply with the format requirements set forth in the Florida Rules of Judicial Administration**. If you elect to participate in electronic service, which means serving or receiving pleadings by electronic mail (e-mail), or through the Florida Courts E-Filing Portal, you must review Florida Rule of Judicial Administration 2.516. You may find this rule at www.flcourts.org through the link to the Rules of Judicial Administration provided under either Family Law Forms: Getting Started, or Rules of Court in the A-Z Topical Index.

**SELF-REPRESENTED LITIGANTS MAY SERVE DOCUMENTS BY E-MAIL; HOWEVER, THEY ARE NOT REQUIRED TO DO SO.** If a self-represented litigant elects to serve and receive documents by email, the procedures must always be followed once the initial election is made.

To serve and receive documents by e-mail, you must designate your e-mail addresses by using the Designation of Current Mailing and E-mail Address, Florida Supreme Court Approved Family Law Form 12.915, and you must provide your e-mail address on each form on which your signature appears. Please **CAREFULLY** read the rules and instructions for: **Certificate of Service (General), Florida Supreme Court Approved Family Law Form 12.914; Designation of Current Mailing and E-mail Address**, Florida Supreme Court Approved Family Law Form 12.915; and Florida Rule of Judicial Administration 2.516.

# Special Instructions. . .

The Obligor's Social Security Number must be written on the copies of the Notice to Payor that are mailed to the Obligor's Payor and served on the other party or his or her attorney. The Social Security Number should **NOT** be written on the copy of the Notice to Payor filed with the court.

Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of a **Disclosure from Nonlawyer**, Florida Family Law Rules of Procedure Form 12.900(a), before he or she helps you. A nonlawyer helping you fill out these forms also **must** put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.

IN THE CIRCUIT COURT OF THE _____ JUDICIAL CIRCUIT,
IN AND FOR _____ COUNTY, FLORIDA

Case No.: _____
Division: _____

_____,
Petitioner,

and

_____,
Respondent.

# NOTICE TO PAYOR

TO:
Name of Obligor's Payor:_____
Payor's Address: _____
_____

RE:          **Obligor**                                          **Obligee**
Name:    _____            _____
Address: _____            _____
_____            _____

**Obligor's Social Security Number: _____.**
**NOTE: The Obligor's Social Security Number should be placed on the copy of the Notice to Payor that is mailed to the Obligor's Payor. This line should be left blank on the original Notice to Payor filed with the court.**

**YOU, THE PAYOR, ARE HEREBY NOTIFIED** that, under section 61.1301, Florida Statutes, you have the responsibilities and rights set forth below with regard to the accompanying Income Deduction Order and/or any attachment(s):

1. You are required to deduct from the obligor's income the amount specified in the income deduction order, and in the case of a delinquency the amount specified in the notice of delinquency, and to pay that amount to the State of Florida Disbursement Unit. The amount actually deducted plus all administrative charges shall not be excess of the amount allowed under s. 303(b) of the Consumer Credit Protection Act, 15 U.S.C. §1673(b) as amended.

2. You must implement income deduction no later than the first payment date which occurs more than 14 days after the date the income deduction order was served on you, and you shall conform the amount specified in the income deduction order or, in Title IV-D cases, income deduction notice to the obligor's pay cycle. The court should request at the time of the order that the payment cycle will reflect that of the obligor.

3. You must forward, within 2 days after each date the obligor is entitled to payment from you, to the State of Florida Disbursement Unit, the amount deducted from the obligor's income, a statement as

Florida Family Law Rules of Procedure Form 12.996(b), Notice to Payor (11/20)

to whether the amount totally or partially satisfies the periodic amount specified in the income deduction order, or in Title IV-D cases, income deduction notice, and the specific date each deduction is made. If the IV-D agency is enforcing the order, you shall make these notifications to the agency.

4. If you fail to deduct the proper amount from the obligor's income, you are liable for the amount you should have deducted, plus costs, interest, and reasonable attorneys' fees;

5. You may collect up to $5 against the obligor's income to reimburse you for administrative costs for the first income deduction and up to $2 for each deduction thereafter.

6. The notice to payor, or, in Title IV-D cases, income deduction notice, and in the case of a delinquency, the notice of delinquency, are binding on you until further notice by the obligee, IV-D agency, or the court or until you no longer provide income to the obligor.

7. When you no longer provide income to the obligor, you shall notify the obligee and provide the obligor's last known address and the name and address of the obligor's new payor, if known. If you violate this provision, you are subject to a civil penalty not to exceed $250 for the first violation or $500 for any subsequent violation. If the IV-D agency is enforcing the order, you shall make these notifications to the agency instead of the obligee. Penalties shall be paid to the obligee or the IV-D agency, whichever is enforcing the income deduction order.

8. You shall not discharge, refuse to employ, or take disciplinary action against an obligor because of the requirement for income deduction. A violation of this provision subjects you to a civil penalty not to exceed $250 for the first violation or $500 for any subsequent violation. Penalties shall be paid to the obligee or the IV-D agency, whichever is enforcing the income deduction, if any alimony or child support obligation is owing. If no alimony or child support obligation is owing, the penalty shall be paid to the obligor.

9. The obligor may bring a civil action in the courts of this state against a payor who refuses to employ, discharges, or otherwise disciplines an obligor because of income deduction. The obligor is entitled to reinstatement of all wages and benefits lost, plus reasonable attorneys' fees and costs incurred.

10. The requirement for income deduction has priority over all other legal processes under state law pertaining to the same income and that payment, as required by the notice to payor or the income deduction notice, is a complete defense by the payor against any claims of the obligor or his or her creditors as to the sum paid.

11. When you receive notices to payor or income deduction notices requiring that the income of two or more obligors be deducted and sent to the same depository, the payor may combine the amounts that are to be paid to the depository in a single payment as long as the payments attributable to each obligor are clearly identified.

12. If you receive more than one notice to payor or income deduction notice against the same obligor, the payor shall contact the court or, in Title IV-D cases, the Title IV-D agency for further instructions.

13. In a Title IV-D case, if an obligation to pay current support is reduced or terminated due to the emancipation of a child and the obligor owes an arrearage, retroactive support, delinquency, or costs,

Florida Family Law Rules of Procedure Form 12.996(b), Notice to Payor (11/20)

income deduction continues at the rate in effect immediately prior to emancipation until all arrearages, retroactive support, delinquencies, and costs are paid in full or until the amount of withholding is modified.

14. All notices to the obligee shall be sent to the address provided in this notice to payor, or any place thereafter the obligee requests in writing.

15. An employer who employed 10 or more employees in any quarter during the preceding state fiscal year or who was subject to and paid tax to the Department of Revenue in an amount of $20,000 or more shall remit support payments deducted pursuant to an income deduction order or income deduction notice and provide associated case data to the State Disbursement Unit by electronic means approved by the department. Payors who are required to remit support payments electronically can find more information on how to do so by accessing the State Disbursement Unit's website https://fl.smartchildsupport.com/. Payment options include Expert Pay, Automated Clearing House (ACH) credit through your financial institution, www.myfloridacounty.com, or Western Union. Payors may contact the SDU Customer Service Employer telephone line at 1-877-769-0251.

16. Additional information regarding the implementation of this Notice to Payor may be found at https://fl.smartchildsupport.com/ .

**I certify that a copy of this document was [check all used]: \_\_\_\_\_ emailed \_\_\_\_\_ mailed \_\_\_\_\_ faxed \_\_\_\_\_ hand delivered to the person(s) listed below on *{date}* _____.**

**Other party or his/her attorney:**
Name: _____
Address: _____
City, State, Zip: _____
Telephone Number: _____
Fax Number: _____
Email Address(es): _____

_____
Signature of Party or his/her attorney
Printed Name: _____
Address: _____
City, State, Zip: _____
Telephone Number: _____
Fax Number: _____
E-Mail Address(es): _____
Florida Bar Number: _____

**IF A NONLAWYER HELPED YOU FILL OUT THIS FORM, HE/SHE MUST FILL IN THE BLANKS BELOW:**
[fill in **all** blanks] This form was prepared for the *{choose only **one**}* \_\_\_\_\_Petitioner \_\_\_\_\_ Respondent
This form was completed with the assistance of:
*{name of individual}*_____,
*{name of business}* _____,
*{address}*_____,
*{city}* _____, *{state}* _____, *{zip code}* _____, *{telephone number}* _____.
Florida Family Law Rules of Procedure Form 12.996(b), Notice to Payor (11/20)

# INSTRUCTIONS FOR FLORIDA FAMILY LAW RULES OF PROCEDURE
## FORM 12.996(c)
## NOTICE OF FILING RETURN RECEIPT (11/20)

## When should this form be used?

This form should be used when an **Income Deduction Order**, Florida Family Law Rules of Procedure Form 12.996(a), is entered by the court and a **Notice to Payor**, Florida Family Law Rules of Procedure Form 12.996(b), has been sent by certified mail to the **obligor's payor**. When the post office returns the return receipt to you showing that the obligor's payor has received the **Notice to Payor**, you should type or print this form in black ink. After completing this form, you should sign it and attach the return receipt you received from the post office. This form (and the attached return receipt) should be **filed** with the **clerk of the circuit court** in the county in which the action is pending. You should keep a copy for your own records.

## What should I do next?

A copy of this form must also be served on the other party or his or her attorney. **Service** must be in accordance with Florida Rule of Judicial Administration 2.516.

## Where can I look for more information?

**Before proceeding, you should read "General Information for Self-Represented Litigants" found at the beginning of these forms.** The words that are in **"bold underline"** in these instructions are defined there. For further information, see section 61.1301, Florida Statutes.

## IMPORTANT INFORMATION REGARDING E-FILING

The Florida Rules of Judicial Administration now require that all petitions, pleadings, and documents be filed electronically except in certain circumstances. **Self-represented litigants may file petitions or other pleadings or documents electronically; however, they are not required to do so.** If you choose to file your pleadings or other documents electronically, you must do so in accordance with Florida Rule of Judicial Administration 2.525, and you must follow the procedures of the judicial circuit in which you file. The rules and procedures should be carefully read and followed.

## IMPORTANT INFORMATION REGARDING E-SERVICE ELECTION

After the initial service of process of the petition or supplemental petition by the Sheriff or certified process server, the Florida Rules of Judicial Administration now require that all documents required or permitted to be served on the other party must be served by electronic mail (e-mail) except in certain circumstances. **You must strictly comply with the format requirements set forth in the Florida Rules of Judicial Administration**. If you elect to participate in electronic service, which means serving or receiving pleadings by electronic mail (e-mail), or through the Florida Courts E-Filing Portal, you must review Florida Rule of Judicial Administration 2.516. You may find this rule at www.flcourts.org through the link to the Rules of Judicial

Administration provided under either Family Law Forms: Getting Started, or Rules of Court in the A-Z Topical Index.

**SELF-REPRESENTED LITIGANTS MAY SERVE DOCUMENTS BY E-MAIL; HOWEVER, THEY ARE NOT REQUIRED TO DO SO.** If a self-represented litigant elects to serve and receive documents by email, the procedures must always be followed once the initial election is made.

To serve and receive documents by e-mail, you must designate your e-mail addresses by using the Designation of Current Mailing and E-mail Address, Florida Supreme Court Approved Family Law Form 12.915, and you must provide your e-mail address on each form on which your signature appears. Please **CAREFULLY** read the rules and instructions for: **Certificate of Service (General),** Florida Supreme Court Approved Family Law Form 12.914**; Designation of Current Mailing and E-mail Address**, Florida Supreme Court Approved Family Law Form 12.915; and Florida Rule of Judicial Administration 2.516.

# Special notes. . .

Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of a **Disclosure from Nonlawyer**, Florida Family Law Rules of Procedure Form 12.900(a), before he or she helps you. A nonlawyer helping you fill out these forms also **must** put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.

IN THE CIRCUIT COURT OF THE _____ JUDICIAL CIRCUIT,
IN AND FOR _____ COUNTY, FLORIDA

Case No: _____
Division: _____

_____,
Petitioner,
and

_____,
Respondent.


## NOTICE OF FILING RETURN RECEIPT

*{Name}* _____ , the [**check only one**] (    )Petitioner (    )Respondent, files the attached Return Receipt in reference to the Notice to Payor sent by certified mail to *{Payor's name}* _____**,** the [**check only one**] (    ) Petitioner's (    ) Respondent's employer.

**I certify that a copy of this document was [check all used]: (    ) emailed (    ) mailed (    ) faxed (    ) hand delivered to the persons(s) listed below on *{date}* _____.**

**Other party or his/her attorney:**
Name: _____
Address: _____
City, State, Zip: _____
Telephone Number: _____
Fax Number: _____
Email Address(es): _____

_____
Signature of Party or his/her Attorney

Printed Name: _____
Address: _____
City, State, Zip: _____
Telephone Number: _____
Fax Number: _____
Email Address(es): _____
Florida Bar Number: _____

Florida Family Law Rules of Procedure Form 12.996(c), Notice of Filing Return Receipt (11/20)

**IF A NONLAWYER HELPED YOU FILL OUT THIS FORM**, **HE/SHE MUST FILL IN THE BLANKS BELOW:** [fill in **all** blanks] This form was prepared for the: *{choose only **one**}*

_____ Petitioner _____ Respondent

This form was completed with the assistance of:

*{name of individual}* _____,

*{name of business}* _____,

*{address}* _____,

*{city}* _____, *{state}* _____, *{zip code}* _____, *{telephone number}* _____.

Florida Family Law Rules of Procedure Form 12.996(c), Notice of Filing Return Receipt (11/20)